1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Acting Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  MICHAEL J. QUINN, State Bar No. 209542
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
7    Telephone:  (415) 703-5726
     Fax:  (415) 703-5843
8    Email:  Michael.Quinn@doj.ca.gov

9  Attorneys for Defendants Horel, Yax, Barnts, Puente,
   Carrier, Barneburg, Castellaw, Ruff, and Silva

10

11

12                    IN THE UNITED STATES DISTRICT COURT

13                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  | | |
|---|---|
| **MANUEL ZARATE,** | Case No. _____ |
| Plaintiff, | (Del Norte County Superior Court, Case No. CVUJ 07-1532) |
| **v.** | |
| **J. TILTON, et al.,** | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (FEDERAL QUESTION)** |
| Defendants. | |

20

21  TO THE CLERK OF THE DISTRICT COURT AND TO PLAINTIFF MANUEL ZARATE:

22       PLEASE TAKE NOTICE that Defendants Horel, Yax, Barnts, Puente, Carrier, Barneburg,

23  Castellaw, Ruff, and Silva (Defendants) remove to this Court the state court action described

24  below:

25       1.    On November 2, 2007, an action was commenced in the Superior Court of the State of

26  California, County of Del Norte, titled *Manuel Zarate v. James Tilton, et al.*, Case No. CVUJ 07-

27  1532.  In the Complaint, Manuel Zarate (Plaintiff) alleges violations of the First, Eighth, and

28  Fourteenth Amendments to the U.S. Constitution.  (Compl. ¶ 55.)  Among other things, Plaintiff

1    challenges his indeterminate SHU placement on the grounds that the information relied upon to

2    re-validate him as an associate in the Mexican Mafia does not comply with the *Castillo v.*

3    *Alameida* settlement. (*Id.* ¶ 55.) He also challenges, on First Amendment grounds, the Pelican

4    Bay property restrictions that led to the confiscation of a *Maxim* magazine. (*Id.* ¶ 56.)

5        2.    Defendants Horel, Yax, Barnts, Puente, Carrier, Barneburg, and Castellaw have not

6    been properly served with a copy of the Summons and Complaint. California Code of Civil

7    Procedure section 415.20 provides that under certain circumstances, service is authorized by first

8    delivering copies of the summons and complaint to someone other than defendant at the

9    defendant's place of business, and then mailing additional copies of the summons and complaint

10   to the defendant at the place where the copies were left. (Cal. Civ. Proc. Code § 415.20 (West

11   2008).) In this case, the Del Norte County Sheriff delivered a copy of the summons and

12   complaint to the Litigation Coordinator at Pelican Bay State Prison[1] on June 10, 2008. However,

13   because the sheriff did not mail copies of the summons and complaint to the prison after

14   delivering them in person, the requirements for substituted service under section 415.20 have not

15   been satisfied.

16       Nevertheless, although substituted service has not been achieved in this case, Defendants

17   Horel, Yax, Barnts, Puente, Carrier, Barneburg, and Castellaw waive proper service in order to

18   allow for screening of the Complaint to occur under 28 U.S.C. § 1915A.[2] Service may be

19   deemed effectuated as of the date of Defendants' voluntary general appearance before this Court.

20       3.    This action is a civil action within the original jurisdiction of this Court under 28

21   U.S.C. § 1331, and may be removed to this Court by Defendants under the provisions of 28

22   U.S.C. § 1441(b) because it alleges federal constitutional claims. The Supreme Court has held

23   that for removal to be proper a federal element in a claim must be "basic" as opposed to

24   "collateral," and "necessary" as opposed to "merely possible." *Gully v. First National Bank*, 299

25

26

---

27       1. The Litigation Coordinator at Pelican Bay State Prison is not an authorized agent for service of process.

28       2. Defendants Silva and Ruff were properly served and also join in this removal.

1  U.S. 109, 118 (1936). Courts have instructed that the federal element in the claim should be

2  "pivotal," or "substantial," as opposed to merely "incidental," and "direct and essential" as

3  opposed to "attenuated," or "paramount" as opposed to "collateral." *Hunter v. United Van Lines*,

4  746 F.2d 635, 646 (9th Cir. 1984). Here, whether Plaintiff's First, Eighth, and Fourteenth

5  Amendment rights have been violated by Pelican Bay officials are basic elements of his claim,

6  and is direct and essential to the resolution of the claim.

7      4.    Under 28 U.S.C. § 1446(a), attached is the state court file in this case, as served on

8  Defendants:

9          a.    Exhibit A:     Complaint, filed November 2, 2007.

10         Dated: August 13, 2008

11                              Respectfully submitted,

12                              EDMUND G. BROWN JR.
                                Attorney General of the State of California

13                              DAVID S. CHANEY
                                Chief Assistant Attorney General

14
                                ROCHELLE C. EAST
15                              Acting Senior Assistant Attorney General

16                              JONATHAN L. WOLFF
                                Supervising Deputy Attorney General

17

18                              MICHAEL J. QUINN
19                              Deputy Attorney General
                                Attorneys for Defendants Horel, Yax, Barnts, Puente, Carrier,
20                              Barneburg, Castellaw, Ruff, and Silva

21

22  20126066.wpd
    SF2008200266
23

24

25

26

27

28

Notice of Removal                                              M. Zarate v. Tilton, et al.

3

**EXHIBIT A**
**Part 1 of 4**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | **Robert Horel, Warden** |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
MANUEL ZARATE  C-70553
P.O. BOX 7500  C2-205
CRESCENT CITY, CA  95532

TELEPHONE NO.: _____  FAX NO.: _____
ATTORNEY FOR *(Name):*  MANUEL ZARATE  PRO PER

**RECEIVED**

NOV - 2 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  DEL NORTE
STREET ADDRESS:  450 H STREET
MAILING ADDRESS:  "
CITY AND ZIP CODE:  CRESCENT CITY, CA  95531
BRANCH NAME:

CASE NAME:  MANUEL ZARATE VS. J. TILTON, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CVUJ07-1532 |
| | | JUDGE: |
| | | DEPT.: |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☒ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☒ Other petition *(not specified above)* (43)
42 U.S.C. § 1983 CIVIL RIGHTS

2. This case ☒ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☒ Substantial amount of documentary evidence
   d. ☒ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive

4. Number of causes of action *(specify):*  ELEVEN, SEE ATTACHED PARAGRAPHS 41~57

5. This case ☐ is  ☒ is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  10/22/07

MANUEL ZARATE                          ▶            Manuel Zarate
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California | Martin Dean's | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 3.220, 3.400-3.403; Standards of Judicial Administration, § 19 |
|---|---|---|---|

| | |
|---|---|
| **SUMMONS**<br>*(CITACION JUDICIAL)* | SUM-100<br>FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO)* :
~~JAMES TILTON, DIRECTOR; ROBERT HOREL, WARDEN~~
~~SEE ADDITIONAL PARTIES ATTACHMENT~~

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE)* :
~~MANUEL ZARATE   C76553~~

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*:   ~~DEL NORTE SUPERIOR COURT~~<br>~~450 H STREET~~<br>~~CRESCENT CITY, CA  95531~~ | CASE NUMBER:<br>*(Número del Caso)*:  ~~CVUJ07-1532~~ |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:

| | | | |
|---|---|---|---|
| DATE:  ~~NOV - 2 2007~~<br>*(Fecha)* | Sandra Linderman  Clerk, by<br>*(Secretario)* | **P.J. Smith** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☐ on behalf of *(specify)* :
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☒ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

[SEAL] SUPERIOR COURT OF CALIFORNIA EUREKA COUNTY OF DEL NORTE

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Monvel _____ V. J. Tilton et. al. | CVUJ 07~1532 |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party):

☐ Plaintiff    ☒ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

DEFENDANT D. SILVA  SGT. OCS-FRESNO
DEFENDANT D. BARUEBURG  SGT. I.G.I. UNIT
DEFENDANT J. PUENTE  S.S.U.


PUTATIVE DEFENDANT M.D. CASTELLAW (A.W)
PUTATIVE DEFENDANT S.L. KAYS  (A.W.)
PUTATIVE DEFENDANT P.I. SMITH  (A.W.)
PUTATIVE DEFENDANT M. YAX  CAPT.
PUTATIVE DEFENDANT R. PIMENTEL  CAPT.
PUTATIVE DEFENDANT J. BURLESON  3RD LEVEL APPEAL REVIEWER
PUTATIVE DEFENDANT P. CARRIER  O.S.S.
PUTATIVE DEFENDANT M. RUFF  O.C.S.
PUTATIVE DEFENDANT W. BARNTS  C.C.I.

Page ___1___ of ___1___

## ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

THOMSON
*
WEST

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| MANUEL ZARATE C75553 P.O. BOX 7500 COZ-205 CRESCENT CITY, CA. 95532 TELEPHONE NO.:     FAX NO. *(Optional)*: E-MAIL ADDRESS *(Optional)*: ATTORNEY FOR *(Name)*: MANUEL ZARATE IN PRO PER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
STREET ADDRESS: 450 H STREET
MAILING ADDRESS:
CITY AND ZIP CODE: CRESCENT CITY, CA. 95532
BRANCH NAME:

| PLAINTIFF/PETITIONER: MANUEL ZARATE | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JAMES TILTON, DIR.; ROBERT HOREL, WARDEN; SEE ADDITIONAL PARTIES ATTACHMENT FORM | |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: |
|---|---|

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents)* :

3. a. Party served *(specify name of party as shown on documents served)*: WARDEN ROBERT HOREL

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served: PELICAN BAY STATE PRISON 5905 LAKE EARL DRIVE P.O. BOX 7000 CRESCENT CITY, CA. 95531

5. I served the party *(check proper box)*
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)* :     (2) at *(time)* :
   b. ☐ by substituted service. On *(date)* :     at *(time)* :     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

       (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

       (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

       (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

       (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)* :     from *(city)*:     or ☐ a declaration of mailing is attached.

       (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
Martin Dean's ESSENTIAL FORMS™
**PROOF OF SERVICE OF SUMMONS**
Code of Civil Procedure, § 417.10

PLAINTIFF: *MANUEL ZHATG*

CASE NUMBER: *CVUT 07-1632*

DEFENDANT: *J. TILTON, et al.*

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) ☐ on *(date):*                    (2) ☐ from *(city):*
   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30.)
   (4) ☑ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)
   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☑ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☑ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☑ as occupant.
   d. ☐ On behalf of *(specify):*
      under the following Code of Civil Procedure section:
      ☐ 416.10 (corporation)                      ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)             ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)       ☑ 416.90 (authorized person)
      ☐ 416.50 (public entity)                    ☐ 415.46 (occupant)
                                                   ☐ other:

7.  **Person who served papers**
   a. Name:
   b. Address:
   c. Telephone number:
   d. The fee for service was: $
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ registered California process server:
         (i) ☐ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.:
         (iii) County:

8.  ☐ **I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.**
   or

9.  ☐ **I am a California sheriff or marshal and I certify that the foregoing is true and correct.**

Date:

▶

_____          _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                    (SIGNATURE)

Martin Dean's
ESSENTIAL FORMS™

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| MANUEL ZARATE C76553<br>P.O. BOX 7500 CD2-205<br>CRESCENT CITY, CA 95532 | |

TELEPHONE NO.:           FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):* MANUEL ZARATE IN PROPER

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** DEL NORTE

STREET ADDRESS: 450 H STREET

MAILING ADDRESS:

CITY AND ZIP CODE: CRESCENT CITY, CA 95532

BRANCH NAME:

PLAINTIFF/PETITIONER: MANUEL ZARATE

DEFENDANT/RESPONDENT: JAMES TILTON, DIR., ROBERT HOREL WARDEN
SEE ADDITIONAL PARTIES ATTACHMENT FORM

| CASE NUMBER: |
|---|
| CVUN-07-1532 |

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

TO *(insert name of party being served):* ROBERT A. HOREL

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing:

_____ ► _____
(TYPE OR PRINT NAME)          (SIGNATURE OF SENDER-MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing)*:
1. ☒ A copy of the summons and of the complaint.
2. ☒ Other *(specify):* EXHIBITS ATTACHED TO COMPLAINT

*(To be completed by recipient):*

Date this form is signed:

_____ ► _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,    (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]<br>*Martin Dean's Essential Forms* ™

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT - CIVIL**

Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

MANUEL ZATATE C78553
P.O. BOX 7500 D2-205
CRESCENT CITY, CA 95532

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): MANUEL ZATATE PRO PER

SUPERIOR COURT OF CALIFORNIA, COUNTY OF DEL NORTE
STREET ADDRESS: 450 H STREET
MAILING ADDRESS: "
CITY AND ZIP CODE: CRESCENT CITY, CA 95531
BRANCH NAME:

PLAINTIFF: MANUEL ZATATE

DEFENDANT: JAMES TILTON, DIR. R HOLL, WARDEN et. al.

☐ DOES 1 TO 9   SEE ADDITIONAL PARTIES ATTACHMENT

**ENDORSED FILED**

NOV - 2 2007

SUPERIOR COURT OF CALIFORNIA
COUNTY OF DEL NORTE

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
☐ AMENDED (Number):
Type (check all that apply):
☐ MOTOR VEHICLE   ☒ OTHER (specify): 42 U.S.C. § 1983
  ☒ Property Damage      ☐ Wrongful Death
  ☒ Personal Injury      ☒ Other Damages (specify): EXEMPLARY

| Jurisdiction (check all that apply): | CASE NUMBER: |
|---|---|
| ☐ ACTION IS A LIMITED CIVIL CASE | |
| ☐ Amount demanded ☐ does not exceed $10,000 | CVUJ 07-1532 |
| ☐ exceeds $10,000, but does not exceed $25,000 | |
| ☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000) | |
| ☐ ACTION IS RECLASSIFIED by this amended complaint | |
| ☐ from limited to unlimited | |
| ☐ from unlimited to limited | |

1. Plaintiff (name or names): MANUEL ZATATE

   alleges causes of action against defendant (name or names): ROBERT A. HOREL

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor   ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California | Martin Dean's<br>Essential Forms | COMPLAINT—Personal Injury, Property<br>Damage, Wrongful Death | Code of Civil Procedure, § 425.12<br>www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE: MANUEL ZARATE v. J. TILTON et. al | CASE NUMBER: CVUJ 07~1532 |

## INSTRUCTIONS FOR USE

➡ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➡ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party):

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

DEFENDANT D. SILVA SGT. OCS-FRESNO
DEFENDANT D. BARNEBURG SGT. I.G.I. UNIT
DEFENDANT J. PUENTE S.S.U.

PUTATIVE DEFENDANT M.D. CASTELLAW (A.W.)
PUTATIVE DEFENDANT S.L. KAYS (A.W.)
PUTATIVE DEFENDANT P.I. SMITH (A.W.)
PUTATIVE DEFENDANT M. YAX CAPT.
PUTATIVE DEFENDANT R. PIMENTEL CAPT.
PUTATIVE DEFENDANT J. BURLESON 3RD LEVEL APPEAL REVIEWER
PUTATIVE DEFENDANT P. CARRIER O.S.S.
PUTATIVE DEFENDANT M. RUFF O.C.S.
PUTATIVE DEFENDANT W. BARNES C.C.I.

Page  1  of  1

## ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

THOMSON
＊
WEST

PLD-PI-001

| SHORT TITLE: MANUEL PRATE V. J. TILTON et. al. | CASE NUMBER: CV08 07-1532 |
|---|---|

4. ☐ Plaintiff *(name)*:

   ☐ is doing business under the fictitious name *(specify)*:

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

   a. ☐ except defendant *(name)*:
   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ an unincorporated entity *(describe)*:
   - (4) ☐ a public entity *(describe)*:
   - (5) ☐ other *(specify)*:

   b. ☐ except defendant *(name)*:
   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ an unincorporated entity *(describe)*:
   - (4) ☐ a public entity *(describe)*:
   - (5) ☐ other *(specify)*:

   c. ☐ except defendant *(name)*:
   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ an unincorporated entity *(describe)*:
   - (4) ☐ a public entity *(describe)*:
   - (5) ☐ other *(specify)*:

   d. ☐ except defendant *(name)*:
   - (1) ☐ a business organization, form unknown
   - (2) ☐ a corporation
   - (3) ☐ an unincorporated entity *(describe)*:
   - (4) ☐ a public entity *(describe)*:
   - (5) ☐ other *(specify)*:

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   - a. ☐ Doe defendants *(specify Doe numbers)*: _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   - b. ☐ Doe defendants *(specify Doe numbers)*: _____ are persons whose capacities are unknown to plaintiff.

7. ☒ Defendants who are joined under Code of Civil Procedure section 382 are *(names)*:
   SEE ADDITIONAL PARTIES ATTACHMENT AND PARAGRAPHS 7-18

8. This court is the proper court because
   - a. ☐ at least one defendant now resides in its jurisdictional area.
   - b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   - c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   - d. ☒ other *(specify)*: 42 USC § 1983 CIVIL RIGHTS

9. ☒ Plaintiff is required to comply with a claims statute, and
   - a. ☒ has complied with applicable claims statutes, or
   - b. ☐ is excused from complying because *(specify)*:

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

PLD-PI-001

| SHORT TITLE: *MANUEL ZARATE V. D. TILTON, et al.* | CASE NUMBER: *CVU F 07~1532* |

10. The following causes of action are attached and the statements above apply to each. *(each complaint must have one or more causes of action attached):*

a. ☐ Motor Vehicle
b. ☐ General Negligence
c. ☒ Intentional Tort
d. ☐ Products Liability
e. ☐ Premises Liability
f. ☒ Other *(specify):* *EXEMPLARY DAMAGES*

11. Plaintiff has suffered

a. ☒ wage loss
b. ☐ loss of use of property
c. ☐ hospital and medical expenses
d. ☒ general damage
e. ☒ property damage
f. ☐ loss of earning capacity
g. ☒ other damage *(specify):* *PROLONGED SEGREGATION MENTAL PAIN AND SUFFERING*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.
b. ☐ as follows:

*N/A*

13. The relief sought in this complaint is within the jurisdiction of this court.

*YES*

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages *AND DECLARATORY JUDGEMENT SEE PAGES 14-15*
   (2) ☒ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
   (1) ☐ according to proof
   (2) ☒ in the amount of: $ *SEE PAGE 14*

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

*PAGE 2    PARAGRAPHS 7~9*
*PAGE 9    FOOTNOTE NO. 9*

Date: *10/22/07*

*MANUEL ZARATE*

(TYPE OR PRINT NAME)

▶ *Manuel Zarate*

(SIGNATURE OF PLAINTIFF OR ATTORNEY)

SHORT TITLE: _MANUEL ZARATE V. D. TILTON, et al._

CASE NUMBER: _CV UT 07-1532_

IV VI   **CAUSE OF ACTION- General Negligence**   Page _9/12_

(number)

ATTACHMENT TO ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name):* _MANUEL ZARATE C-73553_

alleges that defendant *(name):* _ROBERT HOREL_

☐ Does ____ to ____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date):* _ONGOING FROM 2000 TO PRESENT_

at *(place):* _PELICAN BAY STATE PRISON_

*(description of reasons for liability):* _SEE PARAGRAPHS 28-57_

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION- General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

Martin Dean's
ESSENTIAL FORMS™

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| MANUEL ZARATE v. J. TILTON, et al. | C 07-1532 |

___I___, ___VI___
(number)

## CAUSE OF ACTION- Intentional Tort

Page 2 12

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):* MANUEL ZARATE C75553

alleges that defendant *(name):* ROBERT HOREL

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date):* ONGOING FROM 2000 TO PRESENT

at *(place):* PELICAN BAY STATE PRISON

*(description of reasons for liability):*

SEE PARAGRAPHS 28~57

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS™

**CAUSE OF ACTION - Intentional Tort**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001(6)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| MANUEL ZARATE v. T. TILTON et. al. | CVUT 07-1532 |

## Exemplary Damages Attachment

Page 9, 12

ATTACHMENT TO ☒ Complaint ☐ Cross-Complaint

EX-1. As additional damages against defendant (name) ROBERT A. HOREL

Plaintiff alleges defendant was guilty of
☒ malice
☒ fraud
☒ oppression
as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:
SEE PARAGRAPHS 28-57

COPIED AT PELICAN BAY
STATE PRISON
SECURITY
HOUSING UNIT
LAW LIBRARY
2008

EX-3. The amount of exemplary damages sought is
a. ☐ not shown, pursuant to Code of Civil Procedure section 425.10.
b. ☒ $ SEE PAGE 14 OF ATTACHED PAPERS "PRAYER FOR RELIEF"

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

Martin Dean's

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF DEL NORTE

NO CVUT 07~1532

1

2  MANUEL ZARATE,

3                    PLAINTIFF

STATE TORT CLAIM WITH EXHIBITS
AND POINTS AND AUTHORITIES
IN SUPPORT OF

4            vs.

5  JAMES TILTON, DIRECTOR~CDCR; ROBERT A.
   HOREL, WARDEN~ PBSP; D. SILVA, J.
6  PUENTE, D. BARNEBURG ~ GREEN WALL I.G.I.
7  UNIT;  PUTATIVE

8                    DEFENDANTS

9

10              I.  INTRODUCTION

11    1. PLAINTIFF BRINGS THIS TORT ACTION UPON HEREIN NAMED PARTIES WHO AT ALL

12  TIMES ACTED UNDER THE COLOR OF AUTHORITY, SEEKING COMPENSATORY, PUNITIVE DAMAGES,

13  AND DECLARATORY RELIEF.    FOR THE INTENTIONAL AND NEGLIGENT CONDUCT BY PRISON

14  OFFICIALS THAT VIOLATED PLAINTIFF'S CONSTITUTIONAL RIGHTS RESULTING IN A SUBJECTION

15  TO AN ATYPICAL HARDSHIP AND CAUSING MENTAL PAIN AND SUFFERING.  THIS CONTINUED

16  CONDUCT IS VIOLATIVE OF RELEVANT PRISON RULES, STATE STATUTES, ARTICLE I SECTIONS 1, 3

17  7, 19 OF CALIFORNIA CONSTITUTION.   AND ARTICLE I CLAUSE 9, 1ST. 14TH. AMENDMENTS

18  OF THE FEDERAL CONSTITUTION

19    2. IN PARTICULAR THIS ACTION INVOLVES PLAINTIFF'S STATE AND FEDERAL CONSTITUTIONAL

20  RIGHTS TO POSSES PROPERTY AND TO GRIEVENCE THE GOVERNMENT.   AND PETITIONER'S STATE

21  AND FEDERAL CREATED RIGHTS TO BE FREE FROM CONTINUOUS RETAINMENT IN A

22  SECURITY HOUSING UNIT (S.H.U.) UNDER ADMINISTRATIVE SEGREGATION (AD. SEG.) FOR AN

23  INDETERMINATE TERM.    ADDITIONALLY IS BEING SUBJECTED TO NEW REGULATIONS THAT

24  EXPAND THE TIME PERIODS BETWEEN CONSIDERATION HEARINGS FOR RELEASE FROM S.H.U.

25  RETAINMENT VIOLATIVE OF STATE AND FEDERAL EX POST FACTO PROTECTIONS.

26    3. THIS ACTION IS PURSUANT TO CALIFORNIA TORT CLAIMS ACT (CTCA) GOVERNMENT

27  CODE (GOVT. CODE) SECTION 844.6 (d).   THIS COURT HAS THE JURISDICTIONAL

28  AUTHORITY TO ADDRESS THIS CTCA.

## II PARTIES

4. PLAINTIFF, MANUEL ZARATE CDCR # C-73553 IS A STATE PRISONER CURRENTLY HOUSED IN A.S.H.U. UNDER AD. SEG. FOR AN INDETERMINATE TERM AT PELICAN BAY STATE PRISON (P.B.S.P.)

5. DEFENDANT, JAMES TILTON IS THE DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (C.D.C.R.). AND IN THAT CAPACITY IS RESPONSIBLE FOR THE RUNNING OF ALL CDCR PRISONS AND FOR PERFORMANCE OF SUBORDINATE WARDENS.

6. DEFENDANT, ROBERT A. HOREL IS THE WARDEN OF P.B.S.P. AND IN THAT CAPACITY IS THE LEGAL CUSTODIAN OF PETITIONER, AND IS RESPONSIBLE FOR THE MAINTENANCE AND OPERATION OF P.B.S.P. AND FOR THE PERFORMANCE OF HIS SUBORDINATES.

7. DEFENDANT, D. SILVA IS A SARGENT ASSIGNED TO THE OFFICE OF CORRECT-IONAL SAFETY (O.C.S.) - FRESNO, FORMERLY THE LEIU, AND IN THAT CAPACITY CONDUCTS INVESTIGATIONS REGARDING PRISON GANGS. UNDER INFORMATION AND BELIEF, D. SILVA IS EITHER A MEMBER OR ASSOCIATED WITH THE CLANDESTINED "GREEN WALL" CORRECTIONAL PRISON GANG.

8. DEFENDANT, D. BARNEBURG IS A SARGENT (SGT.) ASSIGNED TO THE INSTITUTIONAL GANG INVESTIGATION (I.G.I.) UNIT OF P.B.S.P. AND IN THAT CAPACITY, AMONG OTHER DUTIES, ASSISTS THE O.C.S. REGARDING PRISON GANGS. UNDER INFORMATION AND BELIEF S.G.T. D. BARNEBURG IS EITHER A MEMBER OR ASSOCIATED WITH THE CLANDESTINED "GREEN WALL" CORRECTIONAL PRISON GANG.

9. DEFENDANT, J. PUENTE IS ASSIGNED TO THE SECURITY SQUAD UNIT (S.S.U.) OF P.B.S.P. AND IN THAT CAPACITY WORKS WITH THE O.C.S. AND I.G.I. REGARDING PRISON GANGS. AND UPON INFORMATION AND BELIEF IS EITHER A MEMBER OF OR ASSOCIATED WITH THE CLANDESTINED "GREEN WALL" CORRECTIONAL PRISON GANG.

10. PUTATIVE DEFENDANT, MARK D. CASTELLAW IS AN ASSOCIATE WARDEN (A.W.) AT P.B.S.P. AND IN THAT CAPACITY DOES ACT IN BEHALF OF THE WARDEN, FULFILLING ALL THE DUTIES THAT ENTAILS.

11. PUTATIVE DEFENDANT, S.L. KAYS IS AN A.W. AT P.B.S.P. AND IN THAT CAPACITY DOES ACT IN BEHALF OF THE WARDEN, FULFILLING ALL THE DUTIES THAT ENTAILS.

2.

12. PUTATIVE DEFENDANT, P.I. SMITH IS AN A.W. AT P.B.S.P. AND IN THAT CAPACITY DOES ACT IN BEHALF OF THE WARDEN, FULFILLING ALL THE DUTIES THAT ENTAILS.

13. PUTATIVE DEFENDANT, M. YAX IS A CAPT. AT P.B.S.P. AND IN THAT CAPACITY IS ASSIGNED TO ONE OF ITS FACILITIES. AND RESPONSIBLE FOR THE ADMINISTRATION AND DAY TO DAY OPERATIONS.

14. PUTATIVE DEFENDANT, R. PIMENTEL IS A CAPT. ASSIGNED TO THE DIRECTORS LEVEL OF APPEAL. AND IN THAT CAPACITY IS AN APPEALS EXAMINER ON BEHALF OF THE DIRECTOR.

15. PUTATIVE DEFENDANT, J. BURLESON IS ASSIGNED TO DIRECTOR'S LEVEL APPEAL. AND IN THAT CAPACITY IS AN APPEALS EXAMINER ON BEHALF OF THE DIRECTOR.

16. PUTATIVE DEFENDANT, P. CARRIER IS AN OFFICE SERVICES SUPERVISOR (O.S.S.) I, ASSIGNED TO P.B.S.P. MAILROOM. AND IN THAT CAPACITY CAN RESPOND TO INMATE APPEALS ON MAIL ISSUES.

17. PUTATIVE DEFENDANT, M. RUFF IS ASSIGNED TO THE O.C.S. IN THAT CAPACITY CAN PART- ICIPATE IN COMMITTEES DETERMINING (6) YEAR INACTIVE REVIEWS REGARDING PRISON GANGS.

18. PUTATIVE DEFENDANT, W. BARTIS IS A CORRECTIONAL COUNSELOR (C.C.I) AT P.B.S.P. AND IN THAT CAPACITY, AMONG OTHER DUTIES, IS ASSIGNED A CASELOAD OF PRISONERS AND PREPARES THEIR FILES FOR CLASSIFICATION AND PAROLE HEARINGS.

19. DEFENDANTS AND EACH OF THEM ARE AND AT ALL TIMES MENTIONED HEREIN HAVE BEEN THE AGENTS, SERVANTS, AND EMPLOYEES OF ONE ANOTHER. AND IN DOING ALL THE ACTS, OMISSIONS AND PRACTICES HEREIN COMPLAINED OF AND DESCRIBED, DEFENDANTS, AND EACH OF THEM, SEPARATELY AND IN CONCERT, HAVE BEEN AND ARE ACTING UNDER THE COLOR OF THE REGULATIONS, STATUTES AND CONSTITUTION OF THE STATE OF CALIFORNIA AND OF THE HEREIN REFERENCED AMENDMENTS TO THE UNITED STATES CONSTITUTION.

## III  FACTUAL SUMMARY

20. SINCE NOVEMBER 1990, PLAINTIFF HAS BEEN HOUSED IN P.B.S.P. ~ S.H.U. UNDER AD. SEG. ORDER PER CCR 15 §3335 [1] FOR AN INDETERMINATE TERM §3341.5 (c)(2) ON THE BASIS PETITIONER IS A VALIDATED ASSOCIATE OF THE MEXICAN MAFIA (EME) PRISON GANG.

21. REGULATION §3341.5 (c)(2)(A) MANDATES A UNIT CLASSIFICATION COMMITTEE (U.C.C.) HEARING AT LEAST EVERY (180) DAYS TO CONSIDER A PRISONER'S RELEASE FROM S.H.U.

---
1. REFERENCES ARE TO CALIFORNIA CODE OF REGULATIONS

1  SUBSECTION (C)(3) MANDATES A YEARLY INSTITUTION CLASSIFICATION COMMITTEE (I.C.C.) HEARING TO

2  CONSIDER WHETHER TO RETAIN OR RELEASE A PRISONER FROM S.H.U.    PRIOR TO THE YEARLY I.C.C.

3  A PRISONER IS ENTITLED TO PROCEDURAL DUE PROCESS PROTECTIONS UNDER §§ 3335~3339.

4     22. THE DEFINITION OF GANG ACTIVITY IS FOUND IN §§ 3000 "GANG", 3023 "GANG

5  ACTIVITY"  JOINTLY READ GANG ACTIVITY IS WHEN ONE "KNOWINGLY" COMMITS UNLAWFUL ACTS

6  OR ACTS OF SERIOUS MISCONDUCT ON BEHALF OF A GANG.    WHEN A PRISONERS MISCONDUCT

7  IS BELIEVED TO VIOLATE RULES, THE LAW OR NOT MINOR IN NATURE. §§ 3312 (a)(3),

8  3315 (a)(2)(E) MANDATE ISSUANCE OF A RULES VIOLATION REPORT (RVR) CUCC 115.

9     23. IN AUGUST 1999 NEW SUBSECTIONS WERE ADDED TO §§ 3341.5, 3378 IN RELEVANT

10  PART ADDING "(C)(5)" AND "(d)", "(e)".    COLLECTIVELY PROVIDING THE DIRECTOR'S

11  REVIEW BOARD (D.R.B.) TO AUTHORIZE RELEASE FROM S.H.U. GANG MEMBERS AND ASSOCIATES

12  FOUND TO BE INACTIVE IN A PRISON GANG ~ NO INVOLVEMENT IN GANG ACTIVITY FOR (6) YEARS.

13     24. PURSUANT TO § 3138(A)(1-3) AND § 3006 (c)(15)(A) PRISONERS MAY PURCHASE AND

14  SUBSCRIBE TO PUBLICATIONS INCLUDING THOSE CONTAINING OBSCENE MATERIAL OR SEXUALLY

15  EXPLICIT IMAGES, IF WHEN TAKEN AS A WHOLE DO NOT LACK SERIOUS LITERARY, ARTISTIC,

16  OR SCIENTIFIC VALUE.

17     25. IN 1999 THE CALIFORNIA OFFICE OF INSPECTOR GENERAL REPORTED THAT IT FOUND

18  PRISON GUARDS AT A PRISON HAD FORMED AN ALLIANCE CALLED THE "GREEN WALL".

19  AN ORGANIZATION WITH MEMBERS AND ASSOCIATES PROFESSING A CODE OF SILENCE TO HIDE

20  ITS ACTIVITIES, INCLUDING BEATING ON PRISONERS.    IN EFFECT, A CLANDESTINE

21  CORRECTIONAL PRISON GANG.

22     26. THE BOARD OF PRISON TERMS (B.P.T.) UPON INFORMATION FROM PLAINTIFFS' PAST

23  PAROLE HEARINGS, WILL NOT GRANT A PAROLE DATE TO LIFE TERMERS WHO ARE IN

24  S.H.U. SERVING AN INDETERMINATE TERM BASED ON PRISON GANG CLASSIFICATIONS.

25     27. IN FEBRUARY 2006, PBSP CONDUCTED S.H.U.~WIDE HOUSING CHANGES WHEREBY,

26  SELECTED GANG MEMBERS AND ASSOCIATES FROM "C" AND "D" S.H.U. FACILITIES WERE

27  REHOUSED IN UNITS 1~4 OF "D" SHU FACILITY.    WHICH IS NOW REFERRED TO AS THE

28  "SHORT" OR "GANG" CORRIDOR.    AND IMPLEMENTED WERE NEW OPERATIONAL POLICIES

1  FOR THE RUNNING OF THE "GANG" CORRIDOR REGARDING VISITING, MAIL, MEDICAL ATTENTION

2  AND METHOD OF CONDUCTING DAILY MOVEMENT OF THESE PRISONERS TO APPOINTMENTS.

3  IN ORDER TO CONTROL AND PREVENT COMMUNICATION BETWEEN "GANG" CORRIDOR PRISONERS

4  AND THE REST OF GANG MEMBERS AND ASSOCIATES HOUSED IN THE OTHER S.H.U.

5

6              IV STATEMENT OF FACTS

7  - 28. PLAINTIFF IS SERVING A PRISON TERM OF SEVEN YEARS TO LIFE FOR KIDNAP, WITH A

8  CONSECUTIVE SIX YEARS FOR ROBBERY.    FROM DECEMBER 1983 TO JUNE 1990 PLAINTIFF WAS

9  HOUSED IN GENERAL POPULATION AT SEVERAL PRISONS.    IN JUNE 1990 HE WAS TRANSFERRED TO

10  C.C.I.-IV TEHACHAPI, IN 1990 THIS PRISON HOUSED PRISON GANG MEMBERS AND ASSOCIATES

11  WHO HAD DEBRIEFED².  ON JUNE 11, 1990 PLAINTIFF WAS ISSUED A CDCR 114-D AD.SEG. ORDER

12  AND PLACED IN AD.SEG. PENDING INVESTIGATION INTO PRISON GANG ASSOCIATION.    ON JUNE 26,

13  1990 HE WAS VALIDATED AS AN ASSOCIATE OF THE EME PRISON GANG BASED ON (6) PIECES OF INFOR-

14  MATION DISCLOSED ON (2) CDCR DISCLOSURE FORMS (1030s) SEE EXHIBIT A

15        29. PLAINTIFF WAS TRANSFERRED TO P.B.S.P.-S.H.U. ON NOVEMBER 11, 1990 AND HAS

16  BEEN THERE SINCE.    PLAINTIFF HAS APPEARED BEFORE NUMEROUS U.C.C. AND I.C.C. HEARINGS

17  REGARDING HIS PLACEMENT.    EACH YEAR PRIOR TO HIS I.C.C. REVIEW HE IS ISSUED A CDCR 114-

18  D WITH 1030s REFERENCING INFORMATION RELIED ON IN SUPPORT OF RETAINING HIM IN S.H.U.

19  IN 1995 AN UPDATED GANG STATUS WAS CONDUCTED AND PLAINTIFF WAS AGAIN VALIDATED AS AN

20  ASSOCIATE AND DOCUMENTED ON A SEPTEMBER 20, 1995 CDCR 128-B-2 WAS REFERENCED (6) ITEMS

21  RELIED ON SEE EXHIBIT B

22        30. IN 2000 AN INITIAL INACTIVE REVIEW OF PLAINTIFF'S GANG STATUS WAS CONDUCTED

23  AND FOUND NOT TO MEET CRITERIA FOR INACTIVITY.    THIS DECISION WAS BASED ON (2) ITEMS,

24  ──────────────────────────────────
   2. DEBRIEFING ENTAILS GIVING A STATEMENT DISCLOSING SUFFICIENT, VERIFIABLE INFORMATION WHICH
   ADVERSELY IMPACTS THE GANG SO THAT THE INFORMER WILL NO LONGER BE ACCEPTED AS A PART OF THE
25  GANG.    PROVIDING INFORMATION PLACES THE INFORMANT AND HIS FAMILY IN DANGER OF HARM
   IN RETALIATION FOR HIS INFORMING.    BUT, IN PRACTICE THE INFORMANT WILL PROVIDE EITHER
26  INFORMATION TOTALLY FALSE AND FABRICATED OR WILL RUBBERSTAMP INFORMATION THAT THE CDCR
   WILL SUGGESTIVELY PRESENT TO THE INFORMANT.    PRISONERS WHO DEBRIEF DO SO FOR ULTERIOR
27  MOTIVES, I.E. OBTAIN FAVORS, ESCAPE A HARM FOR WRONGS HE ATE COMMITTED, OR TO AVOID
   A CONVICTION FOR CRIMES COMMITTED OR TO AVOID RULE INFRACTIONS ~ CDCR 115s

28

1  THE REFERENCES ON THE SEPTEMBER 20, 1995 CDCR 128 B2 AND A 1030 REFERENCING A

2  MARCH 28, 1997 CONFIDENTIAL MEMO (C.M.), ITS CONTENTS HAS GENERATED (2) DISTINCT

3  PIECES OF DOCUMENTS TO SUPPORT CURRENT GANG ACTIVITY.    THIS C.M. WAS ORIGINALLY

4  AUTHORED BY O.T. HAWKES AND RELIED ON AT PLAINTIFF'S 1999 I.C.C. HEARING,

5  REWRITTEN AND RELIED ON IN HIS INITIAL (6) YEAR INACTIVE REVIEW, SEE EXHIBIT B

6      31. ON OCTOBER 16, 2002 I.C.C. CALLED FOR ANOTHER INACTIVE REVIEW, IT WAS

7  CONDUCTED ON FEBRUARY 25, 2003 PLAINTIFF'S VALIDATION WAS UPHELD, SEE EXHIBIT B

8  ON OCTOBER 27, 2003 PLAINTIFF FILED AN ADMINISTRATIVE APPEAL (602 APPEAL) WHICH WAS

9  EXHAUSTED ON JUNE 24, 2003, SEE EXHIBIT B.

10     32. ON MARCH 2, 2005 I.C.C. REQUESTED ANOTHER INACTIVE REVIEW [3] AND WAS BEGUN

11  ON OCTOBER 3, 2005 RELYING ON (2) DOCUMENTS, OCTOBER 5 AND 18, 2005 CDCR 128 B's [4]

12  THE OCTOBER 5TH CDCR 128 B REFERENCES (2) ITEMS 1. A SEPTEMBER 8, 2005 CDCR

13  128 B, AND 2. A JUNE 2, 2003 C.M. SEE EXHIBIT B    ON SEPTEMBER 7, 2005

14  J. PUENTE CONDUCTED A SEARCH OF PLAINTIFF'S PROPERTY AS PART OF INACTIVE REVIEW PROCESS

15  AND ISSUED A CDCR 128 REFERENCING : ONE COVER DRAWING OF A 1997 CALENDAR CONTAIN-

16  ING THE NUMERICAL SYMBOL OF (3) DOTS OVER (2) LINES, ASSERTED TO CORRESPOND WITH THE

17  13TH LETTER OF THE ALPHABET FOR THE LETTER "M".    A DRAWING WITH A STATUE HAVING

18  (2) SIDEWAY "M"s ASSERTED FORMED AS AN EAGLE WITH REFERENCE TO THE "EME".

19  ALSO PUENTE DETERMINED PLAINTIFF IS A MEMBER OF THE "SAN DIEGO STREET GANG" [5].

20  SEE EXHIBIT B.

21     33. ON OCTOBER 5, 2005 O. SILVA ISSUED A 1030 FORM REGARDING A JUNE 2, 2003

22  C.M. NOTING THE CONFISCATION OF NOTES FROM A VALIDATED GANG ASSOCIATE WITH PLAINTIFF'S

23  NAME ON ONE OF THEM, ALONG WITH NAMES AND ADDRESSES OF NUMEROUS "EME" MEMBERS

24  AND ASSOCIATES.    ALSO O. SILVA AUTHORED AN OCTOBER 5, 2005 CDCR 128 B INACTIVE

25  REVIEW CHRONO REFERENCING THE JUNE 2, 2003 C.M. AND J. PUENTES SEPTEMBER

---

26  3. PLAINTIFF . HAD NOT FULLY UNDERSTAND THE PROCEDURE WHEN HE HAD REFUSED TO
    ALLOW HIS CELL SEARCHED AND HIS PHOTOGRAPH TAKEN.

27  4. O. SILVA AUTHORED THIS CDCR 128 B, HOWEVER, THE INVESTIGATION WAS BEGUN
    ON SEPTEMBER 7, 2005 WHEN J. PUENTE SEARCHED HIS PROPERTY.

28  5. PLAINTIFF SUBMITTED A (2) PAGE RESPONSE, SEE EXHIBIT B

1  8, 2005 CDCR 128 B. SEE EXHIBIT B    AS PART OF HIS INVESTIGATION O. SILVA ON

2  OCTOBER 18, 2005 AUTHORED A CDCR 128 B  GANG STATUS REVIEW NOTING (9) POINTS AS

3  THE BASIS OF HIS INVESTIGATION AND CO-SIGNED BY LT. O. KAYS P.3.S.P. ~ I.G.I., OF THE

4  (9) POINTS NUMBERS (2-7) PROVIDED NO INFORMATION CONSISTING OF: WESTERN

5  STATES INFORMATION NETWORK (W.S.I.N.), OUTSIDE LAW ENFORCEMENT, LAW ENFORCEMENT AND

6  INVESTIGATION (L.E.I.U.), ARCHIVES, CAL GANGS AND PAROLE/LEADS. SEE EXHIBIT B

7  - 34. THIS INACTIVE REVIEW WAS COMPLETED ON JANUARY 11, 2006 AND SUBMITTED TO THE

8  O.C.S. FOR APPROVAL. THE O.C.S. COMMITTEE CONSISTED OF CHAIRPERSON M. RUFF AND

9  MEMBERS E. FISCHER AND O. SPEER.    ON AUGUST 23, 2006 PLAINTIFF. WAS FOUND TO BE

10  AN ACTIVE ASSOCIATE OF THE EME AND NOTED ON A CDCR 128 B2 [6]; REFERENCING (5)

11  SOURCE ITEMS: C.M.s OCTOBER 13, 1987, AUGUST 15, 1989, SEPTEMBER 30, 1992, AND A

12  AUGUST 8, 2005 CDCR 128 B AND JUNE 2, 2003 C.M. SEE EXHIBIT B    THE 1987 AND

13  1989 C.M.s WERE PART OF AN INVESTIGATION PACKET WHERE A LT. A.L. BELL FOUND THE

14  INFORMATION TO BE INSUFFICIENT TO IDENTIFY PLAINTIFF. WITH ANY PRISON GANG.    THE AUGUST

15  30, 1992 C.M. DECLARES PLAINTIFF IS A MEMBER OF THE "EME", THE OCTOBER 1987 C.M.

16  DECLARES HIM TO BE AN ASSOCIATE. SEE EXHIBIT B

17  35. ON JUNE 30, 2006 PLAINTIFF FILED A 602 CHALLENGING THE O.C.S. FINDINGS AND

18  RAISED TWO ISSUES: FIRST, §§3341.5 (c) (5), 3378 (e) PROMULGATING (6) YEAR INACTIVE

19  REVIEWS, ARE EX POST FACTO TO THE LONG ESTABLISHED §3341.5 (c) (3) YEARLY CONSIDERA-

20  TION FOR RELEASE.    SECONDLY, THE INFORMATION RELIED ON FALL WITHIN THE GUIDELINES ESTAB-

21  LISHED IN THE CASTILLO V. ALAMEDA SETTLEMENT; FAILING TO ESTABLISH GANG ACTIVITY. SEE EXHIBIT B

22  36. ON JANUARY 23, 2006 M. YAX ISSUED A CDCR 1819 NOTICE OF DISAPPROVED MAIL

23  DENYING A FEBRUARY 2006 MAXIM ESPAÑOL MAGAZINE FOR DISPLAYING A PICTURE EXPOSING

24  THE FEMALE BREAST IN VIOLATION OF §3006 (c) (17).    ON JANUARY 29, 2006 PLAINTIFF

25  APPEALED, SAID APPEAL WAS DEEMED PART OF MULTIPLE APPEALS AND WAS ATTACHED TO A

26  CONTROLLING APPEAL, NO. C06-00284 [7].    AT FIRST LEVEL REVIEW P. CARRIER CONDUCTED

27  6. THE ORIGINAL CDCR 128 B2 DATED JUNE 7, 2006 HAD A TYPO ERROR AND WAS CORRECTED

28  BY THE CURRENT AUGUST 23, 2006 CDCR 128 B2

     7. THE CLAIM AND RELIEF RAISED DIFFERS FROM PLAINTIFF 602 CLAIM AND RELIEF.

# EXHIBIT A
# Part 2 of 4

THE INTERVIEW AND DENIED THE 602 APPEAL. DENIAL WAS CO-SIGNED BY M. YAX AND S.L.
KAYS.    AT SECOND LEVEL REVIEW M. D. CASTELLAW REVIEWED THE 602 AND ACKNOWLEDGED
THE PLAINTIFF'S CLAIM WAS BASED ON THE MANDATE OF <u>MILLER V. CALIFORNIA</u> AND
WAS NOT PROVIDED A FIRST LEVEL INTERVIEW ON HIS CLAIMS. THE ONLY FIRST LEVEL INTERVIEW
PROVIDED WAS TO THE CONTROLLING 602.    M. CASTELLAW ALSO ASSERTED PLAINTIFF ASKED
FOR MONETARY COMPENSATION AND CITED A NINTH CIRCUIT COURT DECISION <u>MAURO V. ARPAIO</u>
TO SUPPORT DENIAL OF 602.    ON MAY 4, 2006 602 WAS SUBMITTED TO THIRD LEVEL REVIEW,
AT THIS FINAL LEVEL R. PIMENTEL ON AUGUST 7, 2006 DENIED 602, EXHAUSTING APPEAL
PROCESS, SEE EXHIBIT C.

37. ON MAY 26, 2006 M. YAX ISSUED ANOTHER CDCR 1819 DISALLOWING THE MAY ISSUE
OF MAXIM ESPAÑOL CITING § 3006 (c)(17)(d).    ON MAY 15, 2006 PLAINTIFF'S APPEALED,
AGAIN SAID APPEAL WAS SUBJECT TO CONTROLLING APPEAL NO. C06-00996.  P. CARRIER WAS
THE FIRST LEVEL REVIEWER, THE CLAIM RAISED WAS DIFFERENT FROM THE CLAIMS RAISED IN
PLAINTIFF'S APPEAL, SEE EXHIBIT C.    PLAINTIFF WAS NOT AFFORDED AN INTERVIEW
AT FIRST LEVEL AND 602 WAS DENIED ON MAY 31, 2006 BY CARRIER AND CO-SIGNED BY
P. T. SMITH, SEE EXHIBIT C.

38. ON JUNE 6, 2006 602 WAS SUBMITTED TO SECOND LEVEL REVIEW AND DENIED
BY ROBERT A. HOREL ON JULY 5, 2006.    SUBSEQUENTLY 602 WAS SUBMITTED TO THIRD
LEVEL REVIEW REASSERTING CLAIMS AND ALSO CLAIMING SECOND LEVEL HAD ADDED
DISALLOWING ON BASIS OF AN ARTICLE ABOUT IMMIGRANTS WITH PICTURES OF HEAVILY
TATTOOED MEN, CLAIMING INDICATIVE OF GANG MEMBERSHIP.    602 APPEAL WAS
DENIED ON OCTOBER 21, 2006 EXHAUSTING ADMINISTRATIVE REMEDIES, SEE EXHIBIT C.

39. ON JUNE 1, 2007 A CDCR 114 D AD. SEG. ORDER WAS ISSUED. ON JUNE 6, 2007
PLAINTIFF APPEARED BEFORE I. C. C. ANNUAL REVIEW AND BASED ON THE FINDINGS OF THE
O. C. S. THAT PLAINTIFF IS AN ACTIVE ASSOCIATE AND THUS RETAINED IN S.H.U. AND WILL
BE ELIGIBLE FOR A (6) YEAR INACTIVE REVIEW IN 2011.    ON JUNE 20, 2007 PETITIONER
FILED A 602 AND WAS RETURNED TO PLAINTIFF ON JUNE 21, 2007 REQUIRING THE I. C. C.
CHRONO [8] APPEAL WAS RESUBMITTED ON JULY 16, 2007 WITH THE REQUESTED CHRONO

8. AFTER EACH UCC AND ICC A CDCR 128-B IS ISSUED REFERENCING TOPICS DISCUSSED

1  ON JULY 19, 2007 APPEALS COORDINATOR C.E. WILBUR DENIED PROCESSING APPEAL
2  STATING THE ISSUE OF VALUATION WAS UNAPPEALABLE[9]. PLAINTIFF RESUBMITTED
3  APPEAL AND ATTEMPTED TO EXPLAIN TO C.E. WILBUR THAT APPEAL WAS NOT CHALL-
4  ANGING HIS VALIDATION AS AN ASSOCIATE BUT RATHER THE I.C.C. DECISION TO
5  RETAIN HIM IN S.H.U. ABSENT PROCEDURAL DUE-PROCESS SAFEGUARDS[10]. AGAIN APPEAL
6  WAS REJECTED, ON JULY 30, 2007 APPEAL WAS SENT TO F. JUAREZ[11]. AND IT WAS FORWAR-
7  DED BACK TO APPEALS COORDINATOR WHO AGAIN ON AUGUST 3, 2007 REJECTED APPEAL
8  AND ADVISED PLAINTIFF TO SEEK REVIEW FROM THE INTERNAL AFFAIRS BOARD (I.A.B.)
9  ON AUGUST 3, 2007 602 WAS SENT TO I.A.B[12]. SEE ICC DOCUMENTS IN EXHIBIT D
10      43. ON FEBRUARY 6, 2007 PLAINTIFF FILED A BOARD OF CONTROL CLAIM PURSUANT
11  TO GOVT. CODE §945.4, ON THE CLAIMS RAISED IN EXHIBITED 602's : CO6-01569; C06-
12  00247 AND C006-01080. THE CONTROL CLAIM WAS DENIED ON APRIL 19, 2007 SEE EXHIBIT B
13  AND D
14              II STATE CLAIMS ~~ACTION~~
15      44. PLAINTIFF INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN
16  PARAGRAPHS 20~40 INCLUSIVE.
17      42. THE INACTIVE REVIEW BEGUN ON AUGUST 5, 2006 AND CONCLUDING ON AUGUST
18  23, 2006 FOUND PLAINTIFF TO BE AN ACTIVE ASSOCIATE OF THE "EME" THESE REVIEWERS JOINTLY
19  AND COLLECTIVELY SUBJECT PLAINTIFF TO RELEASE CONSIDERATIONS FROM S.H.U. EVERY (6)
20  YEARS. THIS SUB-SECTION IS NEGLIGENTLY AND INTENTIONALLY BASED ON THE FINDINGS OF
21  I.G.I. "GREENWALL" MEMBERS OR ASSOCIATES.     THESE ACTS, OMISSIONS AND PRACTICES
22  COMPLAINED OF DEPRIVES PETITIONER OF HIS RIGHT TO ANNUAL RELEASE CONSIDERATIONS AND
23  PROCEDURAL DUE-PROCESS SAFEGUARDS PURSUANT TO §§ 3341.5(c)(3), 3335~3339
24  VIOLATIVE OF ARTICLE 1 §§ 7, 9, 15 AND 17 OF STATE CONSTITUTION. EXHIBIT B
25      43. THE JUNE 21, 2006 I.C.C. DECISION TO RETAIN PETITIONER IN S.H.U. AS AN ACTIVE

26  9. UPON INFORMATION AND BELIEF PERHAPS THE COORDINATOR CONFUSED VALIDATION OF GANG
   IDENTIFICATION WITH CURRENT GANG ACTIVITY AS BASIS TO RETAIN IN S.H.U.
27  10. PETITIONER TRIED TO EXPLAIN HE IS IN S.H.U. UNDER AD. SEG. AND THUS ENTITLED TO
   THE SAFEGUARDS, I.C.C. DISREGARDED.
28  11. UPON INFORMATION AND BELIEF, HE IS APPEAL COORDINATOR'S SUPERIOR
   12. AS OF SEPTEMBER 28, 2007 APPEAL WAS ISSUED AN IDENTIFICATION NUMBER AND PROCESSED
   AT TIME OF THE FILING OF THIS TORT ACTION, APPEAL HAS NOT BEEN EXHAUSTED.

1   GANG ASSOCIATE REMERS FROM THE (6) YEAR ACTIVE/INACTIVE GANG REVIEW. THE I.C.C.

2   AND I.G.I. JOINTLY AND COLLECTIVELY ACTED UPON THAT DETERMINATION AS DELINEATED IN

3   §§ 3341.5(c.)(5) AND 3378(e) TO DECIDE PLAINTIFF WILL BE ELIGIBLE FOR ANOTHER

4   INACTIVE REVIEW IN 2011.    I.C.C. AND I.G.I. ARE NEGLIGENTLY AND INTENTIONALLY

5   SUBJECTING HIM TO SIX YEAR TIME SPANS BETWEEN CONSIDERATIONS OF RELEASE FROM S.H.U.

6   OVER ANNUAL CONSIDERATION OF RELEASE PURSUANT TO §3341.5 (c)(3).    THESE ACTS,

7   OMISSIONS AND PRACTICES COMPLAINED OF SUBJECT PLAINTIFF TO EX POST FACTO VIOLATION,

8   CRUEL AND UNUSUAL PUNISHMENT AND DENY HIM EQUAL PROTECTION AND DUE PROCESS

9   VIOLATIVE OF ARTICLE 1 §§ 7, 9, 15, 17 OF STATE CONSTITUTION. EXHIBIT B

10      44. IN THE INACTIVE REVIEW PROCESS. J. PUENTE IN HIS INVESTIGATION RELIED ON

11  (3) ITEMS TO SUPPORT "ACTIVE" ASSOCIATION, RE: ART, SYMBOLS AND A ASSERTION THAT

12  PLAINTIFF IS A MEMBER OF THE "SAN DIEGO" STREET GANG.   J. PUENTE WAS NEGLIGENT AND

13  INTENTIONAL IN HIS CONCLUSION OF "GANG ACTIVITY AS DELINEATED IN §§ 3000 "GANG" AND

14  3023 "ACTIVITY", AND THUS, IS DOCUMENTING FALSE INFORMATION PER §3450.

15  THESE ACTS, OMISSIONS AND PRACTICES COMPLAINED OF ARE VIOLATIVE OF CALIFORNIA CIVIL CODE

16  §1798 et. al. THE INFORMATION PRACTICE ACT (I.P.A.) OF 197   AND DENIES PLAINTIFF

17  EQUAL PROTECTION AND SUBJECTS HIM TO CRUEL AND UNUSUAL PUNISHMENT ABSENT DUE

18  PROCESS VIOLATIVE OF ARTICLE 1 §§ 7, 15, 17 OF STATE CONSTITUTION. EXHIBIT B

19      45. THE DOCUMENTS ISSUED BY D. SILVA IN THE COURSE OF THE INACTIVE REVIEW

20  PROCESS FAIL TO ESTABLISH ARTICULABLE FACTS TO SUPPORT CURRENT GANG ACTIVITY.  D. SILVA

21  WAS NEGLIGENT AND INTENTIONAL IN HIS DETERMINATION OF PLAINTIFF'S GANG ACTIVITY AS

22  DELINEATED IN §§ 3000 "GANG" AND 3023 "GANG ACTIVITY" AND IN DOCUMENTING FALSE

23  INFORMATION PURSUANT TO § 3450.   THESE ACTS, OMISSIONS AND PRACTICES COMPLAINED OF

24  ARE VIOLATIVE OF CALIFORNIA CIVIL CODE §1798 et. al. (I.P.A.) AND DENIES PLAINTIFF  HIS

25  HIS LIBERTY INTEREST AND DUE PROCESS RIGHTS VIOLATIVE OF ARTICLE 1 §§ 7, 15 OF STATE CONSTITUTION

26      46. THE (3) PANEL MEMBERS OF THE O.C.S. JOINTLY AND COLLECTIVELY DECIDED

27  PETITIONER TO BE AN ACTIVE ASSOCIATE OF THE EME PRISON GANG.    AND IS RETAINED IN

28  THE S.H.U. UNTIL 2011 WHEN HE WILL BE ELIGIBLE FOR ANOTHER (6) YEAR INACTIVE REVIEW

1  AND POSSIBLE RELEASE FROM S.H.U.   THE PANEL WAS INTENTIONAL AND NEGLIGENT IN THE

2  DECISION BASED ON INFORMATION ABSENT ARTICULABLE FACTS TO SUPPORT GANG ACTIVITY AS DELIN-

3  EATED IN §§ 3000 "GANG" AND 3023 "GANG ACTIVITY".   AND AS A RESULT HAVE DOCUMENTED

4  FALSE INFORMATION PER § 3450.   THESE ACTS, OMISSIONS & PRACTICES COMPLAINED OF ARE

5  VIOLATIVE OF CALIFORNIA CIVIL CODE § 1798 et al. (I.P.A.) AND SUBJECTS PLAINTIFF TO AN

6  ATYPICAL HARDSHIP SUBJECTING HIM TO CRUEL AND UNUSUAL PUNISHMENT AND EX POST

7  FACTO VIOLATION ABSENT DUE PROCESS VIOLATIVE OF ARTICLE 1 §§ 7, 9, 15, 17 OF STATE CONSTITUTION.

8      47.  IN APPEAL PROCESS CHALLANGING THE CURRENT GANG ACTIVITY CONCLUSION OF

9  PLAINTIFF   THE DEFENDANTS IN THE PROCESS DID JOINTLY AND COLLECTIVELY DENY PLAINTIFF

10  A FAIR APPEAL.  THE REVIEWERS DID INTENTIONALLY AND NEGLIGENTLY DEFINE, INTER-

11  PRET AND APPLY RULES TO THEIR WHIM IN ORDER TO JUSTIFY DENYING SAID APPEAL.

12  THESE ACTS, OMISSIONS AND PRACTICES COMPLAINED OF ARE VIOLATIVE OF PRISON APPEAL

13  REGULATIONS THAT RESULTED IN SUBJECTING PLAINTIFF TO EX POST FACTO VIOLATION.

14  AND DENY PLAINTIFF HIS STATE CREATED RIGHT TO A FAIR AND MEANINGFUL APPEAL, BE

15  FREE OF EX POST FACTO APPLICATION AND DUE PROCESS VIOLATIVE OF ARTICLE 1 §§ 3, 7, 9, 15,

16  17 OF THE CALIFORNIA CONSTITUTION.  EXHIBIT C

17      48.  ON JANUARY 23 AND MAY 2 OF 2006  CAPT. M. YAX ISSUED (2) CDC 1819

18  FORMS DISALLOWING PLAINTIFF (2) ISSUES OF MAXIM ESPAÑOL MAGAZINES.  THESE ACTS

19  INTENTIONALLY AND NEGLIGENTLY SUBJECTED PLAINTIFF TO DENIAL OF MAGAZINES AS A RESULT

20  FROM AN OVER EXAGGERATED AND ZEALOUS RESPONSE TO BANNED MATERIAL.

21  THESE ACTS, OMISSIONS AND PRACTICES COMPLAINED DENIED PLAINTIFF HIS STATE

22  CREATED RIGHT TO RECEIVE PERIODICALS PURSUANT TO § 3006 (c)(15)(A).  AND IS VIOL-

23  ATIVE OF STATE CREATED RIGHT IN POSSESSING PROPERTY ABSENT DUE PROCESS VIOLATIVE OF

24  ARTICLE 1 §§ 1, 3, 7, AND 15 OF STATE CONSTITUTION.  EXHIBIT C

25      49.  TWO APPEALS WERE FILED CHALLANGING THE DISALLOWED MAGAZINES

26  LOG NO. 06-00247 AND 06-00080.  SAID APPEALS WERE RESPONDED TO AS MULTIPLE

27  APPEALS PURSUANT TO § 3084.2 (g) (1-3).  IN SPITE OF THE FACT THE BASIS OF THE

28  CLAIMS RAISED AND RELIEF REQUESTED DIFFERED FROM THAT OF THE CONTROLLING APPEALS.

11.

1  THE RELEVANT APPEAL REVIEWERS JOINTLY AND COLLECTIVELY DENIED PLAINTIFF FAIR APPEAL

2  REVIEWS AS TO HIS CLAIMS AND RELIEF SOUGHT PURSUANT TO §3084.5.    THE ACTS OMISS-

3  IONS AND PRACTICES COMPLAINED OF ARE VIOLATIVE OF PRISON APPEAL REGULATIONS AND

4  DENY PLAINTIFF HIS STATE CREATED RIGHT TO A FAIR AND MEANINGFUL GRIEVANCE PROCESS

5  AND DUE PROCESS VIOLATIVE OF ARTICLE I §§3,7, AND 15 OF THE STATE CONSTITUTION, EXHIBIT C

6

7                    VI  FEDERAL CLAIMS

8      50. PLAINTIFF INCORPORATES BY REFERENCE THE ALLEGATIONS CONTAINED IN PARAGRAPHS

9  20 ~ 40 INCLUSIVE.

10     51. DEFENDANTS JOINTLY AND COLLECTIVELY DENIED PLAINTIFF A FAIR HEARING WHEN

11  CONSIDERING HIS RELEASE OR RETAINMENT IN S.H.U.  THE DECISION TO RETAIN PLAINTIFF IN

12  S.H.U. WAS NEGLIGENTLY AND INTENTIONALLY BASED ON THEIR ERRONEOUS FINDINGS.

13  THE ACT, OMISSION AND PRACTICE COMPLAINED OF SUBJECTED PETITIONER TO CRUEL AND

14  UNUSUAL PUNISHMENT AND DENIAL OF DUE PROCESS VIOLATIVE OF 8TH AND 14TH AMENDMENTS

15  TO THE UNITED STATES CONSTITUTION.  EXHIBIT B

16     52 THE JUNE 21, 2006 ICC DECISION THAT PLAINTIFF IS AN ACTIVE ASSOCIATE OF THE "EME"

17  RESULTS FROM THE (6) YEAR INACTIVE REVIEW AND HAVE ACTED JOINTLY AND COLLECTIVELY IN

18  DETERMINING PLAINTIFF WILL NOT BE ELIGIBLE FOR ANOTHER CONSIDERATION FOR RELEASE FROM

19  S.H.U. VIA INACTIVE REVIEW UNTIL 2011.   DEFENDANTS ARE NEGLIGENTLY AND INTENTIONALLY

20  SUBJECTING PLAINTIFF TO (6) YEAR TIME SPANS BETWEEN CONSIDERATIONS FOR RELEASE FROM

21  S.H.U. OVER LONG ESTABLISHED YEARLY CONSIDERATION.    THE ACT, OMISSION AND PRAC-

22  TICE COMPLAINED OF HAS CREATED AN ATYPICAL HARDSHIP TO PLAINTIFF, SUBJECTING HIM

23  TO CRUEL AND UNUSUAL PUNISHMENT AND EX POST FACTO VIOLATIONS ABSENT DUE-PROCESS

24  VIOLATIVE OF ARTICLE I CLAUSE 9, 8TH AND 14TH AMENDMENT OF UNITED STATES CONSTITUTION.

25     53. IN THE INACTIVE REVIEW PROCESS J. PUENTE RELIED ON INFORMATION THAT NOT

26  ONLY FAILED TO SUPPORT GANG ACTIVITY BUT ALSO CREATED FALSE INFORMATION.  J. PUENTE

27  WAS NEGLIGENT AND INTENTIONAL IN HIS DETERMINATIONS.   THE ACT, OMISSION AND

28  PRACTICE COMPLAINED OF CREATED AN ATYPICAL HARDSHIP FOR PLAINTIFF, SUBJECTING

PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT ABSENT DUE PROCESS IN VIOLATION OF THE 8TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

54. DOCUMENTS AUTHORED BY D. SILVA IN THE INACTIVE REVIEW PROCESS FAILED NOT ONLY TO ESTABLISH ARTICULABLE FACTS SUPPORTING GANG ACTIVITY, BUT ALSO CREATED FALSE INFORMATION. D. SILVA WAS NEGLIGENT AND INTENTIONAL IN HIS DECISION THAT PLAINTIFF IS ACTIVE IN A PRISON GANG. THIS ACT, OMISSION AND PRACTICE COMPLAINED OF CREATED AN ATYPICAL HARDSHIP, SUBJECTING PLAINTIFF TO CRUEL AND UNUSUAL PUNISHMENT ABSENT DUE PROCESS IN VIOLATION OF THE 8TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION. EXHIBIT B

55. IN THE APPEAL CHALLENGING GANG ACTIVITY DECISION THE 602 REVIEWERS AND DECISION MAKERS JOINTLY AND COLLECTIVELY DENIED PLAINTIFF A FAIR OPPORTUNITY TO GRIEVANCE THE DECISION. THE ACT, OMISSION AND PRACTICE COMPLAINED OF CREATED AN ATYPICAL HARDSHIP MAKING PLAINTIFF ELIGIBLE FOR S.H.U. RELEASE EVERY (6) YEARS. SUBJECTING PLAINTIFF TO DENIAL TO GRIEVANCE THE GOVERNMENT, CRUEL AND UNUSUAL PUNISHMENT AND EX POST FACTO ABSENT DUE PROCESS IN VIOLATION OF ARTICLE 1 CLAUSE 9, 1ST, 8TH, AND, 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION. EXHIBIT C

56. RELEVANT DEFENDANTS JOINTLY AND COLLECTIVELY DENIED PLAINTIFF THE FEBRUARY AND MAY 2006 ISSUES OF "MAXIM ESPAÑOL" MAGAZINES. THESE DENIALS WERE NEGLIGENT AND INTENTIONAL AS AN OVER EXAGGERATED AND ZEALOUS RESPONSE TO BANNED MATERIAL. THESE ACTS, OMISSIONS AND PRACTICE COMPLAINED OF DENIED PLAINTIFF HIS RIGHT TO RECEIVE PERIODICALS AND IS VIOLATIVE OF 1ST AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION. EXHIBIT C

57. IN THE TWO APPEALS CHALLENGING THE DISALLOWED PERIODICALS THE RELEVANT REVIEWER AND DECISION MAKERS JOINTLY AND COLLECTIVELY DENIED PETITIONER A FAIR OPPORTUNITY TO GRIEVANCE THE DENIALS. THE ACT, OMISSION AND PRACTICE COMPLAINED OF DENIED PLAINTIFF HIS RIGHT TO GRIEVANCE THE GOVERNMENT IN VIOLATION OF 1ST AND 14TH AMENDMENT OF UNITED STATES CONSTITUTION.

VII PRAYER FOR RELIEF

58. PLAINTIFF IS WITHOUT REMEDY SAVE BY THIS STATE TORT ACTION WHEREFORE PLAINTIFF PRAYS THAT THIS COURT:

1. ISSUE AN ORDER TO SHOW CAUSE;

2. APPOINT COUNSEL AND AWARD ATTORNEY FEES;

3. ALLOW PETITIONER TO CONDUCT DISCOVERY;

4. CONVENE AN EVIDENTIARY HEARING;

5. GRANT STATE TORT ACTION;

6. DECLARE PETITIONER'S CONSTITUTIONAL RIGHTS;

7. GRANT COMPENSATORY DAMAGES FROM EACH AND EVERY DEFENDANT IN THE AMOUNT OF:

8. GRANT PUNITIVE DAMAGES COLLECTIVELY FROM THE DEFENDANTS IN THE AMOUNT OF:

9. ISSUE A DECLARATORY JUDGEMENT THAT AT ALL RELEVANT TIMES DEFENDANTS HAVE VIOLATED:

a.) COURT INJUNCTIONS IN ONE OR MORE OF THE FOLLOWING CASES: WRIGHT V. ENOMOTO 462 F.SUPP. 397 (N.D.CAL. 1976); WRIGHT VS RUSHEN 642 F2d 1129 (9TH CIR. 1981); TOUSSAINT VS. YOCKEY 722 F2d 1490 (9TH CIR. 1984); TOUSSAINT VS. McCARTHY 597 F.SUPP. 1388 (N.D. CAL. 1984); TOUSSAINT VS. McCARTHY 801 F2d 1080 (9TH CIR 1986); TOUSSAINT VS. ROWLAND 711 F.SUPP. 536 (N.D.CAL. 1989); TOUSSAINT VS. McCARTHY 926 F2d 800 (9TH CIR. 1990); MADRID VS. GOMEZ 889 F.SUPP. 1146 (N.D. CAL. 1997); CASTILLO VS. ALAMEDA et.al. NO. C-94-2847 MJJ (N.D.CAL. 2005)

b.) CCR 15 § 3335~3339 AND § 3344.5 (c) (3)

10. ISSUE A DECLARATORY JUDGEMENT THAT:

a.) PRISONERS HOUSED IN THE S.H.U., CLASSIFIED AS PRISON GANG MEMBERS OR ASSOCIATES, FOR AN INDETERMINATE TERM ARE SO PLACED UNDER ADMINISTRATIVE SEGREGATION §§ 3335~3339

b.) THE CDCR APPLYING §§ 3341.5 (c)(5, 3378 (d), (e) TO PRISONERS WHEN CONSIDERING RELEASE FROM S.H.U. IS AN EX POST FACTO APPLICATION TO § 3341.5(c)(3)

14.

1  c.) INDETERMINATE S.H.U. TERM PRISONERS CLASSIFIED AS PRISON GANG
2  MEMBERS OR ASSOCIATES ARE ENTITLED TO RELEASE REVIEWS PER. § 3341.5 (c)(3)
3  11. ISSUE AN ORDER THAT DEFENDANTS:
4      a.) AMEND CCR 15 § 3341.5 STRIKING SUBSECTION (c)(5) AS EX POST
5  FACTO APPLICATION TO SUBSECTION (c)(3);
6      b.) AMEND CCR 15 § 3378 STRIKING SUBSECTIONS (d), (e) AS EX POST
7  FACTO APPLICATION TO § 3341.5 (c)(3);
8      c.) ADHERE TO THE ELEVEN GUIDELINES ESTABLISHED BY THE COURT IN
9  THE CASTILLO V. ALAMEIDA et. al. SETTLEMENT WHEN RELYING ON ASSERTED
10  INFORMATION WHEN:
11          1.) CONDUCTING INITIAL VALIDATION PROCESS OF PRISONERS AS TO A
12  MEMBERSHIP OR ASSOCIATION TO A PRISON GANG.
13          2.) CONSIDERING WHETHER TO RELEASE OR RETAIN IN S.H.U. UNDER
14  AD. SEG. PURSUANT TO §§ 3335~3339, 3341.5 (c)(3).
15      12. GRANT ANY OTHER RELIEF THIS COURT DEEMS PROPER AND JUST.
16
17          _VIII_ VERIFICATION
18  59. I, MANUEL ZARATE STATE:
19          I AM THE PLAINTIFF IN THIS ACTION AND I HAVE READ THE FOREGOING
20  STATE TORT ACTION AND THE FACTS STATED THEREIN ARE TRUE OF MY OWN
21  BELIEF AND TO THE BEST OF MY KNOWLEDGE, EXCEPT AS TO MATTERS THAT ARE
22  THEREIN STATED UNDER INFORMATION AND BELIEF, AND AS TO THOSE MATTERS I
23  BELIEVE THEM TO BE TRUE
24          I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
25  AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED AT PELICAN BAY
26  STATE PRISON, CRESCENT CITY, CALIFORNIA ON
27  DATE _October   22   2007_ /s/ _Manuel Zarate_
                                    MANUEL ZARATE
28

MEMORANDUM OF POINTS AND AUTHORITIES

## I.

EX POST FACTO CLAUSE IS VIOLATED IN THE APPLICATION OF CHANGE IN REGULATIONS GOVERNING ADMINISTRATIVE SEGREGATION RELEASE CONSIDERATIONS

THE CONFINEMENT OF GANG MEMBERS AND ASSOCIATES IN A S.H.U. IS CONSIDERED TO BE AD. SEG. §§ 3335~3341.5 RATHER THAN DISCIPLINARY DETENTION §§ 3330-3333. THE CDCR'S PRACTICE HAS BEEN TO ASSIGN PRISON GANG MEMBERS AND ASSOCIATES TO AN INDETERMINATE S.H.U. TERM UNDER AD. SEG. MADRID V. GOMEZ (N.D.Cal. 1995) 889 F.Supp. 1146, 1246. AND RELEASE FROM AD. SEG. IS SUBJECT TO THE GENERAL STANDARD UNDER § 3339, COUPLED WITH THE PARTICULAR STANDARD FOR PRISONERS IN A S.H.U. UNDER AD. SEG. PURSUANT TO § 3341.5 (c)(3) WHICH PROVIDES:

"RELEASE FROM S.H.U. AN INMATE SHALL NOT BE RETAINED IN A SHU BEYOND THE EXPIRATION OF A DETERMINATE TERM OR BEYOND 11 MONTHS UNLESS CLASSIFICATION COMMITTEE HAS DETER-MINED . . . .

IN RELEVANT PART:

"(B) RELEASE OF THE INMATE WOULD SEVERELY ENDANGER THE LIVES OF INMATES OR STAFF, THE SECURITY OF THE INSTITUTION, OR THE INTEGRITY OF AN INVESTIGATION INTO SUSPECTED CRIMINAL ACTIVITY OR SERIOUS MISCONDUCT."

IN PRACTICE, THE CDCR HAS RETAINED GANG-CLASSIFIED PRISONERS IN SEGR-EGATION HOUSING LONGER THAN 11 MONTHS, BASED UPON ITS DETERMINATION THAT THEIR RELEASE WOULD SEVERELY ENDANGER LIVES OR SECURITY

IN 1999 THE CDCR PROMULGATED REGULATIONS ALLOWING THE HOUSING OF GANG MEMBERS OR ASSOCIATES IN PRISON GENERAL POPULATION SO LONG AS THEY HAVE NOT BEEN ACTIVE IN A GANG FOR A MINIMUM OF SIX YEARS, THE REGULATIONS ARE: §§ 3341.5 (c)(5)(6) AND 3378 (d)(e). SUBSECTION (c)(5) PROVIDES:

"THE DEPARTMENTAL REVIEW BOARD (DRB) MAY AUTHORIZE SHU RELEASE FOR PRISON GANG MEMBERS OR ASSOCIATES CATAGORIZED AS INACTIVE. THE TERM INACTIVE MEANS THAT THE INMATE HAS NOT BEEN INVOLVED IN GANG ACTIVITY FOR A MINIMUM OF SIX (6) YEARS."

SUBSECTION (c)(6) PROVIDES:

"AN INMATE CATAGORIZED AS INACTIVE . . . . AND PLACED IN THE GENERAL POPULATION MAY BE RETURNED TO SEGREGATION BASED UPON ONE RELIABLE SOURCE ITEM IDENTIFYING THE INMATE AS A CURRENT ACTIVE GANG MEMBER OR ASSOCIATE . . . . "

1  SUBSECTION (d) PROVIDES:
2  "AN INMATE HOUSED IN THE GENERAL POPULATION AS A GANG MEMBER OR
   ASSOCIATE MAY BE CONSIDERED FOR REVIEW FOR ACTIVE STATUS WHEN THE
3  INMATE HAS NOT BEEN IDENTIFIED AS HAVING BEEN INVOLVED IN GANG
   ACTIVITY FOR MINIMUM OF TWO (2) YEARS"
4  SUBSECTION (e) PROVIDES:
5  "AN INMATE HOUSED IN A SHU AS A GANG MEMBER OR ASSOCIATE MAY BE
   CONSIDERED FOR REVIEW OF INACTIVE STATUS BY (1) R.E. WHEN THE INMATE
6  HAS NOT BEEN IDENTIFIED AS HAVING BEEN INVOLVED IN GANG ACTIVITY FOR
   A MINIMUM OF SIX (6) YEARS"

7  THE CALIFORNIA SUPREME COURT IN IN RE WINNER (1997) 66 CAL.RPTR.2d 333 HAS DIRE-
8  CTED THAT THE EX POST FACTO CLAUSE OF THE STATE CONSTITUTION BE ANALYZED IDENTICALLY TO THAT
9  OF THE UNITED STATES CONSTITUTION (TAPIA VS. SUPERIOR COURT (1991) CAL.RPTR. 592; ACCORD
10 PEOPLE VS. MCVICKERS (1992) 13 CAL.RPTR.2d 850).    TO FALL WITHIN THE EX POST FACTO PROH-
11 IBITION, THE STATUTE MUST BE RETROSPECTIVE ~ ~ THAT IS, IT MUST APPLY TO EVENTS OCCURING
12 BEFORE ITS ENACTMENT ~ ~ AND IT MUST DISADVANTAGE THE OFFENDER AFFECTED BY IT ..."
13 SEE ALSO PEOPLE VS. DELGADO (2006) 45 CAL.RPTR.3d 501 (STANDARD FOR DETERMINING WHETHER
14 A LAW VIOLATES THE EX POST FACTO CLAUSE HAS TWO (2) COMPONENTS: 1.) LAW MUST BE RETRO-
15 SPECTIVE, MUST APPLY TO EVENTS OCCURING BEFORE ENACTMENT 2.) MUST DISADVANTAGE THE
16 OFFENDER).   ARMIJO VS. MILES (2005) 26 CAL.RPTR.3d 623 (RETROACTIVE APPLICATION OF
17 STATUTE MAY BE UNCONSTITUTIONAL IF IT DEPRIVES AN INDIVIDUAL OF A VESTED RIGHT ...)
18 THE INQUIRY INTO EX POST FACTO LAW IS AN OBJECTIVE ONE, IN RE LOMAX (1998)
19 78 CAL.RPTR.2d 220 HELD "IT IS THE EFFECT, NOT THE FORM OF THE LAW THAT DETER-
20 MINES WHETHER IT IS EX POST FACTO ..." PENAL CODE SECTION 5058 GIVES EXPLICIT
21 STATUTORY AUTHORITY TO THE DIRECTOR OF THE C.D.C.R. TO PROMULGATE REGULATIONS RELATIVE
22 TO ITS PRISONS AND SUCH VALID REGULATIONS HAVE THE FORCE AND EFFECT OF LAW
23 HOWAN VS. GOMEZ (1995) 37 CAL.APP.4TH 597, 601.    THUS, SUCH REGULATIONS
24 ARE SUBJECT TO EX POST FACTO PROHIBITIONS, LOMAX, SUPRA AT 222.
25 THE CRITICAL QUESTION IS WHETHER THE CHANGE IN §§ 334.5 AND
26 3378 CHANGES THE LEGAL CONSEQUENCES OF ACTS COMPLETED BEFORE ITS EFFECTIVE
27 AMENDMENT.   NAMELY, UNDER § 334.5 (c)(3)(B) COUPLED WITH § 3339 PETITIONER
28 HAS A STATE CREATED LIBERTY INTEREST RIGHT IN THAT HE SHALL NOT BE RETAINED

1  IN SHU ... BEYOND 11 MONTHS ... "AND" RELEASE FROM SEGREGATION STATUS SHALL OCCUR AT THE

2  EARLIEST POSSIBLE TIME ... " ADDITION OF (c)(5)(6) TO §3341.5 AND (d) (e) TO §3378

3  NOW CHANGES PLAINTIFF'S ELIGIBILITY FOR RELEASE FROM AD. SEG. FROM ONE (1) YEAR

4  TO SIX (6) YEARS SO LONG AS PLAINTIFF "NOT ACTIVE IN THE "GANG". UNDISPUTEDLY THE

5  AMENDMENTS MAKE MORE BURDENSOME PLAINTIFFS STATE CREATED RIGHT TO BE CONSIDERED

6  FOR RELEASE FROM SEGREGATION UNDER PEOPLE VS. DELGADO; AZUMTO VS. MILES; IN RE LOMAX

7     PRIOR TO THE AMENDMENTS, AS FAR BACK AS 1984 THE TOUSSAINT LINE OF INJUNCTIONS

8  REQUIRED THAT PRIOR TO RETAINING GANG MEMBERS OR ASSOCIATES IN AD. SEG. BEYOND (11)

9  MONTHS.    A SHOWING OF "PRESENT" ACTIVITY TO SUPPORT SUCH A DECISION WAS MANDATED

10  BY DUE PROCESS TOUSSAINT VS. YOCKEY (9TH CIR. 1984) 722 F.2d 1490, 1494 N.5; TOUSSAINT VS. ROW-

11  LAND (N.D. CAL. 1989) 711 F. SUPP. 536, 540.

12     THE AMENDMENTS DID NOT ESTABLISH ANY NEW SUBSTANTIVE PREDICATE OF "CURRENT"

13  ACTIVITY AS A PREREQUISITE TO RETAINING PLAINTIFF IN AD. SEG.  THE "PRESENT" OR "CURRENT"

14  ACTIVITY ELEMENT NECESSARY TO A DECISION TO RETAIN A PRISONER IN SEGREGATION HAS

15  ALWAYS BEEN IN PLAY TOUSSAINT AT 1494 N.5.   WHAT THE AMENDMENTS DO NEWLY CREATE

16  IS A MORE BURDENSOME INCREASE IN THE TIME LAPSE BETWEEN PLAINTIFF'S ELIGIBILITY FOR

17  RELEASE REVIEW FROM SEGREGATION. PLAINTIFF MUST NOW WAIT SIX (6) YEARS FOR REVIEW.

18     THE RELEVANT INVESTIGATORS, COMMITTEE MEMBERS AND APPEAL REVIEWER AS DEF-

19  ENDANTS AND CDCR EMPLOYEES HAVE A DUTY TO BE COGNIZANT OF RELEVANT RULES, AS DECISION

20  MAKERS FOR §§3291, 3430.    DEFENDANTS HAVE JOINTLY AND COLLECTIVELY DEPRIVED

21  PLAINTIFF OF THE LONG ESTABLISHED RIGHT TO AN ANNUAL REVIEW OF RETENTION OR RELEASE

22  FROM SEGREGATION PER §3341.5 (c)(3).    DEFENDANTS NEGLIGENTLY AND INTENTIONALLY

23  ARE SUBJECTING PLAINTIFF TO EX POST FACTO, CRUEL OR UNUSUAL PUNISHMENT AND EQUAL

24  PROTECTION ABSENT DUE PROCESS VIOLATIVE OF ARTICLE 1 §§7, 9, 15 AND 17 OF STATE CONSTITUTION.

25     THE PROMULGATING OF NEW AMENDMENTS AUTHORIZING RETAINING IN SEGREGATION

26  FOR SIX (6) YEAR TIME PERIODS, GANG AFFILIATES.  SUBJECTS PLAINTIFF AS WELL AS

27  ANY OTHER PRISON GANG MEMBER OR ASSOCIATE, TO THE CURTAILING OF THE CREATED RIGHT TO

28  RELEASE FROM SEGREGATION "AT THE EARLIEST TIME POSSIBLE" §3339 (a) OR "NOT BE

1  RETAINED ... BEYOND (11) MONTHS" §3341.5(c)(3).    THIS IS CONSTITUTIONALLY IMPERMISSIBLE

2  BECAUSE THE SIX (6) YEAR TIME LAPSE OF THE INACTIVE REVIEW OVER THE ANNUAL RELEASE

3  REVIEW IS MORE BURDENSOME AND DISADVANTAGES PLAINTIFF.    IT PLACES AN ATYPICAL

4  HARDSHIP THAT IS AFFECTING PETITIONER'S PAROLE HEARINGS AND ULTIMATELY PROLONGING

5  HIS INCARCERATION [13] SANDIN VS. CONNER (1995) 515 U.S. 472.    UNDISPUTEDLY, SUBJECT-

6  ION TO THE NEW AMENDMENTS VIOLATES THE EX POST FACTO CLAUSE OF STATE CONSTITUTION.

7

8                                       II.

9    RETENTION IN SEGREGATION ABSENT GANG ACTIVITY IS VIOLATION OF
     EQUAL PROTECTION, CRUEL OR UNUSUAL PUNISHMENT ABSENT DUE
10   PROCESS VIOLATIVE OF ARTICLE I SECTIONS 7, 15 AND 17 OF STATE CONSTITUTION

11

12   ALTHOUGH LAWFUL IMPRISONMENT DEPRIVES PRISONERS OF MANY RIGHTS, THEY DO NOT

13  SHED ALL CONSTITUTIONAL RIGHTS. IN RE ROARIX (1996) CAL APP 4TH 1948, 1953 N. 62.

14  VIA STATUTES AND REGULATIONS, STATES MAY CREATE A LIBERTY INTEREST IN FREEDOM FROM

15  SEGREGATION §§3335, 3336, 3339(a), 3341.5(c)(3) AND PROTECTED BY THE DUE

16  PROCESS CLAUSE.    THE DUE PROCESS CLAUSE OF CALIFORNIA CONSTITUTION IN ITS SUBSTANTIVE

17  ASPECTS, PROVIDE CHECKS ON GOVERNMENT'S POWER TO ACT UNFAIRLY OR OPPRESSIVELY

18  PEOPLE VS. GALLEGOS (1997) 62 CAL RPTR 2d 666

19    IN ORDER FOR PLAINTIFF'S CONTINUED PLACEMENT IN SEGREGATION TO BE VALID, IT

20  MUST BE SUPPORTED BY "SOME EVIDENCE" TOUSSAINT VS. MCCARTHY (9TH CIR 1988) 801 F 2d

21  1080, 1104; SUPERINTENDANT VS. HILL (1985) 472 U.S. 445.    DESPITE THIS LOW-THRESHOLD

22  DEFENDANTS ARE REQUIRED TO ESTABLISH SOME INDICIA OF RELIABILITY OF THE EVIDENCE

23  THAT FORMS THE BASIS FOR THE CONTINUED ADMINISTRATIVE ACTION CATO VS RUSHEN (9TH

24  CIR 1987) 824 F 2d 703, 704~05.    IN ASCERTAINING WHETHER THE STANDARD IS SATIS-

25  FIED, DOES NOT REQUIRE EXAMINATION OF THE ENTIRE RECORD.    INSTEAD THE RELEVANT

26  QUESTION IS WHETHER THERE IS ANY EVIDENCE IN THE RECORD THAT COULD SUPPORT THE

27  CONCLUSION REACHED.    THE RECORD FOR THIS PURPOSE IS THE DOCUMENTATION RELIED ON

28  TO RETAIN PLAINTIFF IN AD. SEG. CONSISTING OF (5) ITEMS, SUPRA AT PARAGRAPH 32.

13. TO DATE, PLAINTIFF SENTENCED TO SEVEN YEARS TO LIFE, HAS BEEN INCARCERATED
FOR TWENTY-FOUR (24) YEARS AND WAY BEYOND THE ESTABLISHED SENTENCING MATRIX.

1   THE FIVE (5) PIECES OF INFORMATION RELIED ON TO RETAIN PLAINTIFF IN SEGREGATION VIA

2   INACTIVE REVIEW § 3341.5(c)"(5)". FAILS TO COMPLY NOT ONLY WITH THE "SOME EVIDENCE"

3   AND "INDICIA OF RELIABILITY" STANDARDS. BUT DO NOT COMPLY WITH THE GUIDELINES FOR DETER-

4   MINING PRISON GANG ACTIVITY AS ESTABLISHED BY THE COURT IN THE CASTILLO VS. ALAMEDA et al.

5   SETTLEMENT (2005) (N.D. CAL. NO. C-94-2847) RELEVANT GUIDELINES ARE:

6   NO. 2 THE CDCR IS REQUIRED TO HAVE AN "ARTICULABLE BASIS" (MEANING SOMETHING THAT
    INCLUDES REASONABLE FACTS) AS TO WHY A SOURCE ITEM IS INDICATIVE OF GANG ACTIVITY.

7   NO. 3 GANG ACTIVITY IS DEFINED AS ANY ILLEGAL, UNLAWFUL, OR CRIMINAL ACTIVITY DONE
    IN FURTHERANCE OF THE GOALS OF A PRISON GANG

8   NO. 6 CDCR CAN NO LONGER RELY ON CONFIDENTIAL INFORMANTS WHO PROVIDE NOTHING
    MORE THAN A NAME OF A PRISONER IN CONNECTION TO A PRISON GANG. CONFIDENTIAL INFOR-

9   MANTS MUST REFER TO SPECIFIC ACTS THAT AN INMATE ALLEGEDLY DID IN CONNECTION WITH A PRISON GANG.

10  NO. 7 CDCR CAN NO LONGER RELY ON "HEARSAY" FROM CONFIDENTIAL INFORMANTS,
    MUST HAVE PERSONAL KNOWLEDGE OF THE CONFIDENTIAL INFORMATION DISCLOSED.

11  THE FOUR (4) C.M.s RELIED ON FALL WITHIN GUIDELINES 2, 3, 6, AND 7:

12  THE OCTOBER 13, 1987 C.M. FAILS TO CONNECT PLAINTIFF TO ANY GANG ACTIVITY, PROVIDES

13  NOTHING MORE THAN PLAINTIFF NAME AND AMOUNTS TO HEARSAY. THE AUGUST 15,

14  1989 C.M. FAILS TO CONNECT PLAINTIFF TO ANY GANG ACTIVITY, CLEARLY THE INFORMANT

15  PROVIDES A VAGUE ASSERTION TANTAMOUNT TO HEARSAY WHEN SOLELY PROVIDING PLAINTIFF

16  NAME. IT SHOULD BE NOTED THREE MONTHS LATER AN INVESTIGATION OF NOVEMBER 15,

17  1989 CONDUCTED BY LT. BELL C.A.C. (NOW I.G.I.) FOUND THIS PIECE WITHOUT INDICIA OF

18  RELIABILITY. THE SEPTEMBER 30, 1992 C.M. FAILS TO CONNECT PETITIONER TO ANY

19  GANG ACTIVITY; PROVIDES NOTHING MORE THAN PLAINTIFFS' NAME AND AMOUNTS TO

20  NOTHING MORE THAN HEARSAY. THIS INFORMANT PROVIDES THAT PLAINTIFF IS A MEMBER

21  OF THE "EME" FROM 1993 TO THE PRESENT THE CDCR (I.G.I.) HAS CONDUCTED NO FEWER

22  THAN FOURTEEN PRE CLASSIFICATION INVESTIGATIONS OF PETITIONER AND HAS CONTINUOUSLY

23  FOUND HIM TO BE AN ASSOCIATE. PLAINTIFF ASSERTS DEFENDANTS BY THEIR OWN

24  ADMISSION CONCEDE THAT THESE THREE (3) PIECES ONLY MEET VALIDATION REQUIRE-

25  MENTS (CDCR 128-B-2 AUGUST 23, 2006) AND DO NOT CONSTITUTE GANG ACTIVITY.[14]

26  THUS, CANNOT BE RELIED ON TO SUPPORT PLAINTIFF'S CONTINUED RETENTION IN SEGREGATION.

27  THE JUNE 2, 2003 C.M. FAILS TO CONNECT PLAINTIFF TO ANY GANG ACTIVITY,

28  GIVES NO INDICATION INFORMANT HAD PERSONAL KNOWLEDGE. THIS IS EVIDENCED BY

14. SEE RELEVANT DOCUMENTS IN EXHIBIT

20.

1  THE FACT THE INFORMANT ONLY WROTE PLAINTIFF'S NAME YET HAD WRITTEN ADDRESSES OF
2  THE OTHER GANG MEMBERS AND ASSOCIATES.    WHATSMORE, PLAINTIFF ASSERTS IF THE
3  DEFENDANTS BELIEVED VIA THE DOCUMENTS THAT PETITIONER HAD PARTICIPATED IN GANG ACTIVITY,
4  THEN PER §§ 3312 (a)(3), 3315 (a)(2)(E) THEY WERE MANDATED TO FOLLOW THEIR OWN
5  RULES AND ISSUE PLAINTIFF A C.D.C. 115 R.V.R. BASED ON PLAINTIFF'S ACTIONS PER §§
6  3000 "GANGS", 3023 "GANG ACTIVITY". SEE RELEVANT DOCUMENTS IN EXHIBIT
7      THE SEPTEMBER 8, 2005 C.D.C.R. 128 B GANG CHRONO UNDISPUTEDLY IS NOT INDICA-
8  TIVE OF GANG ACTIVITY, AT BEST CAN BE TIED TO IDENTIFICATION OF ASSOCIATION, AT WORST
9  REFLECTS FALSE DOCUMENTATION BY ITS AUTHOR.    THE CALENDAR IN QUESTION WAS
10  PURCHASE BY PLAINTIFF VIA SPECIAL PURCHASE ORDER APPROVED BY OFFICIALS.
11  PLAINTIFF IS NOT A MEMBER OF THE "SAN DIEGO" STREET GANG, NO SUCH GANG EXISTS
12  IN SAN DIEGO.    WHATSMORE, PLAINTIFF ISN'T EVEN FROM METROPOLITAN SAN DIEGO,
13  HE WAS RAISED IN OCEANSIDE LOCATED ON THE NORTHERN OUTSKIRTS OF SAN DIEGO COUNTY.
14      THE RELEVANT DEFENDANTS HAVE JOINTLY AND COLLECTIVELY FAILED TO SATISFY THE
15  "SOME EVIDENCE" AND "INDICIA OF RELIABILITY" STANDARDS COUPLED WITH THE GUIDELINES
16  FOR GANG ACTIVITY MANDATED BY THE CASTILLO VS. ALAMEDA et. al. SETTLEMENT. IN THEIR
17  DECISION TO RETAIN PLAINTIFF IN SEGREGATION.    DEFENDANTS NEGLIGENTLY AND INTEN-
18  TIONALLY SUBJECTED PLAINTIFF TO DENIAL OF HIS STATE CREATED RIGHT TO BE FREE FROM
19  PROLONGED SEGREGATION ABSENT DUE PROCESS VIOLATIVE OF ARTICLE 1 §15 OF THE
20  STATE CONSTITUTION.
21  EQUAL PROTECTION
22      EQUAL PROTECTION GUARANTEES OF BOTH STATE AND FEDERAL CONSTITUTIONS ARE ANAL-
23  YZED IN SIMILAR FASHION PEOPLE VS LENG (1999) 83 CAL RPTR 2d 433 ; KENNEALLY VS. MEDICAL
24  BOARD (1994) 32 CAL RPTR 2d 504.    THE CRUX OF CONSTITUTIONAL PROMISE OF EQUAL PROT-
25  ECTION IS THAT PERSONS SIMILARLY SITUATED SHALL BE TREATED EQUALLY IN RE EVANS (1996)
26  57 CAL RPTR 2d 844.    A CONDITION OF CONFINEMENT WHICH IMPINGES UPON A FUNDAMEN-
27  TAL INTEREST MUST BE JUSTIFIED UNDER BOTH STATE AND FEDERAL CONSTITUTIONS BY COMPEL-
28  ING GOVERNMENTAL INTEREST WHICH CANNOT BE SATISFIED BY LESS INTRUSIVE MEANS

21.

1    AND THUS, IS SUBJECT TO STRICT SCRUTINY ON REVIEW INMATES OF SYBIL BRAND INST. VS.

2    CITY OF L.A. (1982) 181 CAL RPTR 599 ;  PEOPLE VS OLIVAS (1976) 131 CAL RPTR 56

3       PLAINTIFF , AS A PRISONER PLACED IN AD. SEG PER §3335 (A) IS ENTITLED TO THE

4    SAME PROCEDURAL SAFEGUARDS AS ANY OTHER PRISONER PLACED IN AD. SEG.    AN INDE-

5    TERMINATE SHU TERM UNDER AD. SEG. CANNOT REDEFINE RULES PERTAINING TO AD. SEG.

6    SPECIFICALLY §§ 3335-3339.    SECTION 3339 (A) IN RELEVANT PART :

7          (A) RELEASE : RELEASE FROM SEGREGATION STATUS SHALL OCCUR AT THE EARLIEST
             POSSIBLE TIME IN KEEPING WITH THE CIRCUMSTANCES AND REASONS FOR THE
8             INMATE'S INITIAL PLACEMENT IN ADMINISTRATIVE SEGREGATION.

9       QUERY. A PRISONER PLACED IN AD. SEG FOR REASONS UNRELATED TO PRISON GANGS

10   AND ANOTHER PRISONER PLACED IN AD. SEG. CONCERNING PRISON GANGS.    BOTH ARE

11   ENTITLED TO THE SAME PROTECTIONS OF DUE PROCESS SAFEGUARDS?  PETITIONER ASSERTS

12   EQUAL PROTECTION DEMANDS THE SAME SAFEGUARDS FOR BOTH PRISONERS IN THE

13   DECISION WHETHER TO RETAIN OR RELEASE FROM SEGREGATION.    HOWEVER, DUE TO

14   THE CDCR'S OVERZEALOUS AND EXAGGERATED RESPONSE TO PRISON GANGS THEY HAVE CHOSEN

15   TO RETAIN PLAINTIFF IN SEGREGATION.    AND IN THAT PROCESS HAVE NOT ONLY CREATED

16   FALSE INFORMATION TO SUPPORT THE DECISION BUT HAVE FAILED TO PROVIDE CREDIBLE

17   INFORMATION EVIDENCING PRISON GANG ACTIVITY.

18      RELEVANT DEFENDANTS HAVE TOTALLY AND COLLECTIVELY FAILED TO ADHERE TO THE SAFE-

19   GUARDS MANDATED BY THE RELEVANT RULES WHEN DECIDING WHETHER TO RETAIN OR RELEASE

20   PLAINTIFF FROM SEGREGATION.    AND HAVE NEGLIGENTLY AND INTENTIONALLY CREATED

21   FALSE INFORMATION UNDER CALIFORNIA CIVIL CODE §§ 1798 et. al. (I.P.A.).    AND SUB-

22   JECTING PLAINTIFF TO DENIAL OF HIS RIGHT TO EQUAL PROTECTION ABSENT DUE PROCESS

23   VIOLATIVE OF ARTICLE I §§ 7 AND 15 OF CALIFORNIA CONSTITUTION.

24   CRUEL OR UNUSUAL PUNISHMENT

25      WITHIN THE CONSTITUTIONAL PROHIBITION OF CRUEL OR UNUSUAL PUNISHMENT "CRUEL"

26   HAS ITS ORDINARY MEANING OF CAUSING PHYSICAL PAIN OR MENTAL ANGUISH OF AN

27   INHUMANE OR TORTUROUS NATURE  ARTICLE I §17 CALIFORNIA CONSTITUTION ;  PEOPLE VS.

28   ANDERSON (1972) 100 CAL RPTR 152 CERT. DEN. 406 U.S. 958.    SECTION 17 RIGHTS

1   DO NOT CONFLICT WITH INCARCERATION RATHER, THEY LIMIT THE HARDSHIPS WHICH MAY BE

2   INFLICTED UPON THOSE INCARCERATED AS "PUNISHMENT". <u>INMATES OF RIVERSIDE CO. JAIL AT</u>

3   <u>INDIO VS. CLARK</u> (1983) 192 CAL. RPTR. 823 (IN HABEAS ACTION INMATES CHALLENGED CONDI-

4   TIONS FAILED TO MEET CONTEMPORARY STANDARDS OF DECENCY AND WERE UNCONSTITUTIONAL)

5      THE PBSP-SHU IS A PRISON WITHIN A PRISON WHERE PRISONERS ARE DENIED

6   VIRTUALLY ALL PRIVILEGES. THE SHU IS BASED ON SENSORY DEPRIVATION AND EXTREME

7   ISOLATION MODELS. MEALS ARE RECEIVED IN CELLS, NO ACCESS TO ANY KIND OF

8   TRAINING AND WHAT EDUCATIONAL ACTIVITIES AVAILABLE APART FROM G.E.D. IS ONLY

9   FOR THOSE WHO CAN PAY FOR COLLEGE COURSES. NO CONTACT VISITS AND PHONE

10   ACCESS, DAYS ARE SPENT 22½ HOURS IN WINDOWLESS CELLS. PRISONERS ARE

11   ALWAYS SHACKLED WHEN LEAVING CELL, YARD FOR 1½ HOURS PER DAY CONSISTS OF A

12   CONCRETE BOX ABSENT ANY EQUIPTMENT FOR EXERCISING. PSYCHOLOGISTS AND

13   COURTS HAVE DETERMINED THAT LONG-TERM CONFINEMENT IN SEGREGATION PUSHES

14   THE BOUNDARIES OF WHAT HUMANS CAN ENDURE <u>INDIO, SUPRA</u> AT 1227-37

15      THESE DEPRIVATIONS ARE COMPOUNDED DUE TO THE CREATION OF A NEW PART OF

16   THE SHU, WHERE PLAINTIFF WAS TRANSFERED TO, REFERRED TO AS THE "GANG" OR

17   "SHORT" CORRIDOR AND OVERSEEN BY THE I.G.I. UNIT. WHO UNDER INFORMATION AND

18   BELIEF PLAINTIFF BELIEVES ITS PERSONNEL ARE MEMBERS OR ASSOCIATES OF THE CLAN-

19   DESTINE "GREEN WALL" CORRECTIONAL PRISON GANG. IN AFFECT, PLAINTIFF IS NOW

20   HOUSED IN A MORE ONEROUS SECTION OF A PRISON WITHIN A PRISON. THE I.G.I.

21   "GREEN WALL" INTERFERES WITH MEDICAL ATTENTION PROCEDURES, RESTRICTS MOVEMENT

22   PROCEDURES SO NO CONTACT IS MADE WITH OTHER SHU PRISONERS, INTERFERE WITH AND

23   ALTERED VISITING SCHEDULES, AND INTERFERES WITH THE MAIL (RE: DELAYING DELI-

24   VERY, LOSING AND CONFISCATING MAIL ABSENT NOTIFICATION, OPENING LEGAL

25   MAIL OUTSIDE PRESENCE OF PRISONERS). THESE ACTS AND PRACTICES ARE DONE

26   WITH ONE PURPOSE IN MIND — TO FORCE PRISONERS INTO BECOMING INFORMANTS.

27      AS A RESULT OF THIS CONTINUED RETENTION IN SEGREGATION (CONTINUOUS SINCE 1990)

28   PETITIONER SUFFERS FROM VISION IMPAIRMENT, GETS EXHAUSTED, HEADACHES, ANXIETY

-23-

1  ATTACKS AND INSOMNIA. PLAINTIFF SUFFERS MEMORY LOSS, MOOD SWINGS, STRESS,
2  AT TIMES DEPRESSION AND WITHDRAWAL AND IS LEARY OF CORRECTIONAL STAFF, MEDI-
3  CAL PERSONNEL. AND OFTEN LONGS TO SEE FAMILY WHO PETITIONER HAS NOT
4  SEEN IN OVER 25 YEARS.

5      IN PLAINTIFF'S CONTINUED RETENTION, DEFENDANTS HAVE IGNORED THE ANNUAL
6  REVIEW PER § 3341.5 (c)(3) AND ARE APPLYING SIX (6) YEAR TIME LAPSE PERIODS
7  BETWEEN RELEASE REVIEWS PER §§ 3341.5 (c)(6), 3378 (e). THIS APPLICATION IS
8  DISPROPORTIONATE TO THOSE SHU TERMS IMPOSED FOR SERIOUS MISCONDUCT PER § 3341.5
9  (c)(9). ESPECIALLY IN LIGHT OF THE FACT PETITIONER'S INITIAL PLACEMENT IN AD. SEG.
10  WAS NOT FOR ANY CHARGED ACT OF GUILTY FINDING OF MISCONDUCT. UNDER § 334-
11  1.5 (c)(9) A PRISONER CAN BE FOUND GUILTY OF MURDER SERVE A DETERMINATE TERM
12  IN SHU OF FIVE (5) YEARS AND BE RELEASED TO THE GENERAL POPULATION.
13  PLAINTIFF HAS BEEN IN SEGREGATION FOR SEVENTEEN (17) YEARS ABSENT ANY MIS-
14  CONDUCT AT INITIAL PLACEMENT. YET CONTINUES TO BE IN SEGREGATION BASED ON A
15  FINDING OF ASSERTED GANG ACTIVITY, ABSENT ANY CREDIBLE FOUNDATION OF SUCH ACTIVITY.
16      RELEVANT DEFENDANTS ARE JOINTLY AND COLLECTIVELY ARE CONTINUING TO RETAIN
17  PLAINTIFF IN SEGREGATION ABSENT ANY VIABLE INFORMATION IN SUPPORT OF. AND AS A
18  RESULT OF PLAINTIFF IS FORCED TO CONTINUE ENDURING THE DEPRIVATIONS AND ACCEPTING
19  THE ATYPICAL HARDSHIP OF A PROLONGED SEGREGATION. DEFENDANTS NEGLIGENTLY
20  AND INTENTIONALLY ARE SUBJECTING PLAINTIFF TO CRUEL OR UNUSUAL PUNISHMENT
21  VIOLATIVE OF ARTICLE I SECTION 17 OF THE CALIFORNIA CONSTITUTION.

22
23                              III.

24      DENYING PERIODICALS IS ABUSE OF DISCRETION WHEN THE
25      REGULATION GOVERNING CONTENT IS ARBITRARILY APPLIED

26      THE CALIFORNIA LEGISLATURE HAS PROVIDED THAT THE 'MANAGEMENT AND CONTROL
27  OF THE STATE PRISONS' IS VESTED IN THE OFFICE OF THE DIRECTOR OF CORRECTIONS P.C. § 5054.
28  AND P.C. § 5058 PROVIDES THAT THE DIRECTOR MAY PRESCRIBE RULES FOR THE ADMIN-

1  ISTRATION OF THE PRISONS . . . <u>IN RE FERGUSON</u> (1961) 12 CAL RPTR 753.    THE RULES AND
2  REGULATIONS PRESCRIBED BY THE DIRECTOR MUST BE REASONABLE AND NOT AN ABUSE OF
3  DISCRETION; <u>IN RE SCOTT</u> (2003) 5 CAL RPTR 3d 887 (". . . THIS AUTHORITY INCLUDES THE
4  MANDATE TO PROMULGATE REGULATIONS GOVERNING ADMINISTRATION, CLASSIFICATION AND
5  DISCIPLINE").    "IN INTERPRETING REGULATIONS, THE COURT SEEKS TO ASCERTAIN THE
6  INTENT OF THE AGENCY ISSUING THE REGULATION BY GIVING EFFECT TO THE USUAL MEANING
7  OF THE LANGUAGE USED SO AS TO EFFECTUATE THE PURPOSE OF THE LAW AND BY AVOID-
8  ING AN INTERPRETATION WHICH RENDERS ANY LANGUAGE MERE SURPLUSAGE.
9  BREWER VS. PATEL (1993) 20 CAL RPTR 2d 65 ; <u>MADSEN PAINT AND BODY SUPPLY</u>
10  <u>INC. VS. STATE BOARD OF EQUALIZATION</u> (2001) 104 CAL RPTR 2d 284.
11      PENAL CODE § 2601 (C) (1) PROVIDES IN PART, PRISONERS HAVE THE FOLLOWING
12  RIGHT : "TO PURCHASE, RECEIVE . . . ANY AND ALL NEWSPAPERS, PERIODICALS AND BOOKS
13  ACCEPTED FOR DISTRIBUTION VIA UNITED STATES POSTAL OFFICE . . . PRISON AUTHORITY
14  MAY EXCLUDE ANY OF THE FOLLOWING MATTER  "(A) OBSCENE PUBLICATIONS OR WRITINGS
15  AND MAIL CONTAINING INFORMATION CONCERNING WHERE, HOW, OR FROM WHO THIS
16  THIS MATTER MAY BE OBTAINED."
17      IN 1995 § 3006 (C) (15) (A) WAS PROMULGATED TO DISALLOW MATERIALS THAT LACKED
18  SERIOUS LITERARY, ARTISTIC, POLITICAL AND SCIENTIFIC VALUE.    IN 2002 SUBSEC (C)
19  (17) (A) WAS PROMULGATED TO BAN ALL MATERIALS CONTAINING SEXUAL EXPLICIT
20  IMAGES.    PLAINTIFF ASSERTS THE SEXUAL EXPLICIT IMAGES OF (C)(17)(A) FALLS
21  UNDER THE CANOPY OF OBSCENE MATERIAL  OF (C)(15)(A).    THE BLACKS LAW
22  LEGAL DICTIONARY DEFINES OBSCENE AS :
23      MATERIAL THAT PORTRAYS SEXUAL CONDUCT, AS SPECIFICALLY DEFINED
       BY THE APPLICABLE STATE LAW IN A PATENTLY OFFENSIVE WAY.
24      UNDER SUBSEC. (C) (15) (A) MAINSTREAM PERIODICALS LIKE "MAXIM ESPAÑOL"
25  WERE EXCLUDED FROM THE OBSCENE MATERIAL BAN.    UNDER SUBSEC. (C) (17) (A)
26  EVERY AND ALL PERIODICAL WAS MADE SUBJECT TO THE BAN IF IT CONTAINED
27  NUDITY.    BECAUSE THE OBSCENE MATERIAL POLICY OF SUBSEC. (C)(15)(A) IS BASED
28  ON THE <u>MILLER V. CALIFORNIA</u> (1973) 413 U.S. 15 STANDARD.    THE BANNING OF THE

1  MAXIM ESPAÑOL MAGAZINE SHOULD BE EVALUATED UNDER THAT STANDARD.

2  DENYING THE MAXIM ESPAÑOL UNDER SUBSEC. (C)(17) CONFLICTS WITH (C)(15)

3  (A) AND VIOLATES P.C. §2601 ON THE BASIS THAT BANNED MAGAZINE IS NOT

4  OBSCENE. ITS AN ABUSE OF DISCRETION BY DEFENDANTS TO APPLY A BLANKET BAN-

5  NING OF ALL MAINSTREAM PERIODICALS THAT CONTAIN NO MORE THAN MINIMAL

6  NUDITY THAT IS INCIDENTAL TO THE CONTENTS OF AN ARTICLE. AND AS A WHOLE DOES

7  NOT LACK THE VALUE CONTENT REFERENCED UNDER SUBSEC. (C)(15)(A) AND

8  SUBJECT TO THE MILLER V. CALIFORNIA STANDARD.

9  RELEVANT DEFENDANTS HAVE JOINTLY AND COLLECTIVELY ABUSED THEIR DISCRETION

10  WHEN APPLYING A BLANKET POLICY OF BANNING MAINSTREAM PERIODICALS CONTAINING

11  NUDITY INCIDENTAL TO THE CONTENT OF MAGAZINE. AND APPLYING THE WRONG STANDARD

12  IN THAT BLANKET POLICY. DEFENDANTS NEGLIGENTLY AND INTENTIONALLY SUBJECTED

13  PLAINTIFF TO DENIAL OF INALIENABLE RIGHTS ~ ACQUIRING AND POSSESSING PERIODICALS

14  IN VIOLATION OF ARTICLE 1 SECTION 1 OF CALIFORNIA CONSTITUTION.

15

16  IV.

17  DENYING STATE CREATED RIGHT TO MEANINGFUL AND ADEQUATE
    GRIEVANCE PROCESS IS VIOLATIVE OF ARTICLE 1 §3 OF STATE CONSTITUTION

18

19  THE DIRECTOR OF THE CDCR, BY AUTHORITY OF P.C. §5058 PROMULGATES

20  REGULATIONS WHICH HAVE THE FORCE AND EFFECT OF LAW HOMAN V. GOMEZ, SUPRA

21  UNDER CCR 15 § 3084.1 et. al. REGULATIONS WERE ESTABLISHED TO AFFORD A

22  GRIEVANCE PROCESS FOR PRISONERS TO CONTEST ANY DEPARTMENTAL DECISION.

23  IN RE FRENCH (1980) 205 CAL. RPTR. 800; IN RE WILLIAMS (1989) 205 CAL. RPTR. 903.

24  602 APPEAL NO. PBSP-D06-B1569

25  AT 2ND AND 3RD LEVELS OF REVIEW, REVIEWERS FAILED TO INTERPRET RULES

26  CORRECTLY IN THEIR DECISIONS. FIRST, §3341.5(C)(3) DOES NOT PERTAIN DIRECTLY

27  TO DETERMINATE SHU TERMS. DETERMINATE TERMS IS CODIFIED UNDER SUBSEC.

28  (C)"(2)"(B). SEPARATELY, "...SHALL NOT BE RETAINED IN SHU... BEYOND 11

1  MONTHS . . . " IS CODIFIED IN SUBSEC. (c) "(3)" WHICH UNDISPUTEDLY IS SEPARATE FROM
2  (c) "(2)". PETITIONER ASSERTS IT WAS THE CDC'S INITIATION OF THE POLICY TO SEGRE-
3  GATE INDETERMINATELY PRISON GANG AFFILIATES THAT BROUGHT TO LIFE SUBSEC. (c) (3).
4  TOUSSAINT V. ROWLAND, SUPRA AT 540 CITING TOUSSAINT V. McCARTHY (9TH CIR 1986) 801
5  F.2d 1080, 1114 ; TOUSSAINT V. McCARTHY (N. D.CAL. 1984) 597 F. SUPP 1388, 1422-24.
6  SECONDLY, REVIEWER AT 2ND LEVEL ERRORED. DEFENDANTS DO NOT HAVE THE DISCRETION
7  ON WHETHER OR NOT TO ISSUE A CDC 115 R.V.R. WHEN INFORMATION RELIED ON TO SEGRE-
8  GATE A PRISONER IS CONSIDERED "GANG ACTIVITY." ON THAT BASIS THE APPEAL REVIEWER
9  SHOULD HAVE DETERMINED THAT UNDER § 3312 (a)(3) AND § 3315 (a)(2)(E) DEFEND-
10 WERE MANDATED TO FOLLOW THEIR REGULATIONS. CLEARLY, DEFENDANTS VIEW PETITION-
11 ER'S ASSERTED "GANG ACTIVITY" MORE THAN MINOR IN NATURE § 3312 (a) (3).
12 PLAINTIFF ASSERTS 3RD LEVEL REVIEWER IGNORED THIS PORTION OF APPEAL.
13 THIRDLY, APPEAL REVIEWERS ERRORED IN DETERMINING THE INFORMATION DEFEND-
14 ANTS REFERENCED ON THE AUGUST 23, 2006 CDC 128-B2 WAS INDICATIVE OF GANG
15 ACTIVITY. PLAINTIFF ASSERTS THE INFORMATION DOES NOT MEET THE GUIDELINES
16 ESTABLISHED FOR PROOF OF GANG ACTIVITY BY THE CASTILLO V. ALAMIEDA SETTLEMENT.
17 SEE 602 APPEAL IN EXHIBIT
18 602 APPEALS NO. PBSP 06-00247 AND PBSP 06-01080
19 APPEAL REVIEWERS ERRORED IN ATTACHING PLAINTIFFS APPEALS TO THE TWO (2)
20 CONTROLLING APPEALS PER § 3084.2 (G). PLAINTIFF ASSERTS ONE CONTROLLING APPEAL
21 REQUEST MONETARY RELIEF, THE OTHER REQUESTS REMOVAL OF THE PAGES IN QUESTION.
22 NOT ONLY DO PLAINTIFF'S APPEAL CLAIMS AND BASIS DIFFER FROM THE CONTROLLING, BUT
23 SO DOES THE RELIEF HE SEEKS. HOWEVER, APPEAL REVIEWERS IGNORED THE
24 ATTEMPTS BY PLAINTIFF TO BRING THIS TO THEIR ATTENTION. REVIEWERS FAILED
25 TO ADHERE TO AND ADDRESS THE CLAIMS THAT DIFFERED FROM THE CONTROLLING
26 APPEALS. REVIEWERS SHOULD HAVE ADDRESSED PLAINTIFF'S CLAIMS SEPERATELY
27 PURSUANT TO § 3084.3 (b)(2). SEE 602 APPEALS IN EXHIBIT
28 RELEVANT DEFENDANTS HAVE JOINTLY AND COLLECTIVELY DENIED PLAINTIFF HIS

1  STATE CREATED RIGHT TO ADMINISTRATIVE APPEAL.    DEFENDANTS NEGLIGENTLY AND INTENTION-

2  ALLY SUBJECTED PLAINTIFF TO A BIAS APPEAL PROCESS DENYING HIM THE RIGHT TO PETITION

3  FOR REDRESS OF GRIEVANCES IN VIOLATION OF ARTICLE 1 § 3 OF CALIFORNIA CONSTITUTION.

4  V.

5  FEDERAL EX POST FACTO CLAUSE AND DUE PROCESS ARE VIOLATED IN APPLYING
   NEW RULES TO SEGREGATION RELEASE REVIEW AND RELYING ON INADEQUATE
6  INFORMATION IN SUPPORT OF CONTINUED SEGREGATION

7  THE DEFINITIVE CASE ON THE MEANING OF THE U.S. CONSTITUTION'S EX POST FACTO CLAUSE

8  IS COLLINS VS. YOUNGBLOOD (1990) 497 U.S. 37.    THE COURT IN ITS VIEW, THE EX POST FACTO

9  CLAUSE PROHIBITS THREE TYPES OF LAW, IN PERTINENT PART : " ANY STATUTE . . . WHICH

10  MAKES MORE BURDENSOME THE PUNISHMENT " Id AT 42 QUOTING BEAZELL VS. OHIO

11  (1925) 269 U.S. 167, 169-70.   "IT IS THE EFFECT, NOT THE FORM, . . . THAT DETERMINES

12  WHETHER IT IS EX POST FACTO.   THE CRITICAL QUESTION IS WHETHER THE STATUTE CHANGES

13  THE LEGAL CONSEQUENCES . . . BEFORE ITS EFFECTIVE DATE " WEAVER VS. GRAHAM (1981)

14  450 U.S. 24, 31.   'REGULATIONS HAVE THE FORCE AND EFFECT OF LAW AND THUS ARE

15  SUBJECT TO EX POST FACTO PROHIBITIONS FLEMMING VS. OREGON BD. OF PAROLE (9TH

16  CIR 1993) 998 F.2d 721, 726 SEE ALSO HUNTER VS. DAVIS (9TH CIR 2003) 336 F.3d 1007.

17  PLAINTIFF IS CONSTITUTIONALLY ENTITLED TO MEANINGFUL YEARLY REVIEWS FOR REL-

18  EASE FROM SEGREGATION AS MANDATED BY THE TOUSSAINT LINE OF CASES TOUSSAINT V. ROWLAND

19  SUPRA AT 540 N. 11, CITING TOUSSAINT VS. McCARTHY, SUPRA AT 1102 WHICH CREATED § 3341.5

20  (C)(3).    THE ADDAGE OF SUBSEC. (C)(5)(6) TO § 3341.5 AND (d)(e) TO § 3378

21  INCREASED RELEASE REVIEWS FROM SEGREGATION TO SIX (6) YEAR TIME SPANS.

22  THE CHANGE SUBSTANTIVELY INCREASES PLAINTIFF'S PERIOD IN SEGREGATION, THUS,

23  DISADVANTAGES PLAINTIFF BECAUSE PAROLE DATES ARE NOT GRANTED TO PRISONERS

24  IN SEGREGATION FOR ASSERTED GANG ACTIVITY THUS INCREASING HIS PERIOD IN PRISON.

25  RIGHT TO DUE PROCESS

26  THE FEDERAL COURTS HAVE LONG HELD IN PRISON DECISIONS TO RETAIN A PRIS-

27  ONER IN SEGREGATION THE DECISION MUST BE SUPPORTED BY "SOME EVIDENCE " IN THE

28  RECORD TOUSSAINT VS. McCARTHY (9TH CIR. 1986) 801 F.2d 1080, 1104 ; SUPERINTENDANT VS.

1  *HILL* (1985) 472 U.S. 445.    AND THE EVIDENCE IS REQUIRED TO ESTABLISH SOME INDICIA

2  OF RELIABILITY FORMING THE BASIS FOR CONTINUED ADMINISTRATIVE ACTION. *CATO VS.*

3  *RUSHEN* (9TH CIR. 1987) 824 F.2d 703, 704-05.

4      IN THE INSTANT CASE, GUIDELINES FOR DETERMINING WHETHER INFORMATION

5  SUPPORTS PRISON GANG ACTIVITY WAS ESTABLISHED BY THE DISTRICT COURT IN *CASTILLO*

6  *VS. ALAMEIDA et. al*, SETTLEMENT (N.D.CAL. NO. C-94-2847).    PLAINTIFF ASSERTS

7  UPON REVIEW OF THE ELEVEN (11) GUIDELINES AND THE INFORMATION RELIED ON TO SUP-

8  PORT HIS CONTINUED SEGREGATION; THE INFORMATION DOES NOT COMPLY WITH THE

9  GUIDELINES OR THE REQUIREMENTS OF *HILL* AND *CATO*.    CLEARLY THE DUE

10  PROCESS PROTECTIONS OF *WOLFF VS. McDONNELL* (1974) 418 U.S. 539 HAVE NOT BEEN

11  UPHELD.

12      DEFENDANTS HAVE JOINTLY AND COLLECTIVELY DEPRIVED PLAINTIFF OF ANNUAL

13  REVIEW OF RETENTION OR RELEASE FROM SEGREGATION.    AND HAVE RELIED ON INFOR-

14  MATION THAT DOES NOT COMPLY WITH THE ESTABLISHED GUIDELINES FOR GANG ACTIVITY.

15  DEFENDANTS NEGLIGENTLY AND INTENTIONALLY ARE SUBJECTING PLAINTIFF TO NEW RULES

16  TO INCREASE THE TIME SPAN BETWEEN SEGREGATION RELEASE REVIEWS.

17  THE SUBJECTIONS VIOLATE THE EX POST FACTO CLAUSE AND DUE PROCESS AND

18  CRUEL AND UNUSUAL PUNISHMENT OF THE UNITED STATES CONSTITUTION.

19                    VI

20      PLAINTIFF RETAINS THE RIGHT TO OBTAIN AND POSSESS PROPERTY, DENIAL
        OF THE RIGHT IS VIOLATIVE OF UNITED STATES CONSTITUTION

21

22      PRISONERS DO NOT SHED ALL CONSTITUTIONAL RIGHTS *SANDIN VS. CONNER, SUPRA*

23  (QUOTING *WOLFF VS. McDONNELL, SUPRA* AT 555 THE GOVERNMENT IS PROHIBITED

24  FROM DEPRIVING PRISONERS OF LIFE, LIBERTY OR PROPERTY ABSENT DUE PROCESS);

25  *NEAL VS. SHIMODA* (9TH CIR. 1998) 131 F.3d 818, 827.    STATE STATUTES (P.C. § 2601)

26  AND PRISON REGULATIONS (§ 3138 (A)(1)) PROVIDE PLAINTIFF WITH THE RIGHT

27  TO PURCHASE AND POSSESS PERIODICALS.    HOWEVER, OFFICIALS ARE EXERCISING

28  A BLANKET BAN ON ALL MAINSTREAM PERIODICALS IF SUCH PERIODICALS CONTAIN

1  FRONTAL NUDITY, EVEN IF SUCH NUDITY IS INCIDENTAL TO THE CONTENTS OF A GIVEN ARTICLE.

2  UNDER THE MILLER VS. CALIFORNIA STANDARD SUCH PERIODICALS CANNOT BE BANNED

3  IF THEY CONTAIN SERIOUS LITERARY, ARTISTIC, POLITICAL AND SCIENTIFIC VALUE.

4  HOWEVER, DEFENDANTS HAVE CONSISTENTLY CHOSE TO IGNORE THIS STANDARD AND

5  CONTINUE TO ABUSE THEIR DISCRETION IN APPLYING THE NUDITY BAN ACROSS THE

6  BOARD WITH MAINSTREAM PERIODICALS.

7  DEFENDANTS HAVE JOINTLY AND COLLECTIVELY DENIED PETITIONER HIS RIGHT TO

8  PURCHASE AND POSSESS MAINSTREAM PERIODICALS BY EXERCISING A BLANKET BAN

9  ON PERIODICALS CONTAINING INCIDENTAL NUDITY.    DEFENDANTS ARE NEGLIGENTLY

10  AND INTENTIONALLY ABUSING THEIR DISCRETION IN FAILING TO APPLY THE PROPER STANDARD

11  TO BAN PERIODICALS.    THIS SUBSECTION IS IN VIOLATION OF PLAINTIFF'S RIGHT TO

12  PURCHASE AND POSSESS PROPERTY ABSENT DUE PROCESS IN VIOLATION OF THE 14TH

13  AMENDMENT TO THE UNITED STATES CONSTITUTION.

14

15  VII

16  MEANINGFUL AND ADEQUATE ADMINISTRATIVE APPEAL IS PROTECTED
    BY THE RIGHT TO PETITION THE GOVERNMENT FOR REDRESS OF GRIEVANCES
17  UNDER THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

18

19  BY ESTABLISHED PRISON REGULATIONS PLAINTIFF IS PROVIDED WITH AN AVENUE

20  TO APPEAL PRISON DECISIONS THAT ADVERSELY AFFECT HIM.    PLAINTIFF HAS APPEALED

21  DEFENDANTS APPLYING TO PLAINTIFF  ADDITIONS TO §3341.5 THAT EFFECTIVELY INCR-

22  EASE THE TIME BETWEEN REVIEWS FOR RELEASE FROM SEGREGATION  RESULTING IN

23  AN EX POST FACTO VIOLATION.    PLAINTIFF APPEALED THE USE OF INFORMATION THAT FAILED

24  TO SATISFY ESTABLISHED GUIDELINES BY A DISTRICT COURT IN ORDER TO SUPPORT RETEN-

25  TION IN SEGREGATION BASED ON ASSUMED PRISON GANG ACTIVITY.    PLAINTIFF HAS

26  INITIATED AND EXHAUSTED SEVERAL APPEALS CONTESTING ICC HEARINGS RETAINING HIM

27  IN SEGREGATION.[15]    ALSO PLAINTIFF APPEALED DEFENDANTS ABUSE OF DISCRETION IN

28  THEIR POLICY OF A BLANKET BAN ON MAINSTREAM PERIODICALS CONTAINING INCIDENTAL

15. SEE APPEALS CHALLENGING ICC DECISIONS IN EXHIBIT D

1  NUDITY TO THE CONTENTS OF AN ARTICLE.    AND THEIR REFUSAL TO APPLY THE STANDARD
2  ESTABLISHED IN MILLER VS. CALIFORNIA, SUPRA.

3      RELEVANT APPEAL REVIEW DEFENDANTS HAVE JOINTLY AND COLLECTIVELY
4  DENIED PLAINTIFF FAIR AND ADEQUATE APPEAL PROCESS. THE RECORD CLEARLY REFL-
5  ECTS THIS.    DEFENDANTS NEGLIGENTLY AND INTENTIONALLY SUBJECTED PLAINTIFF
6  TO BIAS AND INADEQUATE APPEAL REVIEWS DENYING HIM THE RIGHT TO PETITION
7  THE GOVERNMENT FOR REDRESS OF GRIEVANCES, VIOLATIVE OF THE FIRST AMEND-
8  MENT OF THE UNITED STATES CONSTITUTION.

9

10                              VII.

11                        CONCLUSION

12      THE VIEW IS CRYSTAL CLEAR THAT PLAINTIFF HAS BEEN MADE TO ENDURE
13  YEARS OF CONTINUED SEGREGATION AT THE HANDS OF DEFENDANTS FOR ALMOST
14  TWO (2) DECADES.  NOT BECAUSE PLAINTIFF HAS DONE ANYTHING WRONG BUT
15  BECAUSE DEFENDANTS CHOOSE TO SUBJECT PLAINTIFF TO A HARSHER NEW AMEN-
16  DMENT CONCERNING RELEASE REVIEWS FROM SEGREGATION.    AND COUPLED
17  WITH THEIR OVER ZEALOUS RESPONSE TO PRISON GANGS, DEFENDANTS HAVE
18  BEEN INDIFFERENT TO THE FACT, OR LACK OF, THAT PLAINTIFF'S CONTINUED
19  SEGREGATION DUE TO GANG ACTIVITY IS NOT SUPPORTED BY EVIDENCE OF.
20      NOW IS THE TIME TO RIGHT THE WRONGS AND INJUSTICE PLAINTIFF
21  HAS BEEN SUBJECTED TO FOR SEVENTEEN (17) YEARS AND WITH NO END IN
22  SIGHT SAVE FOR THIS COURTS POWER TO DO SO.

23

24

25

26

27

28

# EXHIBIT   A

# EXHIBIT A

ORDER AND HEARING ⟨ PLACEMENT IN SEGREGA ⟩ IOUSING

*An inmate is entitled to a written decision including references to the evidence relied upon and the reasons for such confinement. A copy of the completed form must be given to the inmate, a copy placed in the central file, and a copy retained in a central location at the institution*

*Prior to initial placement, or within 48 hours of such placement, an inmate is entitled to written notice of the reasons for placement in sufficient detail to enable the inmate to prepare a response or defense.*

## PART I   NOTICE OF REASONS FOR PLACEMENT IN ADMINISTRATIVE SEGREGATION

| NAME | NUMBER | INSTITUTION |
|------|--------|-------------|
| ZARATE | C-75553 | CCI/IV-B GENERAL POPULATION |

A determination has been made to place you in segregated housing. The reasons for such placement are:

Upon your arrival here from Folsom State Prison on June 6, 1990, a review of your Central File indicates that you may be an associate of the Mexican Mafia. Your case will be referred to this Institution's C.A.C., Lieutenant J. Negrettee for possible validation. Due to the foregoing, you are deemed as a threat to the safety and security of the Institution. You will remain in Administrative Segregation pending completion of the Investigation into your Gang Status and appropriate Committee Review.

DATE ORDER PLACED:  JUNE 11, 1990       ORDER PLACED BY:  R. BIRD, UNIT LIEUTENANT

| INMATE SIGNATURE | | ☐ Refused to Sign | |
|---|---|---|---|
| ☐ Copy Given to Inmate | EMPLOYEE  C/O C BRANA | | DATE 6/11/90 |

*Representation by counsel-substitute is required when it is determined that the inmate is illiterate or that the complexity of the issues makes it unlikely that he/she can collect and present the evidence necessary for an adequate comprehension of the case. This determination must be made at the time of initial placement or within 48 hours of such placement. (Complete both A and B below.)*

## PART II   COUNSEL-SUBSTITUTE

A. STAFF ASSISTANT (Assigned if inmate is illiterate or issues complex.)

☒ Not Assigned                              ☒ Inmate Not Illiterate

☐ Inmate Declines                           ☒ Issues Not Complex

☐ Assigned          (Name) _____

Other Reasons or Comments:

B. INVESTIGATING EMPLOYEE (Assigned when inmate is not illiterate and issues are not complex but assistance is necessary to enable inmate to collect and present evidence necessary for an adequate comprehension of the case.)

☒ Not Assigned                    ☐ Inmate Declines

                                  ☐ Inmate Able to Collect and Present Evidence

☐ Assigned          (Name) _____

Other Reasons and Comments: Neither information necessary to provide for comprehension of case.

# CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C- 75553    INMATE NAME: Zarate

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submit

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _Ce-11-90_

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the instit

   This information is considered reliable because:

   a) ☐  This source has previously provided confidential information which has proven to be true.

   b) ☐  This source participated in and successfully completed a Polygraph examination.

   c) ☒  More than one source independently provided the same information.

   d) ☒  This source incriminated himself/herself in a criminal activity at the time of providing the informat

   e) ☐  Part of the information provided by the source(s) has already proven to be true.

   f) ☐  Other (EXPLAIN) _____

3) Disclosure of information received.

   The information received indicated the following: ① You were the Second in Command of the Sothern Mexican inmates in 2-R Folsom Prison. Your authority was Subordinate to inmate Mendoza, b-93413, AKA El Chingon or El Jefe (the Boss / Father), a Mexican Mafia member. ② Identified as being a Mexican Mafia associa

   [margin note: Send in command of Sothern Mexican]

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation. (for example: CDC-128-B of 8-15-88 in the confidential materi (obtained): ① Confidential memorandum, dated 8-1-89 ② Confidential memorandum, dated 1-26-88

   _____    _Ce-11-90_
   STAFF SIGNATURE, TITLE    DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C- 75553          INMATE NAME: Zarate

1)  Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a)  CDC-115, Disciplinary Report dated _____ such

_____
STAFF NAME, TITLE

b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated __6-11-90__

2)  Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the inst.

This information is considered reliable because:

a)  ☐  This source has previously provided confidential information which has proven to be true.

b)  ☐  This source participated in and successfully completed a Polygraph examination.

c)  ☒  More than one source independently provided the same information.

d)  ☒  This source incriminated himself/herself in a criminal activity at the time of providing the informa

e)  ☒  Part of the information provided by the source(s) has already proven to be true.

f)  ☐  Other (EXPLAIN) _____

3)  Disclosure of information received.

The information received indicated the following: ① I dentified as being a Mexican Mafia Associate during a debriefing by a Mexican Mafia defector. ② I dentified as being the leader of Southern/Mexican-American inmates residing on the CTF-Central mainline; ③ I dentified as being the "Shot caller" for Southern/Mexican-American inmates CTF-Central mainline. Furt

(If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-85 in the confidential mate
folder) ① Confidential memorandum dated 10-13-87
② Confidential memorandum dated 5-28-85
③ Confidential memorandum dated 5-2-85

STAFF SIGNATURE, TITLE                    DATE DISCLOSED
_____          6-11-90

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Instructor file

CDC-A.3

(2)

Exhibit "A"

DEPARTMENT OF CORRECTIONS

STATE OF CALIFORNIA
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C-75553_     INMATE NAME: _Zarate_

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by
   
   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution. This information is considered reliable because:

   a) ☒ This source has previously provided confidential information which has proven to be true.

   b) ☐ This source participated in and successfully completed a polygraph examination.

   c) ☒ More than one source independently provided the same information.

   d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐ Part of the information provided by the source(s) has already proven to be true.

   f) ☐ Other (EXPLAIN) _____

3) Disclosure of information received.

   The information received indicated the following: _You were positively identified as being a Mexican Mafia Associate._

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-85 in the confidential material folder): _Confidential Memorandum dated 6-26-90_

   _____  10-10-90
   STAFF SIGNATURE, TITLE          DATE DISCLOSED

   DI 43  (3-16-87)

   WHITE — File; GREEN — Inmate; YELLOW — Institution Use

# EXHIBIT A
# Part 3 of 4

O. .................  NAME ....................................  Assignment: RETAIN AD-SEG PENDING CAC INVESTI-
ustody:  MAX A  CS: 64  PG: D  WG: D1                        GATION  EXHIBIT (M)
        MEPD: 3-19-90
omments:

nmate Zarte was seen on a personal basis by ICC for evaluation of his Ad-Seg placement.  The
DC 114D reveals that upon his arrival from Folsom on 6-6-90 a reveiw of the Central File in-
icated that Inmate Zarate is an associate of the Mexican Mafia.  This case has been referred
o the Institution CAC for investigation and possible validation.  He will remain in Ad-Seg
ending completion of these reports.  Zarate received due process regarding his placement
n Ad-Seg.  Zarate has been approved for exercise yard.  He will also receive approved Ad-
eg property.  Zarate will remain in D1 credit earning status as he arrived in WG: D1.

. DUNCAN, D.W., CHAIR.; R. SNIDER, A.W.; P.L. VAZQUEZ, C&PR; C. WILSON, P.A.; L. BLANKS, CC-I]
                                                                J. DOWELL, CC-II

ate:    6-13-90              Classification ICC           Inst.: CCI IVB  /db

---

O. ..... C-75553 .......  NAME  ZARATE 8C-205L    CCI IVB                    CDC-128-G (Rev. 2/69)
ustody:  MAX A   CS: 64  PG: D  WG: D1           Assignment: REFER TO CSR-PBSP/SHU BASED ON GANG
omments:  LIFE                                               AFFILIATION

nmate Zarate was seen on a personal basis by ICC for 30 Day Review of his placement in Ad-Seg.
ase factors reveal Subject was placed in Ad-Seg upon his arrival from Folsom as there was infor-
ation which indicated that Inmate Zarate was an associate of the Mexican Mafia.  Lt. Negrete,
C, on 6-26-90 documented Inmate Zarate's active association with the Mexican Mafia.  Based on
nmate Zarate being validated as an associate of "EME" his case is being referred to CSR with a
ecommendation that Inmate Zarate be transferred to Pelican Bay State Prison/SHU.  Zarate is a
9 year old Mexican Third Termer received into CDC 11-2-83 from San Diego County for Kidnapping
nd Robbery.  There are no holds, arsons, escapes, nor sexual offenses noted.  Inmate Zarate will
emain in D1 credit earning status until reviewed by the receiving Committee for appropriate pro-
ram.

R. SNIDER, A.W., CHAIR.; C. WILSON, P.A.; P.L. VAZQUEZ, C&PR; J. DOWELL, CC-II; L. BLANKS, CC-II

ate:   7-11-90              Classification    IVCC        Inst.: CCU UVB  /db

---

O. C-75553  NAME Zarate                    Assignment:                    CDC-128-G (Rev. 2/69)

ustody:
omments: PBSP-SHU, indeterminate, approved, S has proven to be a
eur to the safety of others and the security of the institution by his
ociation w/a prison gang that is involved in activities that present
going risk. CDC-128B, 6-26-90, and Conf. memo, 6-26-90, reviewed
e, no detailing prior associations w/ gang activities/affiliates,
-11-90, reviewed. Incidents at Folsom, 5-25-89 and 3-22-90,
ocument S's presence/activity in situations representing threat
o safety/security of institution. Further verification/clarification
f S's gang affiliation —and classification committee review - is
equested prior to Jan/1991.
                              Alexrod, CSR

ate:  7-17-90              Classification                 Inst.: CCI-1VB

# EXHIBIT B

STATE OF CALIFORNIA                                              DEPARTMENT OF CORRECTIONS

NAME: Zarate, Manuel                                     CDC NUMBER:  C-75553

Inmate Zarate was investigated per Section 3378 (d) (e) C. C. R. for review of inactive gang status. Zarate was validated on 9-20-95 as an associate of the Mexican Mafia Prison Gang. The last source document used in the validation is a confidential memorandum, dated 9-30-92. During the investigation the following areas were reviewed:

| | | | | |
|---|---|---|---|---|
| CENTRAL FILE | DATE REVIEWED | 8-3-00 | REVIEWED BY | J. Bales |
| CELL SEARCH | DATE SEARCHED | n/a | SEARCHED BY | |
| ARCHIVES | DATE REVIEWED | n/a | CONTACT WITH | |
| LEIU/INTELL OPS | DATE REVIEWED | 8-9-00 | CONTACT WITH | J. Olson |
| PAROLES, LEADS | DATE REVIEWED | n/a | CONTACT WITH | |
| OTHER LAW ENFORCEMENT | DATE REVIEWED | 8-23-00 | CONTACT WITH | J. Bales |

New information developed as a result of the investigation: CDC 128B of 4-29-99, refers to an address book discovered during the search of a cell which was solely occupied by a validated Mexican Mafia member. The address book listed information on numerous validated Mexican Mafia members and associates, which included Zarate. Review of the address book indicates several dated entries of which the latest being July 1996. In confidential memorandum of 3-28-97, Source stated that while housed in Pelican Bay State Prison, Security Housing Unit, he and other Mexican Mafia members, including Zarate, received drugs and money through the mail. Source stated that his knowledge of this activity was current through May 1995.

Inmate Zarate does not meet the criteria for inactive status. Zarate will be eligible for review upon his request, July 2002.

J. Bales
J. BALES
CORRECTIONAL OFFICER
I.S.U. GANG INVESTIGATOR
IN-ACTIVE GANG TASK FORCE

DATE:     8-23-00          INSTITUTION: PELICAN BAY STATE PRISON     CDC 128B

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C 75553            INMATE NAME: ZARATE

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
   STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a) ☒  This source has previously provided confidential information which has proven to be true.

   b) ☐  This source participated in and successfully completed a Polygraph examination.

   c) ☐  More than one source independently provided the same information.

   d) ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☒  Part of the information provided by the source(s) has already proven to be true.

   f) ☐  Other (EXPLAIN) _____

   _____

3) Disclosure of information received.

   The information received indicated the following: DURING A DEBRIEF INTERVIEW,
   A CONFIDENTIAL SOURCE IDENTIFIED YOU AS A MEXICAN
   MAFIA MEMBER AND AS BEING INVOLVED IN DRUG TRAFFICKING
   WITHIN PBSP SHU

   _____

   _____

   (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
   folder). CONFIDENTIAL MEMO DATED 3/28/97 AUTHORED BY D.T. HAWKES,
   CCI   LOCATED IN THE CONFIDENTIAL FOLDER IN YOUR CENTRAL FILE

   _____          2/2/99
   STAFF SIGNATURE, TITLE                    DATE DISCLOSED

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C- 75553          INMATE NAME: Zarate

1)  Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a)  CDC-115, Disciplinary Report dated _____ submitted by

    _____
                              STAFF NAME, TITLE

    b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2)  Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
    This information is considered reliable because:

    a)  ☐  This source has previously provided confidential information which has proven to be true.

    b)  ☐  This source participated in and successfully completed a Polygraph examination.

    c)  ☒  More than one source independently provided the same information.

    d)  ☒  This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e)  ☒  Part of the information provided by the source(s) has already proven to be true.

    f)  ☐  Other (EXPLAIN) _____

    _____

3)  Disclosure of information received.

    The information received indicated the following: Subject stated that while housed
    in Pelican Bay State Prison - Security Housing Unit, he and other
    Mexican Mafia members, including Zarate, received drugs
    and money through the mail.

    _____

                              (If additional space needed, attach another sheet.)

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
    folder). Confidential memorandum of 3-28-97, located in Zarate
    confidential folder.

    Q Palmer                    C C T                              9/11/00
    STAFF SIGNATURE, TITLE                                     DATE DISCLOSED

    DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use
                                                                          B7 82069

*C 11-107*   **2**

STATE OF CALIFORNIA
CDC 128-B-2 (5/95)

DEPARTMENT OF CORRECTIONS

| INMATE'S NAME:  Zarate, Manuel | CDC NUMBER:  C-75553 |
|---|---|

On 07/02/90 a gang validation package regarding subject was received from Institution Gang Investigator J. Negrete at CCI.

**TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW:  (7)**

The following items meet the validation requirements:  CM's dated 10/13/87, 08/15/89, 05/05/87, 06/26/90, 09/30/92, 128B dated 07/08/88.

**TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS:  (6)**

The following items do not meet the validation requirements and were/shall not be used as a basis for validation:  CM dated 01/26/88.

**TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS:  (1)**

GANG VALIDATION/REJECTION REVIEW
(CONTINUED ON REVERSE)

Date:  09/20/95

**GENERAL CHRONO**

---

**ACTION OF REVIEWER**

Pursuant to the validation requirements established in 15 CCR Section 3378, Manuel Zarate is:

☒ **VALIDATED**    ☐ **REJECTED**

as a associate of the **Mexican Mafia** prison gang.

REVIEWER'S SIGNATURE  *Olson*       DATE: 09/20/95

**DISTRIBUTION:**
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
CDC 1030 (12/86)

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: C 75553          INMATE NAME: ZARATE

1) Use of Confidential Information.

   Information received from a confidential source(s) has been considered in the:

   a) CDC-115, Disciplinary Report dated _____ submitted by

   _____
                          STAFF NAME, TITLE

   b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated 6/14/91

2) Reliability of Source.

   The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.
   This information is considered reliable because:

   a) ☐  This source has previously provided confidential information which has proven to be true.

   b) ☐  This source participated in and successfully completed a Polygraph examination.

   c) ☒  More than one source independently provided the same information.

   d) ☐  This source incriminated himself/herself in a criminal activity at the time of providing the information.

   e) ☐  Part of the information provided by the source(s) has already proven to be true.

   f) ☐  Other (EXPLAIN) _____

   _____

3) Disclosure of information received.

   The information received indicated the following: During an interview with
   an inmate you were identified as Being
   Secund in command of a unit for the
   Maxican Mafia (Eme)

   _____

   _____

   *(If additional space needed, attach another sheet.)*

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material
   folder). Confidential Memo dated 8/15/89 Located in the
   Confidential Folder of Your C-File.

   _____    6/14/91
   STAFF SIGNATURE, TITLE    CCI                        DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — In:

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: __C 75553__    INMATE NAME: __Zarate__

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated __4/27/93__

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☐ This source has previously provided confidential information which has proven to be true.

b) ☒ This source participated in and successfully completed a Polygraph examination.

c) ☒ More than one source independently provided the same information.

d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☒ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____

_____

3) Disclosure of information received.

The information received indicated the following: _During a debriefing interview an inmate identified you as an EME member_

_____

_____

_____

_____

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _Confidential memo by T. Jenkins, Capt, IGI, PBSP dated 9/30/92 located in C file confidential section._

_R. Foom_ _CCI_ _____ _4/27/93_
STAFF SIGNATURE, TITLE                DATE DISCLOSED

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: ___C - 75553___    INMATE NAME: ___ZARATE___

1) Use of Confidential Information.

    Information received from a confidential source(s) has been considered in the:

    a) CDC-115, Disciplinary Report dated _____ submitted by

    _____
                                 STAFF NAME, TITLE

    b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____

2) Reliability of Source.

    The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

    This information is considered reliable because:

    a) ☐ This source has previously provided confidential information which has proven to be true.

    b) ☐ This source participated in and successfully completed a Polygraph examination.

    c) ☐ More than one source independently provided the same information.

    d) ☒ This source incriminated himself/herself in a criminal activity at the time of providing the information.

    e) ☐ Part of the information provided by the source(s) has already proven to be true.

    f) ☐ Other (EXPLAIN) _____

    _____

3) Disclosure of information received.

    The information received indicated the following: ___During A debriefing interview,___
___AN INMATE IDENTIFIED YOU AS AN ASSOCIATE OF THE___
___EME PRISON GANG.___

    (If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). ___Confidential MEMO dated 10-13-87, by LT.___
___J. GONZALES___

    ___3 Days___ ___CCI___    ___9-27-95___
    STAFF SIGNATURE, TITLE    DATE DISCLOSED

DISTRIBUTION: WHITE — Central File; GREEN — Inmate; YELLOW — Institution Use

*J. E. Report 9/95*

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: _C - 75553_    INMATE NAME: _ZARATE_

1)  Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a)  CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b)  CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____ .

2)  Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a)  ☐  This source has previously provided confidential information which has proven to be true.

b)  ☐  This source participated in and successfully completed a Polygraph examination.

c)  ☐  More than one source independently provided the same information.

d)  ☐  This source incriminated himself/herself in a criminal activity at the time of providing the information.

e)  ☐  Part of the information provided by the source(s) has already proven to be true.

f)  ☑  Other (EXPLAIN) _3321 (a) (1) (2)_

3)  Disclosure of information received.

The information received indicated the following: _An inmate identified you_
_As communicating messages for the_
_Mexican Mafia Prison Gang._

_(If additional space needed, attach another sheet.)_

4)  Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). _Confidential Memo dated 5-5-87, Authored by_
_Lt. R. DeLaRosa_

_B Nogas    CCI_                          _9-27-95_
STAFF SIGNATURE, TITLE                    DATE DISCLOSED

_J. Report 9/95_

STATE OF CALIFORNIA
CDC 1030 (12/86)

DEPARTMENT OF CORRECTIONS

## CONFIDENTIAL INFORMATION DISCLOSURE FORM

INMATE NUMBER: ___C-75553___          INMATE NAME: ___ZARATE___

1) Use of Confidential Information.

Information received from a confidential source(s) has been considered in the:

a) CDC-115, Disciplinary Report dated _____ submitted by

_____
STAFF NAME, TITLE

b) CDC-114-D, Order and Hearing for Placement in Segregated Housing dated _____.

2) Reliability of Source.

The identity of the source(s) cannot be disclosed without endangering the source(s) or the security of the institution.

This information is considered reliable because:

a) ☑ This source has previously provided confidential information which has proven to be true.

b) ☐ This source participated in and successfully completed a Polygraph examination.

c) ☐ More than one source independently provided the same information.

d) ☐ This source incriminated himself/herself in a criminal activity at the time of providing the information.

e) ☐ Part of the information provided by the source(s) has already proven to be true.

f) ☐ Other (EXPLAIN) _____
_____

3) Disclosure of information received.

The information received indicated the following: ___An EME Dropout___
___identified you as an associate of___
___the Mexican Mafia (EME).___

_____

_____

_____

(If additional space needed, attach another sheet.)

4) Type and current location of documentation, (for example: CDC-128-B of 5-15-86 in the confidential material folder). ___Confidential memo dated 6-26-90 by___
___C/O N. Austin___

_____                    ___9-27-95___
STAFF SIGNATURE, TITLE                           DATE DISCLOSED

*(left margin, handwritten vertically)* L.E. Rodary 9-30-95

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

| NAME: ZARATE, Manuel | CDC #:C-75553 | CDC 128-B (REV. 4/74) |

On Wednesday January 29, 2003, an investigation was initiated in reference to inmate **Manuel ZARATE** C-75553, a.k.a. "**Manuel**" per the California Code of Regulations, Section 3378 (d) (e), regarding his current gang status. **ZARATE** was validated on September 20, 1995, as an associate of the Mexican Mafia (EME) prison gang. The last source item used in the validation indicating gang activity is dated September 30, 1992. The source items used to validate **ZARATE** are all over six (6) years old. Therefore, per the California Code of Regulations, 3378 (d) (e), **ZARATE** meets the criteria for an Inactive Status Review. An investigation into the following areas was conducted:

1.    (**Central File**) On January 29, 2003, I conducted a Central File review, into **ZARATE**'s possible In-Active Gang status. During the review, no new information was discovered pertaining to gang activity.

2.    (**Property**) On February 14, 2003, IGI Officer M. Lujan attempted to search the personal property of **ZARATE** and photograph **ZARATE**. Officer Lujan explained to **ZARATE** that part of the In-active Review process was a search of his personal property and taking photographs of **ZARATE**. **ZARATE** stated that he was satisfied with his current gang status and had not request an Inactive Status Review. Officer Lujan informed **ZARATE** that his failure to participate in the Inactive Review would result in his retention as an active associate of the EME for another six years. **ZARATE** stated that's fine as he was seeking legal action on gang validations. **ZARATE** fully understood that his refusal to cooperate with this investigation would retain him as an active associate of the EME.

Based upon **ZARATE**'s refusal to participate in this review, I recommend that his gang status as a **validated associate of the Mexican Mafia remain unchanged**. This information will be forwarded to the Special Services Unit (SSU) to update **ZARATE**'s prison gang validation, citing this CDC 128B as a source document for continued association with the EME. **ZARATE** will be eligible for an Inactive Gang Status Review in February 2009.

M. RANDOLPH
Correctional Lieutenant
Institution Gang Investigator
In-Active Gang Status Review
Pelican Bay State Prison

Distribution:
Central File
Special Services Unit
Inmate/Parolee
Gang Unit Copy

DATE: February 25, 2003          ACTIVE/INACTIVE GANG STATUS REVIEW          CDC 128B

STATE OF CALIFORNIA                                                                DEPARTMENT OF CORRECTIONS
PELICAN BAY STATE PRISON
INMATE/PAROLEE HOUSING UNIT
APPEAL FORM
CDC 602 (12/87)          UNIT D-2

Location: Institution/Parole Region    Log No.          Category
1. _____ PBSP        1. C03-00170    ___ BCC Review
2. _____             2. _____        (6)

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

NAME MANUEL ZARATE        NUMBER C 75553    ASSIGNMENT _____    UNIT/ROOM NUMBER C 3 215

A. Describe Problem: APPEALING ICC ACTION: ON 10/16/02 ICC DENIED MY SUBSTANTIVE PROCEDURAL DUE PROCESS WHEN COMMITTEE DENIED MY REQUEST FOR EXTENSION ON THE HEARING. IN ORDER TO REVIEVE RESPONSES TO [S]UESTIONS SUBMITTED ON 10/15/02 TO AUTHORS OF CONF. MEMOS RELIED ON AS THE BASIS FOR MY CONTINUED INDETERMINATE TERM UNDER ADMINI. SEG. IN A.S.H.U. IN ORDER THAT I MAY PRESENT TO THE ICC MY BASIS FOR RELEASE FROM THE S.H.U. IN ADDITION ICC IS RELYING ON CONF. INFOR. REVIEWED BY THE I.G.I. LEIU WHEN I WAS NEVER GIVEN THE OPPORTUNITY TO PRESENT MY VIEWS TO THE INVESTIGATOR. ALSO FINALLY I HAD REQUESTED THAT THE MADRID MONITOR BE PRESENT AT THE ICC, AND I WAS DENIED

If you need more space, attach one additional sheet.

B. Action Requested: THAT SUBSEQUENT TO RECEIVING RESPONSES FROM THE AUTHORS OF SAID CONF. MEMOS THAT ICC BE RESCHEDULED FOR MY ANNUAL ICC WHERE I WILL BE ABLE TO PRESENT TO THE ICC MITIGATING EVIDENCE TO SUPPORT MY RELEASE FROM THE S.H.U. AND THAT THE MADRID MONITOR BE PRESENT AT ALL ICC ANNUAL AND 120 PERIODICAL REVIEWS.

Inmate/Parolee Signature: Manuel Zarate          Date Submitted: 10/22/02

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

~~BYPASS~~

Staff Signature: _____        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

RECEIVED
APR 23 2003
CDC APPEALS BRANCH

~~BYPASS~~

Signature: _____        Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: [        ]

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date: **JUN 2 4 2003**

In re: Zarate, C-75553
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0211926    Local Log No.: PBSP 03-00170

This matter was reviewed on behalf of the Director of the California Department of Corrections (CDC) by Appeals Examiner J. Pearson, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:**   It is the appellant's position that he disagrees with the Institution Classification Committee (ICC) continuing to give him an indeterminate Security Housing Unit (SHU) term. The appellant states that he requested an extension to his hearing as he first wanted to receive responses to questions he had of the authors of confidential memorandums. Lastly, the appellant objects that his request for the "Madrid monitor's" presence in his classification hearing was denied. The appellant is requesting to appear before a subsequent ICC to present his mitigating evidence in support of his release from the SHU. The appellant is also requesting that the "Madrid monitor" be present at his ICC reviews.

**II   SECOND LEVEL'S ARGUMENT:**   It is staff's position that the appellant has been validated as a member or associate of a prison gang, and the role of ICC is to view and note the information that has been received. The appellant was validated as a prison gang associate more than ten years ago. The confidential disclosures were initially issued to the appellant approximately five years ago. The action of ICC was appropriate. There is no regulation or policy which requires the presence of the "Madrid monitor" in ICC; therefore, the "Madrid monitor" does not attend ICC.

**III   DIRECTOR'S LEVEL DECISION:**   Appeal is denied.

    **A.   FINDINGS:**   The appellant's placement is appropriate and in accord with the primary objectives of the correctional institutions which are to protect the public by safely keeping person committed to the custody of the Director of Corrections, and to afford such persons with every reasonable opportunity and encouragement to participate in rehabilitative activities. Consistent effort is being made to insure the security of the institution and the effectiveness of the treatment programs within the framework of security and safety. The requirement of custodial security and of staff, inmate and public safety must take precedence over all other considerations in the operation of all the programs and activities of the institutions of the department. The appellant was seen before ICC for his annual and program review. The appellant was referred to the Institution Gang Investigator for possible Inactive Gang Status. The appellant's case was referred to the Classification Staff Representative for Pelican Bay State Prison (PBSP) SHU indeterminate placement based on his gang validation as an associate of the Mexican Mafia prison gang. The appellant has been afforded his procedural safeguards. No relief shall be afforded to the appellant at the Director's Level of Review.

    **B.   BASIS FOR THE DECISION:**
California Code of Regulations, Title 15, Section: 3270, 3375, 3376

    **C.   ORDER:**   No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDC.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
      Appeals Coordinator, PBSP

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

NAME: ZARATE, MANUEL _____          CDCR# C75553          CDCR 128-B (REV. 4/74).

On October 3, 2005, an investigation was initiated in reference to inmate Manuel Zarate C75553, aka "Big Manuel/Meno" per the California Code of Regulations, Section 3378 (d) (e), regarding his current gang status. Zarate was validated on March 6, 2003, as an associate of the Mexican Mafia (EME) prison gang. The last source item used in the validation indicating gang activity is dated September 30, 1992. The source items used to validate Zarate are all over six (6) years old. Therefore, Zarate meets the criteria for an Inactive Status Review. An investigation into the following areas was conducted:

1. **Central File:** On October 3, 2005, I conducted a central file review into Zarate's possible Inactive Gang status. During the review, the following information was discovered:
   - CDCR 128-B dated 9/8/2005, documents you were in possession of paperwork which contained gang related material.
   - Confidential memorandum dated 6/2/2003, documents your name was found in notes/kites along with the names and addresses of numerous other validated Mexican Mafia members and associates.
2. **Western States Information Network (WSIN):** No information noted.
3. **Outside Law Enforcement:** No information noted.
4. **Law Enforcement and Investigative Unit (LEIU):** No information noted.
5. **Archives:** No information noted.
6. **Cal Gangs:** No information noted.
7. **Paroles/Leads:** No information noted.
8. **24 Hour Notice:** On 10/5/2005, Zarate was issued CDCR 1030 Confidential Information Disclosure Forms for the confidential documents and a copy of the non-confidential document used in the review package. Zarate was informed that he would be interviewed after 24 hours, which would be his opportunity to express his opinions regarding the documents used in the review. Zarate was also advised that photographs would also be taken and the entire package would be forwarded to LEIU for review. A review of Zarate's central file revealed that he is literate with a grade point average (GPA) of 6.4 therefore, staff assistance was not assigned.
9. **Interview:** On 10/6/2005, I interviewed Zarate regarding the documents used in the review package. Zarate submitted a written response consisting of two (2) one sided pages. Zarate had no further questions or comments concerning the review package and the interview was terminated.

Based on the above information and documentation, it is reasonable to believe that Zarate is still active with the EME prison gang. The documents reviewed comply with the Department Operations Manual (DOM), Section 61020.7 and requirements established in the CCR regarding prison gangs.

Pursuant to the CCR, Section 3378 (c), I recommend that the gang status of **Manuel Zarate, C75553, be retained as an associate of the Mexican Mafia (EME) prison gang.** At Zarate's request, he will be eligible for an Inactive Gang Status Review in September of 2011. This date is based upon information contained in Zarate's central file, specifically the CDCR 128-B dated September 8, 2005. This information will be forwarded to LEIU to update Zarate's gang status.

D. Silva
Correctional Sergeant
Law Enforcement Investigation Unit - Fresno

D. Kays
Correctional Lieutenant
Institution Gang Investigator
Pelican Bay State Prison

DATE: 10/18/2005          ACTIVE/INACTIVE GANG STATUS REVIEW          CDCR 128-B

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS
CDC-128 B (8-87)

NAME and NUMBER      ZARATE          C-75553       **CELL:**   CFO3-215

On Wednesday, September 07, 2005, while assigned to the Security Squad, I searched the property of inmate ZARATE C-75553, C3-215 a validated Associate of the Mexican Mafia (EME) prison gang. Among ZARATE's property were drawings of Aztec art depicting an Aztec warrior, a cover of Road Gents Inc. Calendario Azteca (Aztec Calendar) 1999. Inside the drawings there were depictions of the Mactalcllomei symbol ☰(three dots over two lines). A drawing of Aztec females with a statue on the upper left hand corner with two (2) sideways M's inform of an eagle referencing the Mexican Mafia.

The Mactlactlomei is the mayan symbol for the 13 (3 dots over 2 lines ☰ ). This symbol and number corresponds to the thirteenth letter of the alphabet, which is the letter "M". "M" in the Spanish language is pronounced "EME". Southern Mexican or "Sureño" gang members who associate themselves with the EME prison gang utilize this symbol to show their allegiance and loyalty to the EME. The Law Enforcement and Investigations Unit (LEIU) has established the credibility regarding the meaning of this symbol.

This information found in ZARATE's personal property indicates a continued allegiance, loyalty, and unity with the Mexican Mafia (EME). ~~ZARATE~~ is a Southern Hispanic inmate, with the AKA of Big Manuel, and is a member of the "San Diego" street gang. This document meets the criteria set forth in CCR 3378 (c) (8) (B), Symbols.
*ZARATE*
A copy of the drawings is attached.

ORIG    :   C-File
cc      :   inmate
        :   Gangs

DATE    09-08-2005              GANG CHRONO            PBSP

J. PUENTE
Correctional Officer, Security Squad

STATE OF CALIFORNIA                                            DEPARTMENT OF CORRECTIONS & REHABILITATION

NAME: ZARATE, MANUEL            CDCR # C75553                    CDCR 128-B (REV. 4/74)

On 10/5/05, Zarate was given CDCR 1030 Confidential Disclosure Forms for the confidential documents and a copy of the non-confidential documents to be used in the active/inactive review. Zarate was informed that after 24 hours he would be interviewed and at that time he would have an opportunity to express his opinion regarding the documents for inclusion in the update package. Zarate was also informed he would be photographed and the entire package would be forwarded to the Law Enforcement Investigative Unit (LEIU) for their review of the documents.

1.  **Source document**: CDCR 128-B dated 9/8/2005, documents you were in possession of paperwork which contained gang related material.

2.  **Source document**: Confidential memorandum dated 6/2/2003, documents your name was found in notes/kites along with the names and addresses of numerous other validated Mexican Mafia members and associates.

*D. Silva*

D. Silva
Correctional Sergeant
Law Enforcement Investigative Unit - Fresno

DATE: 10/5/05            ACTIVE/INACTIVE GANG STATUS REVIEW            CDCR 128-B

NAME _MANUEL ZARATE_ CDC # _C75553_ HOUSING _C3-215_ DATE _10-6-05_

SOURCE # _1_
RESPONSE: _I EXPLAINED TO IGI PUENTES THE CALENDAR WAS OBTAINED VIA SPECIAL PURCHASE & IS REFERENCED ON MY PROP. CARD. THUS, CDC ALLOWED ME TO HAVE IT CAUSE IT WAS NOT DEEMED TO BE INDICATIVE OF GANG ACTIVITY. IGI PUENTES CONCLUDES THE WORD "MAC.TLACTLOMEI" IS THE MAYAN SYMBOL FOR # 13 CORRESPONDING TO THE 13TH LETTER OF THE ALPHABET FOR "M" PRONOUNCED IN (SPANISH) "EME" PUENTES BELIEVES THAT LANGUAGE OF ONE CULTURE (AZTEC) CAN DEFINE THE (SYMBOLISM) OF AN OTHER CULTURE (MAYAN) TO CONCLUDES AN ALLEGIANCE TO THAT EME, IT NOT CORRECT. AGAIN IF THE CALENDAR WAS CONTRARY TO PRISON CONSENSUS, OFFICIALS WOULD NOT HAVE ALLOWED ME TO HAVE IT. THIS 2ND OBTAINING, PUENTES CONCLUDES THE (DRAWING SHOWING A STATUE WITH (2) SIDEWAYS M'S IN THE FORM OF AN EAGLE REFERENCES THE MEXICAN MAFIA. THIS IS IN COMPLETE ERROR, PUENTES HAS NO KNOWLEDGE OF_____ SEE ATTACHMENT_

SOURCE # _2_
RESPONSE: _AS DEPICTED BY THE COURT IN CASTILLO VS. ALAMEIDA, JR C-94-2847 IN JJJ. THUS SOURCE RELIED ON IN THE INACTIVE/ACTIVE PROCESS IS WRONGLY APPLIED. THE 1030 ISSUED BY IGI McMILLAN REFERENCING CONF. MEMO DATED 6-2-03 DOES NOT MEET THE CASTILLO COURT GUIDELINES. FIRST, THE DISCOVERY OF MY NAME ON A NOTE CONFISCATED FROM AN ALLEGED GANG ASSOCIATE FAILS TO MEET THE CRITERIA SET FORTH IN CCR 15 §§ 3000 & 3023. IT FAILS TO REFERENCE ANY SPECIFIC ACT IN RELATION TO ME DEPICTING GANG ACTIVITY. IT AMOUNTS TO NOTHING MORE THAN MY NAME BEING ADDED TO A NOTE/LIST VIA A HEARSAY BASIS. THUS, THIS DOES NOT SATISFY # 2 OF THE CASTILLO COURT CHANGES. AS TO THE RELIABILITY OF THE SOURCE REFERENCED ON THE 1030 2(d) & (e). THE SOURCE FAILS TO MEET # 2, 6 & 7 OF THE CASTILLO COURT CHANGES. SEE ATTACHMENT._

SOURCE # _____
RESPONSE:_____

Source # 1

ANCIENT MEXICAN ARCHAEOLOGY.    THE DRAWING IS A REPLICA OF AN AUTHENTIC STATUE AT A FAMOUS ARCHAEOLOGICAL SITE DATED 900-1200 A.D. IT'S NEITHER A DOUBLE SIDED AX M OR AN EAGLE, IT'S A BREAST PLATE DESIGN OF A BUTTERFLY

LASTLY, I HAVE NO MONIKER OF "BIG MANUEL" THIS CAN BE VERIFIED BY LONG-TERM HOUSING STAFF.    NOR AM I A MEMBER OF THE "SAN DIEGO" STREET GANG, NO SUCH INDIVIDUAL STREET GANG AS THAT EXISTS.    WHATS MORE, I'M NOT EVEN FROM METRO POLITAN SAN DIEGO, I GREW UP IN OCEANSIDE ON THE OUTSKIRTS OF SAN DIEGO COUNTY

Source # 2

THE CDC HAS NOT PROVIDED AN "ARTICULABLE BASIS" REFLECTING GANG ACTIVITY. IF GANG ACTIVITY WAS EVIDENT. THEN UNDER CCR 15 § 3312 THE CDC WAS COMPELLED TO ISSUE A RULES VIOLATION REPORT. WHATS MORE, ABSENT REFERENCING SPECIFIC ACTS, THE INFORMATION PROVIDED CAN'T BE RELIED ON.    NOR CAN THE CDC RELY ON THIS "HEARSAY" FROM THE CONFIDENTIAL SOURCE AS DEFINED IN # 6 § 7 OF THE CASTILLO COURT CHANGES.

JUN-15-2006  08:52    SSU-RHNCHUCURDUUH              DEPARTMENT OF CORRECTIONS    P.04

STATE OF CALIFORNIA
CDC 128-B-2 (6/95)                                                    CDC NUMBER: C75553

INMATE'S NAME: Manuel ZARATE

On July 20, 1990, a gang validation package regarding subject was received from Institution Gang Investigator Negrete at CCI. On January 11, 2006, an Inactive review was completed by Institutional Gang Investigator Kaye at PBSP recommending subjects status remain "Active".

TOTAL NUMBER OF ITEMS SUBMITTED FOR REVIEW: (7)

The following items meet the validation requirements: VALIDATION REVIEW RESULTING IN CDC 128B-2 DATED 3/6/03:

    Item (1) Confidential Memorandum dated 10/13/87 (Informant)
    Item (2) Confidential Memorandum dated 8/15/89 (Informant)
    Item (3) Confidential Memorandum dated 9/30/92 (Informant)

ACTIVE/INACTIVE REVIEW dated 1/11/06:

    Item (4) CDC 128B dated 9/8/05 (Symbols)
    Item (5) Confidential Memorandum dated 6/2/03 (Written Material/Informant)

TOTAL NUMBER OF ITEMS WHICH MEET VALIDATION REQUIREMENTS: (5)

The following items do not meet the validation requirements and were/shall not be used as a basis for validation:

    Item (1) Confidential Memorandum dated 5/5/87
    Item (2) Confidential Memorandum dated 7/8/88

TOTAL NUMBER OF ITEMS WHICH DO NOT MEET VALIDATION REQUIREMENTS: (2)

ACTION OF REVIEWER

Pursuant to the validation requirement established in 15 CCR Section 3378, Manuel ZARATE is:

    ☒ VALIDATED    ☐ REJECTED

as an "Active" associate of the Mexican Mafia prison gang.

| | | |
|---|---|---|
| SIGNATURE CHAIRPERSON | SIGNATURE MEMBER | SIGNATURE MEMBER |
| M. ROFF | Everett W. Fischer | |
| Printed name | Printed name | Printed name |

DATE: 6-7-06

GANG VALIDATION/REJECTION REVIEW
GENERAL CHRONO
LEIU/SSU

DISTRIBUTION:
Original - Central File
Copy - Classification & Parole Representative/Parole Administrator I
Copy - Institutional Gang Investigator/Region Gang Coordinator
Copy - Law Enforcement Liaison Unit
Copy - Inmate/Parolee    6/16/06

*Copy given to*
*I/M on 6/16/06*
*B. Munoz CCI*

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:  NOV 2 7 2006

In re:   Zarate, C-75553
         Pelican Bay State Prison
         P.O. Box 7000
         Crescent City, CA 95531-7000

   IAB Case No.: 0603011        Local Log No.: PBSP 06-01569

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Burleson. All submitted documentation and supporting arguments of the parties have been considered.

I    APPELLANT'S ARGUMENT:  It is the appellant's position that the regulations regarding active/inactive reviews are Ex Post Facto. The appellant asserts that the long-standing language established by Toussaint was "an inmate shall not be retained in Security Housing Unit (SHU) beyond 11 months unless a classification committee has determined continuance in SHU is required...?" The appellant goes on to state that his June 6, 2006 active/inactive review contained five items, which were relied upon that fall within the 11 guidelines established by Castillo v. Alameida. The appellant requests that the five source items be deemed as not meeting validation requirements and be expunged from his confidential file due to unreliability. The appellant further requests that, if the items are deemed reliable, that he be issued CDC Forms 115, Rules Violation Reports (RVRs) and provided with substantive due process protections. Finally, the appellant requests that the six-year review by abolished as Ex Post Facto.

II   SECOND LEVEL'S DECISION:  The reviewer found that the appellant is a validated associate of the Mexican Mafia (EME), with an original validation date of July 20, 1990. Three source items were accepted by the Law Enforcement Investigation Unit (LEIU) at that time. An active/inactive review was conducted on January 11, 2006, with two additional documents accepted by the LEIU to maintain the appellant's status as active. The Second Level of Review (SLR) noted that the appellant has been previously afforded the opportunity to appeal the original validation and its three source items; therefore, only the two additional documents will be discussed herein. The SLR reviewed the two items and determined that they meet the validation requirements established in the California Code of Regulations, Title 15, Section (CCR) 3378 and the Castillo v. Alameida Settlement. The appellant's request to be issued RVRs for the alleged misconduct was denied as gang activity may be documented in the form of Confidential Memorandums or CDC Form 128-B, General Chrono. The appellant's reliance on CCR 3341.5(c)(3) in regard to his SHU placement is not correct as that section speaks directly to determinate SHU terms and does not apply to indeterminate SHU terms. The aforementioned documents will not be expunged from the appellant's central file.

III  DIRECTOR'S LEVEL DECISION:  Appeal is denied.

   A.   FINDINGS:  The institution has provided the appellant with the content or as much information that can be provided from each documents presented to the LEIU requesting that the appellant be maintained as a validated associate of the EME. The LEIU reviewed each of the documents presented and found that the documents provided met the criteria for prison gang validation as an associate of the EME. The institution followed the required criteria for prison gang validation pursuant to CCR 3378 and the LEIU found that the information provided met the criteria under CCR 3378. The appellant has not provided convincing argument or compelling evidence to warrant modification of the decision reached the institution.

   B.   BASIS FOR THE DECISION:
   CCR: 3342, 3378

   C.   ORDER:  No changes or modifications are required by the institution.

ZARATE, C-75553
CASE NO. 0603011
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region   Log No.   Category
PBSP   1. DO6-01569   2. 6/8

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| MANUEL ZARATE | C75553 | | D3-116 |

A. Describe Problem: APPEALING TWO (2) ISSUES. FIRST, THAT CCR 15 §§ 3341.5 (C)(5) & 3378 (e) REGARDING THE ACTIVE/INACTIVE REVIEW ARE EX POST FACTO TO CDC 15 § 3341.5 (C)(3) WHO'S LONG STANDING MANDATORY LANGUAGE ESTABLISHED BY TOUSSAINT V. McCARTHY (9TH CIR 1990) 926 F.2d 800. HOLDS: "AN INMATE SHALL NOT BE RETAINED IN SHU BEYOND ... 11 MONTHS UNLESS CLASS. COMM. HAS DETERMINED ... CONTINUANCE IN SHU IS REQUIRED ... " SECOND, THE JUNE 6, 2006 GANG ACTIVE/INACTIVE REVIEW, (RECEIVED COPY OF DECISION ON 6/16/06). THE FIVE (5) ITEMS RELIED ON FALL WITHIN THE ELEVEN (11) GUIDELINES ESTABLISHED BY THE 2005 CASTILLO V. ALAMEIDA # SETTLEMENT, C-94-2847 (MJJ) — THAT THE CDCR CAN NO LONGER RELY ON IN REGARDS TO ITS PRISON GANG POLICIES. SEE ATTACHMENT

If you need more space, attach one additional sheet.

B. Action Requested: THAT THESE (5) ITEMS BE DEEMED AS NOT MEETING VALIDATION REQUIREMENTS, AND BE EXPUNGED FROM MY CONF. FILE DUE TO UNRELIABILITY. AND IF DEEMED RELIABLE THEN I BE ISSUED CDC 115s PER §§ 3312, 3315, 3000 & 3023 & PROVIDED THE SUBSTANTIVE D.P. PROTECTIONS. THAT THE 6 YR. REVIEW BE ABOLISHED AS EX POST FACTO VIOLATION TO CCR 15 § 3341.5 (C)(3) UNDER TOUSSAINT

Inmate/Parolee Signature: _Manuel Zarate_   Date Submitted: 6/30/06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response: ~~BYPASS~~

Staff Signature: _____   Date Returned to Inmate: SEP 8 2006

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

Signature: _____   Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim   CDC Appeal Number: _____

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT

INFORMAL CONTINUED

THE RELEVANT CASTILLO COURT GUIDELINES FOR THIS APPEAL ARE:

NO. 2   THE C.D.C. IS REQUIRED TO HAVE AN "ARTICULABLE BASIS" (MEANING SOMETHING THAT INCLUDES REASONABLE FACTS) AS TO WHY A SOURCE ITEM IS INDICATIVE OF GANG ACTIVITY.

NO. 3   GANG ACTIVITY IS DEFINED AS ANY ILLEGAL, UNLAWFUL, OR CRIMINAL ACTIVITY DONE IN FURTHERANCE OF THE GOALS OF A PRISON GANG.

NO. 6   C.D.C. CAN NO LONGER RELY ON CONFIDENTIAL INFORMANTS WHO PROVIDE NOTHING MORE THAN A NAME OF A PRISONER IN CONNECTION TO A PRISON GANG.  CONFIDENTIAL INFORMANTS MUST REFER TO SPECIFIC ACTS THAT AN INMATE ALLEGEDLY DID IN CONNECTION WITH A PRISON GANG.

NO. 7   C.D.C. CAN NO LONGER RELY ON "HEARSAY" FROM CONFIDENTIAL INFORMANTS, MUST HAVE PERSONAL KNOWLEDGE OF THE CONFIDENTIAL INFORMATION DISCLOSED.

ITEM (1) CONFIDENTIAL MEMO (C.M.) 10/13/87 FALLS WITHIN THE GUIDELINES 2, 3, 6 & 7. THE SOURCE DOES NOT IDENTIFY ME AS A PARTICIPANT IN ANY CRIMINAL ACTIVITY OR IN ANY PRISON GANG ACTIVITY. THE INFORMANTS INFORMATION IS A VAGUE ASSERTION OF MY ASSOCIATION, CLEARLY. HIS ASSERTION IS BASED ON ULTERIOR MOTIVES AS A DEBRIEFER. THIS INFORMATION AMOUNTS TO NOTHING MORE THAN "HEARSAY". WHATS MORE, LT. J. GONZALES (THE AUTHOR OF C.M.) IN BELIEVING THIS SOURCE, THEN HE WAS STATUTORILY MANDATED TO ISSUE ME A CDC115 RULES VIOLATION REPORT (R.V.R.) PER CCR15 §§ 3312 (a) (3) & 3315 FOR SERIOUS ACTS OF MISCONDUCT PURSUANT TO CCR15 §§ 3000 "GANG" & 3023 "GANG ACTIVITY"

ITEM (2) C.M. 8/15/89 FALLS WITHIN THE GUIDELINES 2, 3, 6 & 7. THROUGHOUT MY ENTIRE PRESENT INCARCERATION (OVER 23 YRS.) & NUMEROUS CDC INVESTIGATIONS OFFICIALS HAVE NEVER BELIEVED ME TO BE IN A COMMAND POSITION OF ANY GROUP, FOR THE (CEN). THE SOURCE OF THIS ITEM IS AN INMATE MEDINA WHO HAS NOT IDENTIFIED ME AS A PARTICIPANT IN ANY CRIMINAL OR PRISON GANG ACTIVITY. HIS REASON FOR PROVIDING FALSE INFORMATION WAS ULTERIOR. LESS THAN THREE (3) MONTHS AFTER THIS C.M. ON 11/15/89 LT. A.L. BELL / FOLSOM (CAC) DISCOUNTED THIS C.M. (SEE ATTACHED CDC 128-B). % C. DAVIS THE AUTHOR OF THIS C.M. IF BELIEVING THIS INMATE. HE NEVER ISSUED A CDC115 PER CCR15 §§ 3312 (a) (3) & 3315 FOR SERIOUS ACTS OF MISCONDUCT PURSUANT TO § 3000 "GANG" & 3023 "GANG ACTIVITY".

ITEM (3) C.M. 9/30/92 FALLS WITHIN THE GUIDELINES 2, 3, 6 & 7. THIS SOURCE DID NOT IDENTIFY ME AS A PARTICIPANT IN ANY CRIMINAL OR PRISON GANG ACTIVITY. THIS SOURCE INFORMATION CONFLICTS WITH VARIOUS PAST C.M.s AS TO ASSERTED GANG STATUS, IN OVER 23 YRS. & NUMEROUS INVESTIGATIONS OFFICIALS HAVE NEVER CLASSIFIED ME AS AN GANG MEMBER. THE SOURCE INFORMATION IS CLEARLY "HEARSAY" & ABSENT ANY PERSONAL KNOWLEDGE. THE AUTHOR OF C.M. CAPT. JENKINS (IGI) IF HE BELIEVED THIS SOURCE THEN HE WAS MANDATED TO ISSUE ME A CDC 115 PER CCR15 §§ 3312 (a) (3) & 3315 FOR SERIOUS MISCONDUCT PURSUANT TO CCR15 §§ 3000 "GANG" & 3023 "GANG ACTIVITY."

ITEMS (1-2) WERE CONSIDERED BY LT. BELL IN HIS INVESTIGATION & DISCOUNTED THESE SOURCES IN HIS ASSESSMENT AS TO MY GANG STATUS.

ITEM (4) THIS MATERIAL HAS BEEN TAKEN COMPLETELY OUT OF CONTEXT AS I EXPLAINED TO % J. PUENTE (IGI) THIS CALENDAR WAS PURCHASED VIA SPECIAL PURCHASE APPROVED BY OFFICIALS & WAS DOCUMENTED ON MY PROPERTY CARD. CLEARLY OFFICIALS DID NOT BELIEVE CALENDAR FELL WITHIN THE MEANING OF CCR15 § 3378 (c) (8) (B). (SEE PROPERTY CARD ATTACHED.) AS TO THE DRAWING AGAIN I EXPLAINED TO % PUENTES ITS A DRAWING OF AN AUTHENTIC STATUE AT AN ARCHAEOLOGICAL SITE (CIRCA 900 - 1200 A.D.) ITS NOT (2) SIDE WAY M.S. ITS A SIMPLE BLOOD LETTER, 1800 YRS AGO THE INDIGENOUS PEOPLES OF THAT SITE HAD NO WRITTEN LANGUAGE. LASTLY I AM NOT KNOWN BY AKA "BIG MANUEL. THIS CAN BE VERIFIED BY C3 STAFF, UNTIL RECENTLY I WAS HOUSED IN C-3 FOR 6 YRS. AND I AM NOT PART OF THE "SAN DIEGO" STREET GANG. NO SUC AREA EXISTS. AS AN INDIVIDUAL PLACE. WHATS MORE, I'M NOT EVEN FROM METROPOLITAN SANDIEGO, I AM FROM OCEANSIDE LOCATED ON THE OUTSKIRTS OF SAN DIEGO COUNTY.

ITEM (5) C.M. 6/21/03 FALLS WITHIN THE GUIDELINES 2, 3, 6 & 7. BECAUSE MY NAME IS FOUND IN A CONFISCATED NOTE IS NOT INDICATIVE THAT OWNER PERSONALLY KNEW ME & DOES NOT MEET THE CRITERIA SET FORTH IN CCR15 §§ 3000, 3023. THIS SOURCE DID NOT IDENTIFY ME AS A PARTICIPANT IN ANY CRIMINAL OR PRISON GANG ACTIVITY. THIS SOURCES INFORMATION AMOUNTS TO NOTHING MORE THAN "HEARSAY"

PELICAN BAY STATE PRISON
SECURITY HOUSING UNIT

<u>DRB REVIEW</u> CONT.

AND THE TOUSSAINT PERMANENT INJUNCTION THAT RESULTED IN §3341.5(c)(5)
IS STILL THE CONTROLLING LEGAL BASIS FOR CONSIDERING RELEASE FROM
ADMIN. SEG. ON A YEARLY BASIS. PRISON GANG MEMBERS AND ASSOCIATES
CLEARLY THE CDCR IS CIRCUMVENTING THE TOUSSAINT PERMANENT
INJUNCTION BY APPLYING THE NEW 6 YR ACTIVE/INACTIVE REVIEW
AND SUBJECTING MYSELF AND SIMILARLY SITUATED PRISONERS TO
VIOLATIONS OF EX POST FACTO.     WHATSMORE, THE 6 YR ACTIVE/
INACTIVE REVIEW IS ALSO EX POST FACTO VIOLATION TO THE 180-DAY
REVIEW FOR CONSIDERATION OF RELEASE FROM ADMIN. SEG. UNDER
§3341.5 (c)(2)(A).


RELIEF
            SAME AS ABOVE

# EXHIBIT C

C 3/. 215                                           *CM*

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
CDC 1819 (Rev. 6/98)
NOTIFICATION OF DISAPPROVAL - MAIL/PACKAGES/PUBLICATIONS

INMATE'S NAME                                    CDC NUMBER
*Zarate*                                         *C 75553*

## MAIL / PACKAGES SECTION (Complete for mail or package cases only)

[X] INCOMING MAIL/PACKAGE          [ ] OUTGOING MAIL/PACKAGE

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION
*Contact pub. for correction of CDC #*

| DISPOSITION | SENDER INFORMATION | | |
|---|---|---|---|
| [ ] HELD PENDING INVESTIGATION/APPEAL | FIRST NAME | MI | LAST NAME |
| [ ] RETURNED TO SENDER _____ (At Inmate's Expense)   (Date) | ADDRESS (NUMBER AND STREET) | | |
| [ ] DESTROYED | CITY | STATE | ZIP CODE |
| *(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

## AUTHORITY TO DISALLOW (Must be completed in all cases)

| PRINTED NAME OF WARDEN'S DESIGNEE | SIGNATURE OF WARDEN'S DESIGNEE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| | | | |

## PUBLICATIONS SECTION (Complete for publication cases only)

| TITLE OF PUBLICATION (Include Issue/date) 2/06 | PUBLISHER | PAGE(S) WHICH MEET DISAPPROVAL CRITERIA |
|---|---|---|
| *Maxim (Spanish)* Vol (5) #3 | *Dennis* | *24, 45, 53, 81, 83* |

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION
*CCR title 15, 3006, (c) #(17) Sexually explicit images that depicits frontal nudity in the form of personal photographs, drawings, magazines or other pictorial format.*

| DISPOSITION | DESIGNEE INFORMATION | | |
|---|---|---|---|
| [ ] HELD PENDING INVESTIGATION/APPEAL | FIRST NAME | MI | LAST NAME |
| [ ] DESTROYED | ADDRESS (NUMBER AND STREET) | | |
| [ ] RETURNED TO OUTSIDE DESIGNEE AT INMATE'S EXPENSE _____ (Date) | CITY | STATE | ZIP CODE |
| **(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

## AUTHORITY TO DISALLOW (Must be completed in all cases)

| FACILITY CAPTAIN'S PRINTED NAME | FACILITY CAPTAIN'S SIGNATURE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|
| *Ury Yax (erst)* | *Uayo* | *1/20/06* | *1/23/06* |

DISTRIBUTION:
ORIGINAL - MAILROOM        * ALL APPEALS REGARDING MAIL/PACKAGES SHALL BE REFERRED TO THE WARDEN'S DESIGNATED STAFF
CANARY - INMATE
PINK - SENDER / DESIGNEE    ** ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE FACILITY CAPTAIN.

STATE OF CALIFORNIA                                                                      DEPARTMENT OF CORRECTIONS

INMATE/PAROLEE                    Location: Institution/Parole Region    Log No.              Category
APPEAL FORM                       1.        PBSP                         1.  C06- 00247       1.
CDC 602 (12/87)    Zapata                                                2.                   2. SPAN/SAN MAXIM
                                                                                                 2006

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification
committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff
member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting
documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken
for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| ZAPATA, MANUEL | C-75553 | D3-116 | C-3-215 |

A. Describe Problem: APPEALING RELIANCE ON CCR 15 § 3006 (C) (17) TO DENY
MAXIM (SPANISH) MAGAZINE. REFERENCED ON CDC 1819 DISAPPROVAL
NOTICE ARE (5) PAGES OF MAGAZINE. RELIANCE ON § 3006 (C) (17) IS
OVERBROAD & CONTRARY TO MILLER VS. CALIF. MANDATING THAT MAGAZINES CANNOT BE
BANNED WHOLE CONTAINING ARTISTICAL ~~AND~~ LITERAL SOCIAL & SCIENTIFIC VALUE.
IN THE COURSE OF 602 (INTERVIEW) MAGAZINE SHOULD BE PRESENTED IN ORDER
THAT I BE ALLOWED TO VISUALLY CONTEST THE PAGES IN QUESTION

If you need more space, attach one additional sheet.

B. Action Requested: THAT MAGAZINE BE ALLOWED

Inmate/Parolee Signature: _Manuel Zapata_                                 Date Submitted: 1.26.06

C. INFORMAL LEVEL (Date Received: _____)

Staff Response:                        BYPASS                           RECEIVED
                                                                        MAY 16 2006
                                                                        INMATE APPEALS
                                                                        BRANCH

Staff Signature: _____                                        Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and
submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

                                       BYPASS

Signature: _____                                              Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed                          CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

# EXHIBIT A
# Part 4 of 4

First Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other

Interviewed by:

Staff Signature:                        Title:                    Date Completed:
Division Head Approved:
Signature:                              Title:                    Date Returned:

F. If dissatisfied, explain reasons for requesting a Second Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

RESTORE NORMAL CONTACTS. IN ADDITION PER CDC RULE 3084.5
(f)(2) I AM ENTITLED TO A PERS. INTERVIEW OF WHICH I WAS NOT AFFORDED.
I REQUEST TO SEE THE MAGAZINE PAGES IN QUESTION. I AM NOT REQUESTING
MONETARY COMPENSATION — ONLY THE MAGAZINE

Signature:                                              Date Submitted: 3/14/06

Second Level    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days) Date assigned: 03-20-06    Due Date: 04-18-06
☑ See Attached Letter

Signature:                                              Date Completed: 4/10/06
Warden/Superintendent Signature:                        Date Returned to Inmate: 4/17/06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature:                                              Date Submitted: 5/10/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:    ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other
☑ See Attached Letter
CDC 602 (12/87)                                         Date: AUG 0 7 2006

UNIT D-2
SECURITY HOUSING UNIT
PELICAN BAY STATE PRISON

### CONTROLLING APPEAL RESPONSE

DATE: March 10, 2006                    APPEAL LOG NUMBER: PBSP-C06-00284

INMATE:       *ZARATE*
CDC NUMBER:   *C-75553*          *C06-00247*

Appeal Log No. PBSP-C06-00284 is the controlling appeal response for multiple appeals, regarding the February 2006 issue of Spanish Maxim magazine. This response is prepared in compliance with the California Code of Regulations (CCR), Title 15, Section 3084.2(g).

APPEAL DECISION:       **DENIED**

APPEAL ISSUE:

I would like my February 2006 issue of Spanish Maxim magazine delivered to me. I would like you to reprimand the Facility Captain, and $100 placed in my account for my time.

APPEAL RESPONSE:

The February 2006 issue of Spanish Maxim magazine was reviewed at the First Level and a review of this appeal has been completed. The complaint has received careful consideration. P. Carrier, Office Services Supervisor I, Mailroom, was assigned to do the interview by the First Level Reviewer.

On March 10, 2006, P. Carrier explained that your CDC 602, Inmate/Parolee Appeal Form, would be used as a controlling appeal for the February 2006 issue of Spanish Maxim magazine.

P. Carrier explained to the appellant that the February 2006 issue of Spanish Maxim magazine displays a picture exposing the female breast. This is in violation of the CCR, Title 15, Section 3006 (17), which states, "Sexually explicit images that depict frontal nudity in the form of personal photographs, drawings, magazines, or other pictorial format."

The magazine was appropriately disallowed by the Correctional Captain, therefore there will be no monetary reward.

According to the guidelines established in the CCR, Title 15, Section 3006, the original denial will not be overturned. You may send the magazine to another party at your expense. You will not be reimbursed for the magazine or the postage to return the magazine.

Pelican Bay State Prison staff will not remove the disallowed pages or alter the publication. The February 2006 Spanish Maxim magazine will be held pending disposition of this appeal.

FINDINGS

Based of the above, the appeal is **DENIED** at the First Level of Appeal.


_signature_      3-10-06          _signature_      3/13/06
M. YAX           Date             S. L. KAYS       Date
Correctional Captain              Associate Warden (A)
Central Services                  Central Services

| PELICAN BAY STATE PRISON |
| SECOND LEVEL REVIEW |

DATE: 4/14/06

Inmate ZARATE, C-75553
Pelican Bay State Prison
Facility C, Security Housing Unit
Building 3, Cell 215

RE: WARDEN'S LEVEL DECISION                          APPEAL: DENIED
    APPEAL LOG NO. PBSP-C-06-00247                   ISSUE: MAIL

This matter was reviewed by MARK D. CASTELLAW, Warden (A), at Pelican Bay State Prison (PBSP). This appeal has been processed via the multiple appeal policy in accordance with the California Code of Regulations (CCR), Title 15, Section 3084.2(g). P. Carrier, Office Services Supervisor I, Mailroom, interviewed the inmate for the Controlling Appeal log number PBSP-C-06-00284 regarding the February issue of the Spanish *Maxim* magazine on March 10, 2006, at the First Level of Appeal Review.

## ISSUES

Inmate Zarate is requesting that the magazine be issued to him.

## FINDINGS

### I

The inmate was issued a CDC 1819, Notification of Disapproval, on January 23, 2006, disallowing the February issue of the Spanish *Maxim* magazine. The inmate states that the denial of the magazine based on the CCR, Title 15, Section 3006(c)(17) is overboard and contrary to Miller vs. California mandating that magazines cannot be banned which contain artistic, literal, social and scientific value. The inmate states that the magazine should be presented to him during the interview so that he can be allowed to visually contest the pages in question.

### II

The inmate was dissatisfied with the First Level of Response, stating that he is entitled to a personal interview and he was not afforded the right to see the magazine pages in question. The inmate additionally requests monetary compensation for the magazine.

### III

As stated above the appeal was processed per the CCR, Title 15, Section 3084.2 (g), which states if more than one appeal regarding the same issue is received a written response shall be given to the original appellant and a copy of the response shall be given to each of the other appellants. The original appellant was interviewed on March 10, 2006; therefore, no additional interviews are required. The inmate has provided no additional information or arguments that require he be interviewed. The magazine did not need to be presented to the inmate so that he can visually contest the pages as staff was able to identify exposed breasts without additional input from the inmate.

Supplement Page 2
ZARATE, C-75553
Appeal # PBSP-C-06-00247

## DETERMINATION OF ISSUE

An additional review of the magazine was conducted at the Second Level of Review. Five pages in the magazine display frontal nudity of women including exposure of their nipples.

The CCR, Title 15, Section 3006(c)(17)(A) states, *"Sexually explicit material shall be defined as material that shows the frontal nudity of either gender, including the exposed female breast(s) and/or the genitalia of either gender."*

The inmate argues that the magazine is artistic and has social and scientific value. Per the CCR, Title 15, Section 3006(c)(17)(B)(2), the institution head can approve material that is deemed educational, contains medical/scientific material, or is artistic. In addition to the five pages of women with their breast exposed is an article about hotels in Japan that cater to bondage. Displayed with the article is a picture of a motel room with chains and hand cuffs hanging from the celling. The magazine has several articles and pictures that are sexual in nature. It has been reviewed and determined to not have any educational, medical/scientific, or artistic value.

Based on the above information, the inmate's request that the magazine be issued to him is DENIED. The inmate's additional request to be compensated for the magazine is DENIED.

As this appeal has been denied at the Second Level of Review, the inmate has 15 days from the date of this response to inform Mailroom staff concerning his decision on the disposition of the publication. If the inmate wishes to send the publication to someone, he must provide a signed Trust Withdrawal form sufficient to cover the cost of shipping and an addressed envelope sufficient in size to accommodate the magazine. If the inmate fails to comply with this direction, the publication will be destroyed.

## MODIFICATION ORDER

No modification of this decision or action taken is required.

M. D. CASTELLAW
Warden (A)
Pelican Bay State Prison

PLS #30   04/10/06

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date:  AUG 0 7 2006

In re:  Zarate, C-75553
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA  95531-7000

IAB Case No.: 0513344          Local Log No.: PBSP  06-00247

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner R. Pimentel, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

I  APPELLANT'S ARGUMENT:  It is the appellant's position that his February 2006 "Maxim" (spanish) magazine was denied to him because it displayed frontal nudity. The appellant asserts that the California Code of Regulations, Title 15, Section (CCR) 3006 is overbroad and contrary to Miller vs. California. He contends that the magazine contains "artistic, literal, social and scientific material". He requests the magazine be delivered to him.

II  SECOND LEVEL'S DECISION:  The reviewer found that the appellant's February 2006 "Maxim" (spanish) magazine was denied per CCR Section 3006 Contraband (A) which states, "Sexually explicit material shall be defined as material that shows the frontal nudity of either gender, including the exposed female breast(s) and/or the genitalia of either gender." The Second Level of Review (SLR) noted that the magazine was reviewed by Correctional Captain M. Yax and the appellant was provided a form CDC Form 1819, Notification of Disapproval-Mail/Packages/Publications. The form CDC 1819 indicates that the magazine contained photographs of exposed female breasts on five separate pages. The appellant was provided an opportunity to pay to have the magazine sent to a third party outside of the institution. The SLR denied the appeal.

III  DIRECTOR'S LEVEL DECISION:  Appeal is denied.

A.  FINDINGS:  The documentation and arguments presented are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or fact to warrant a modification of the SLR. The SLR has presented the appellant a thorough and comprehensive review of the appellant's issue and the Director's Level of Review (DLR) finds no basis to alter said decision. Denial of the magazine is appropriate if it meets the conditions of CCR 3006 (c) (17) (A) which states; "Sexually explicit material shall be defined as material that shows the frontal nudity of either gender, including the exposed female breast(s) and/or the genitalia of either gender." Administrative Bulletin 02/04 serves to clarify the Department's policy as handed down in the Ninth Circuit Court decision Mauro v. Arpaio, wherein only material showing frontal nudity may be restricted. An April 11, 2003, memorandum provided further clarification of the Department's frontal nudity policy stating that "frontal nudity is material that includes personal photographs, drawings, magazines, and/or pictorials that display the areola and/or nipple of a female's breast(s), or the genitalia of either gender." The institution has acted appropriately in denying the appellant's request; therefore no relief is provided at the (DLR).

B.  BASIS FOR THE DECISION:
CCR: 3001, 3006, 3130, 3131, 3136, 3147, 3270, 3380
Administrative Bulletin 02/04: BAN OF MATERIALS DISPLAYING FRONTAL NUDITY

C.  ORDER:  No changes or modifications are required by the institution.

ZARATE, C-75553
CASE NO. 0513344
PAGE 2

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, (formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, PBSP
       Appeals Coordinator, PBSP

STATE OF CALIFORNIA
CDC 1819 (Rev. 6/98)

*C 3 - 2,15*

DEPARTMENT OF CORRECTIONS

## NOTIFICATION OF DISAPPROVAL - MAIL/PACKAGES/PUBLICATIONS

| INMATE'S NAME  *Z arati* | CDC NUMBER  *C 75-55 3* |
|---|---|

### MAIL / PACKAGES SECTION    (Complete for mail or package cases only)

[X] INCOMING MAIL/PACKAGE          [ ] OUTGOING MAIL/PACKAGE

LIST ITEM(S) WHICH MEET DISAPPROVAL CRITERIA

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION

| DISPOSITION | SENDER INFORMATION | | |
|---|---|---|---|
| [ ] HELD PENDING INVESTIGATION/APPEAL | FIRST NAME | MI | LAST NAME |
| [ ] RETURNED TO SENDER ____ (At Inmate's Expense)  (Date) | ADDRESS (NUMBER AND STREET) | | |
| [ ] DESTROYED | CITY | STATE | ZIP CODE |
| *(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

### AUTHORITY TO DISALLOW (Must be completed in all cases)

| PRINTED NAME OF WARDEN'S DESIGNEE | SIGNATURE OF WARDEN'S DESIGNEE | DATE SIGNED | DATE FORWARDED TO INMATE |
|---|---|---|---|

### PUBLICATIONS SECTION    (Complete for publication cases only)

| TITLE OF PUBLICATION (include issue/date) *#50* *Spanish MAXIM - 5/06* | PUBLISHER *Dennis* | PAGE(S) WHICH MEET DISAPPROVAL CRITERIA *15, 62, 63, 64, 65,* |
|---|---|---|

DESCRIPTION OF MATERIAL THAT MEETS DISAPPROVAL CRITERIA, INCLUDE CCR, TITLE 15 SECTION
*CCR title 15, 3006 contraband, (c) #17, frontal nudity; 1(d) Anything in the possession of an inmate which is not contraband but will, if retained in possession of the inmate, present a serious threat to facility security or the safety of inmates and staff, shall be controlled by staff to the degree necessary to eliminate the threat.*

| DISPOSITION | DESIGNEE INFORMATION | | |
|---|---|---|---|
| [ ] HELD PENDING INVESTIGATION/APPEAL | FIRST NAME | MI | LAST NAME |
| [ ] DESTROYED | ADDRESS (NUMBER AND STREET) | | |
| [ ] RETURNED TO OUTSIDE DESIGNEE AT INMATE'S EXPENSE ____ (Date) | CITY | STATE | ZIP CODE |
| **(INMATE HAS FIFTEEN (15) DAYS, AFTER NOTIFICATION OF DISAPPROVAL HAS BEEN FORWARDED, TO LET STAFF KNOW THE CHOICE OF DISPOSAL, OTHERWISE MATERIAL WILL BE DESTROYED). | I ACKNOWLEDGE RECEIPT OF THIS NOTIFICATION: (INMATE'S SIGNATURE) | | DATE SIGNED |

### AUTHORITY TO DISALLOW (Must be completed in all cases)

| FACILITY CAPTAIN'S PRINTED NAME  *M. MAX Cerf* | FACILITY CAPTAIN'S SIGNATURE | DATE SIGNED *7/27/06* | DATE FORWARDED TO INMATE *5/2/06* |
|---|---|---|---|

DISTRIBUTION:
ORIGINAL - MAILROOM          * ALL APPEALS REGARDING MAIL/PACKAGES SHALL BE REFERRED TO THE *WARDEN'S DESIGNATED STAFF*
CANARY - INMATE
PINK - SENDER / DESIGNEE     ** ALL APPEALS REGARDING PUBLICATIONS SHALL BE REFERRED TO THE *FACILITY CAPTAIN.*



INMATE/PAROLEE
APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region **PBSP** Log No. **D06-01080** Category **3-7**
1. _____ 1. _____ Spanish
2. _____ 2. _____ Maxim

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. C75563

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| MANUEL Zarate | C28507 | | D3-116 |

A. Describe Problem: APPEALING CDC 1819 NOTICE DATED 3-2-06 "SPANISH MAXIM" (DISALLOWED) BASED ON CCR 15 § 3006 (c) (17) — DENYING MAGAZINE ON THIS BASIS IS A USURPATION OF DECISION MAKERS AUTHORITY; THIS MAGAZINE REFERENCED PAGES ARE NOT NUDE THE BODY IS COVERED BY A SHEAR GARMENT. WHATSMORE, STAFF HAVE COMPLETELY IGNORED THE CONSTITUTIONAL STANDARD AS TO OBSCENITY ESTABLISHED IN MILLER V. CALIF. 93 S.CT 2607, AND BURSLETTE US STRAUS (81 F. SUPP 2d 1021 (2001). NAMELY, THAT WHEN TAKEN AS A WHOLE IF MAGAZINE CONTAINS SERIOUS ARTISTIC, LITERARY, POLITICAL OR SCIENTIFIC VALUE IT CANNOT BE DENIED

If you need more space, attach one additional sheet.

B. Action Requested: THAT I BE ALLOWED THE SPANISH MAXIM; AT 602 LEVEL ENTAILING A PERSONAL INTERVIEW THAT THE INTERVIEWER EXHIBIT TO ME THE PAGES IN QUESTION; THAT STAFF CEASE ENTERTAINING A USURPATION OF AUTHORITY WHEN APPLYING C.C.R.15 § 3006 TO MAGAZINES

Inmate/Parolee Signature: _Manuel Zarate_    Date Submitted: 5/15/06

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: ~~BYPASS~~

RECEIVED
INMATE APPEALS BRANCH
AUG 3 2006

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

~~BYPASS~~

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

MAY 17 2006    BS    2ND APPEALS 19 2006

First Level: ☐ Granted ☒ P. Granted ☒ Denied ☐ Other

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 5/17/06    Due Date: 6/29/06

Interviewed by: _____

_See Attached - controlling response_

Staff Signature: _____    Title: CCII    Date Completed: _____

Division Head Approved: _____    Title: AW    Returned: _____

Signature: _____    Date to Inmate: 6-?-06

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

REASSERTING INFORMAL LEVEL, ALSO. 1st LEVEL RESPONSE OF CONTROLLING 602 STATES THE ISSUE DISPLAYS "A PICTURE OF BOTH A MALE & FEMALE COMPLETELY NUDE" HOWEVER MY CDC 18a REFERENCES (5) AREAS VIOLATING CCR 15 § 3006 (a) (in). NEVERTHELESS, BECAUSE THE MAGAZINE DOES NOT LACK SERIOUS LITERARY, ARTISTIC, POLITICAL OR SCIENTIFIC VALUE. IT CANNOT BE CONSTITUTIONALLY DIS#LLOWED TO ME.

Signature: _Manuel Garcia_    Date Submitted: June 6, 2006

Second Level: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 6/19/06    Due Date: 7/10/06

☒ See Attached Letter

Signature: _Withrow CCII_    Date Completed: 6-28-06

Warden/Superintendent Signature: _____    Date Returned to Inmate: 7-18-06

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

REASSERTING INFORMAL LEVEL. IN ADDITION THE SECOND CDC/CCIIs REFERENCES (1) PHOTO OF FRONTAL NUDITY. AT WARDENS LEVEL IS ADDED (3) PAGES OF TATTOOED MEN INDICATIVE OF GANG MEMBERSHIP. THIS REFERENCE TO GANGS IS OVERZEALOUSNESS ON REVIEWERS PART. THE ARTICLE MAKES NO MENTION OF GANG MEMBERSHIP. THE MAGAZINE CONTAINS (1) FRONTAL NUDITY PHOTO, HOWEVER WHEN TAKEN AS A WHOLE IT CONTAINS LITERARY, ARTISTIC & POLITICAL VALUE CCR 15 § 3006 (a) (a). CLEARLY THIS MAGAZINE IS NO DIFFERENT THAN NAT'L GEOGRAPHIC 3306 (4) (B) (a). ECCA UNKNOWN

Signature: _Manuel Garcia_    Date Submitted: 7/20/06

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted ☐ P. Granted ☒ Denied ☐ Other
☐ See Attached Letter    OCT 21 2006

CDC 602 (12/87)    Date: _____

UNIT D-2

SECURITY HOUSING UNIT

# CONTROLLING APPEAL RESPONSE

*Controlling*

**DATE:**    May 23, 2006    **APPEAL LOG NUMBER:** C-06-00996

**INMATE:**
**CDC NUMBER:**    ▉▉▉▉▉▉▉▉▉    *I/M Zanate C-75553*
*Log # DO 6-01080*

This is a controlling response for multiple appeals of the same issue. This response is prepared in compliance with the California Code of Regulations (CCR), Title 15, Section 3084.2(g).

## APPEAL DECISION:

DENIED

## APPEAL ISSUE:

I would like my May 2006 issue of Spanish Maxim magazine sent to me.

## APPEAL RESPONSE:

The May 2006 issue of Spanish Maxim #50 was reviewed at the First Level and a review of this appeal has been completed. The complaint has received careful consideration. P. Carrier, Office Services Supervisor I was assigned to do the interview by the First Level Reviewer.

On May 23, 2006, P. Carrier interviewed one of the appellants and explained to him that his CDC 602, Inmate/Parolee Appeal Form, would be used as a controlling appeal for the May 2006 issue of Spanish Maxim #50. P. Carrier explained to the appellant that the May 2006 issue of Spanish Maxim displays a picture exposing the entire front view of both male and female bodies completely nude violating CCR, Title 15, Section 3006 (17) which reads *"Sexually explicit images that depict frontal nudity in the form of personal photographs, drawings, magazines, or other pictorial format."*

It has been suggested that we remove the articles that have been disallowed and forward the remainder of the magazine. It is not the policy of the Pelican Bay State Prison Mailroom to destroy property by removing pages.

According to the guidelines established in the CCR, Title 15, Section 3006, the original denial of this magazine will not be overturned. You may send the magazine to another party at your expense. You will not be reimbursed for the either the magazine or the postage to return it. Your magazine will be held pending disposition of this appeal.

Based of the above information, the appeal is **DENIED** at the First Level of Appeal.

M. BEAN    Date 5/31/06
Business Manager I
Business Services

P. T. SMITH    Date 5/31/6
Associate Warden
Business Services

| PELICAN BAY STATE PRISON |
|---|
| SECOND LEVEL REVIEW |

DATE: JUL 0 5 2006

Inmate ZARATE, C75553
Pelican Bay State Prison
Facility D, Security Housing Unit
Building 3, Cell 116

RE: WARDEN'S LEVEL DECISION
    APPEAL LOG NO. PBSP-D-06-01080

APPEAL: DENIED
ISSUE: MAIL

This matter was reviewed by ROBERT A. HOREL, Warden, at Pelican Bay State Prison (PBSP). This appeal has been processed via the multiple appeal policy in accordance with the California Code of Regulations, Title 15, Section 3084.2(g) (1) (2) & (3) and 3084.3(b) (2). On May 23, 2006, P. Carrier, Office Service Supervisor I, conducted the interview with the inmate on Controlling Appeal log number PBSP-C-06-00996 at the First Level of Review.

## ISSUES

Inmate Zarate requests the disallowed May 2006 issue of Spanish *Maxim* magazine.

## FINDINGS

### I

The inmate alleges in his Appeal that the magazine did not contain nudity as the body is covered in a sheer garment. Additionally, the magazine contains serious artistic, literary, political or scientific value and cannot be denied.

### II

The inmate was dissatisfied with the First Level Response, stating that the magazine does not lack serious literary, artistic, political or scientific value and cannot be disallowed. Additionally, the inmate states that the CDC 1819 references five pages, but the First Level Response only refers to a picture of both male and female completely nude.

## DETERMINATION OF ISSUE

The California Code of Regulations (CCR), Title 15, Section 3006 (c) (17) (A), states, *"Sexually explicit material shall be defined as material that shows the frontal nudity of either gender, including the exposed female breast(s) and/or the genitalia of either gender."*

CCR, Title 15, Section 3006 (c) (1), states: *"Except as authorized by the institution head, inmates shall not possess or have under their control any matter which contains or concerns any of the following: (1) Any matter of a character tending to incite murder; arson; riot; or any form of violence or physical harm to any person, or any ethnic, gender, racial, religious, or other group."*

Supplement Page 2
ZARATE, C75553
Appeal # PBSP-D-06-01080

The May 2006 issue of Spanish *Maxim* magazine was reviewed at the Second Level of Review. On page 15 is a photograph of a group of men and women with frontal nudity. Page 62 through 65 is an article about Border Brother Immigrants rallying. The article contains photographs of men heavily tattooed indicative of gang membership and photographs depicting violence.

Based upon this review, a determination has been made that the magazines were appropriately disallowed due to the nature of their contents; therefore, the APPEAL IS DENIED.

MODIFICATION ORDER

No modification of this decision or action taken is required.

ROBERT A. HOREL
Warden

N.A.T # 01    Date 06/28/06

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

# DIRECTOR'S LEVEL APPEAL DECISION

Date: OCT 2 1 2006

In re:   Zarate, C-75553
Pelican Bay State Prison
P.O. Box 7000
Crescent City, CA 95531-7000

IAB Case No.: 0601401   Local Log No.: PBSP 06-01080

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner J. Burleson. All submitted documentation and supporting arguments of the parties have been considered.

I   APPELLANT'S ARGUMENT: It is the appellant's position that his Spanish Maxim, May 2006 issue, should have been given to him and not withheld. The appellant contends that the denial is a violation of the decision maker's authority. The appellant claims that the pages noted did not contain nudity as the bodies were covered with a shear garment. He maintains that his magazine has artistic, literary, political and scientific value and should therefore not have been denied. The appellant requests issuance of his magazine.

II   SECOND LEVEL'S DECISION: The reviewer found that the May 2006 issue of Spanish Maxim displays a picture exposing the entire front view of both male and female bodies completely nude in violation of California Code of Regulations, Title 15, Section (CCR) 3006(c)(17). The Second Level of Review also reviewed the magazine and found that on Pages 62 through 65 is an article about Border Brother Immigrants rallying. The article contains photographs of men heavily tattooed indicative of gang membership and photographs depicting violence. The withholding of the magazine was appropriate.

III   DIRECTOR'S LEVEL DECISION: Appeal is denied.

   A.   FINDINGS: The institution has established that the photo in question displayed full frontal nudity in violation of CDC policy. The institution has noted the criteria for not issuing the magazine and the reasons provided are sufficient to support the action taken. The appellant's arguments fail to focus on the rights of staff related to the prevention of a hostile work environment and the CDCR's obligation to become proactive in preventing such an environment. No action is warranted at the Director's Level of Review.

   B.   BASIS FOR THE DECISION:
California Penal Code Section: 2601
CCR: 3006, 3147

   C.   ORDER: No changes or modifications are required by the institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:   Warden, PBSP
      Appeals Coordinator, PBSP

# EXHIBIT D

## PROOF OF SERVICE BY MAIL

(C.C.P. section 101a #2015.5; 20 U.S.C. section 1746)

I, _MANUEL ZARATE_, am a resident of Pelican Bay State Prison, in the County of Del None, State of California. I am over eighteen (18) years of age and am a party to the below entitled action.

My Address is: P.O. Box 7500, Crescent City, CA 95531.

On the __6__ day of __FEB__, in the year of 20 __07__, I served the following documents: (set forth the exact title of documents served)

_STATE GOVERNMENT CLAIM_

on the party(s) listed below by placing a true copy(s) of said document, enclosed in a sealed envelope(s) with postage thereon fully paid, in the United states mail, in a deposit box so provided at Pelican Bay State Prison, Crescent City, CA 95531 and addressed as follows:

_CA. VICTIM COMPENSATION &_
_GOVERNMENT CLAIMS BOARD_
_P.O. BOX 3035_
_SACRAMENTO, CA._
_95812-3035_

I declare under penalty of perjury that the foregoing is true and correct.

Dated this __6__ day of __FEB.__, 20 __07__.

Signed: _Manuel Zarate_
(Declarant Signature)

Rev: 03/10/00

# California Prison Focus

2940 16th Street, Suite B5  •  San Francisco, CA  94103
Phone: (415) 252-9211  •  Fax: (415) 252-9311  •  www.prisons.org

---

**ATTORNEY CLIENT COMMUNICATION**
**CONFIDENTIAL**

Sent via U.S. Mail

February 12, 2005

RE:    SETTLEMENT OF CASTILLO V. ALAMEIDA

Dear Friend of CPF:

First, and foremost, thank you for your patience. I know all of you have been waiting anxiously for news about the settlement in *Castillo v. Alameida, Jr.* et al.[1], dealing with the Department's gang management policies.

The delay in getting this letter in your hands was due to an unanticipated wait for the presiding judge to sign the settlement agreement. With that final development, CPF is pleased to report on the terms of this important legal settlement resulting in major changes to CDC's gang management policies.

First, some acknowledgements are in order. The case was originally filed in 1994, thereby making it one of the longest running cases in the U.S. District Court for the Northern District of California. It was litigated by several lawyers including CPF attorney Charles Carbone, Esq.; Graham Noyles, Esq.; and Joy Kruse, Esq., of the firm Lieff Cabraser Heimann and Bernstein, LLP, who donated their attorney time on a pro bono basis. Lieff Cabraser deserves a lot of credit for its willingness to devote significant financial resources to a case that did not have much political support due to the public's misperceptions regarding SHU prisoners.

It is important to note that much of the laboring on the case was done by the Plaintiff, and SHU inmate, Steve Castillo who deserves significant credit for designing meaningful and winning claims. Steve Castillo is an excellent jailhouse lawyer who was willing to sacrifice some of his individual claims in order to achieve a favorable outcome for all SHU prisoners.

CPF also thanks the hundreds of individual SHU prisoners and their families for their efforts whether small or large in achieving this long-overdue relief for SHU prisoners. We know that many of you sent us legal documents and assisted with your ideas and input which were greatly valued.

With this appreciation in mind, here are the details of the case. The case was not a class action, although the First Amendment claims, and the relief provided for under the settlement has the same "dispositive" effect. In other words, despite not being a class action, the relief achieved through settlement is afforded to all SHU prisoners.

The case was originally brought under several legal theories, including: (1) a 4th amendment claim that SHU gang polices have a disproportionate effect on Hispanic inmates (due

---

[1] The case number is C-94-2847 MJJ, filed in the U.S. District Court for the Northern District of California before the Honorable Martin J. Jenkins

1

to the fact that 60% of SHU prisoners are Hispanic). (2) an 8th Amendment claim that long-term SHU confinement is cruel and unusual given that this issue was never fully resolved by *Madrid v. Gomez*. This claim was litigated on an individual basis that long-term confinement as applied to Steve Castillo was cruel and unusual. (3) a 1st Amendment claim under the "overbreadth" doctrine that the gang management policies are "vague" and "overbroad" in their capacity to capture or apply to behavior or activity that is protected by the rights of freedom of association and speech. And (4) a claim that Castillo's validation was done in retaliation for his jailhouse lawyering activities.

CDC, through its attorneys, filed no less than five motions to dismiss the case. After many hard fought legal battles, the remaining claims related to the retaliatory gang validation against Castille and the 1st Amendment "overbreadth" claims applied to all SHU prisoners. Bear in mind that, because the case was not litigated as a class action, no SHU prisoners are presently precluded or prohibited from litigating any of the dismissed claims on their own. In fact, no SHU prisoner is precluded from litigating any future claim included or excluded in Castillo's case. That's good news because any prisoner not satisfied with the outcome of the case or who desires to build upon the success of the case is free to pursue any claim which may overlap (or not) with the Castillo litigation.

By way of further background, it is necessary to understand one of the pivotal reasons settlement was pursued instead of trial. Several reasons suggested that settlement was a better option. The first and most prominent reason deals with the "overbreadth" doctrine which mandates that activity or associations that deserve the highest constitutional protection relate to what courts call "political speech". In other words, it was difficult to argue that SHU inmates deserve an absolute 1st Amendment right to communicate about ordinary events in communications that are later used in gang validations. Speech that is "political in nature" (e.g. two prisoners talking about political organizing or political discussions) is afforded greater constitutional protection. The inability to advance these stronger constitutional claims rested on the fact that most prison gang validations do not concern purely political speech — instead they deal with cultural images, or communications about the ordinary incidents of prison life.

With this in mind, here are some thoughts about what we learned about the validation process. First, we learned via deposition that "high ranking" CDC officials had a shamefully faulty understanding of the workings of their own poorly worded regulations. This weak understanding of CDC regulations by its officials was made worse by the obvious and serious consequences of the gang validation regulations, namely a minimum of six years in solitary confinement. CPF was disturbed by the varying, conflicting, and inaccurate understanding that CDC officials had of their own regulations. CDC offered as one explanation that turnover for IGI's was especially high among CDC employees. But CPF believes that CDC is ultimately responsible for not understanding its regulations which inflict enormous cruelty and unfairness on SHU prisoners.

In their abbreviated form, here are the exact types of relief from the settlement. The Department is required to amend Title 15 of the California Code of Regulations and the Department Operations Manual to reflect each of the changes set forth below:

(1) CDC is required to find that any SHU prisoner be an "active" gang member in prior to approving a prison gang validation;

(2) CDC is required to have an "articulable basis" (meaning something that includes reasonable facts) as to why a source item is indicative of gang activity. CDC is required to document this "articulable basis."

(3) Gang activity is defined as any illegal, unlawful, or criminal activity done in furtherance of the goals of a prison gang;

(4) Prior to approval of a validation, CDC is required to give the prisoner notice of the considered source items;

2



**California Prison Focus**
2940 16th Street, Suite B5 • San Francisco, CA 94103
Phone: (415) 252-9211 • Fax: (415) 252-9311 • www.prisons.org

# Help Other SHU Prisoners!

### Were you locked up in the Pelican Bay SHU for more than 6 months?

### Have you been out on the streets for less than three months?

If the answer to these questions is YES, or you know someone who could answer YES, please call CPF right away. Or write us before your release to make plans (see above address, ATTN: Corey).

CPF is doing a project that is checking out one of the possible harmful effects of long term SHU housing. We are taking one physical measurement on recently released Pelican Bay SHU prisoners.

The test is completely painless, absolutely safe and does not require blood or urine.

Project participants must have been released from the PBSP SHU within 3 months of being tested by CPF, and must have been housed in the SHU for at least 6 months just prior to release.

CPF will travel to you if you are in northern California, or make arrangements to visit southern California if a group of men can get together for the testing in LA. The test site is in San Francisco. Your local travel expenses to the test site will be paid by CPF. There is no other financial remuneration.

# CALL Corey Weinstein, MD at CPF 415-252-9211

(5)  Prior to approval of a validation, CDC is required to ask for and record (i.e. document) an inmate's views on the considered source items and forward the inmate's views to the validation decision makers;

(6)  CDC can no longer rely on confidential informants who provide nothing more than a name of a prisoner in connection to a prison gang.  Confidential informants must refer to specific acts that an inmate allegedly did in connection with a prison gang;

(7)  CDC can no longer rely on "hearsay" from confidential informants.  Informants must have personal knowledge of the confidential information disclosed;

(8)  CDC can no longer use one incident reported by several sources (confidential or otherwise) as multiple source items, and instead must count one incident, regardless of the number of sources, as one source item;

(9)  CDC must train all IGI's and LEIU staff on these new changes in a timely fashion;

(10)  CDC must consider developing a training and informational video for prisoners on gang diversion topics; and

(11)  These changes will not be "retroactive" but instead will apply to prisoners as they come up for their six years active/inactive review at which time CDC must deem the prisoner as an "active" gang member in order to affirm the validation.

The above provides a sketch of the exact terms afforded under the settlement.  For a fuller explanation of each terms, CPF directs prisoners to the prison's law library where CPF will make a copy of the settlement available.  CPF will also post the settlement on our web site – www.prisons.org – so your family members or loved ones can download the settlement and send it to you.

CPF anticipates that not everyone will be completely satisfied with the settlement because neither are we.  If truly implemented by CDC, the settlement will, however, bring some long over-due fairness and equity into what CPF has long perceived to be an inherently unfair system that keeps people locked up indefinitely in SHU.  CPF's mission remains the closing of all SHU units in California.  Until that day comes, we must fight for greater fairness and justice in how CDC uses these punishment units.

In closing, CPF stands in solidarity with the overall struggle of SHU prisoners and we will not give up until your human rights are respected.

In support,

Charles Carbone, Esq.
On behalf of CPF

**Turn this page over for more important information**





STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Manuel O Zarate C75553
PO Box 7500
Crescent City, CA  92553

<April 25, 2007>

RE:  Claim G566089 for Manuel O Zarate, C75553

Dear Manuel Zarate,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on
April 19, 2007.

If you have questions about this matter, please mention letter reference 123 and claim number G566089 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,

Linda Paluda,  Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Warning
Subject to certain exceptions, you have only six months from the date this notice was personally delivered or
deposited in the mail to file a court action on this claim.  See Government Code Section 945.6.  You may seek
the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you
should do so immediately.  PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR PROPER
SERVICE OF SUMMONS AND COMPLAINT.

Ltr 123 Claim Rejection

STATE OF CALIFORNIA
ADMINISTRATIVE SEGREGATION UNIT PLACEMENT NOTICE
CDC 114-D (Rev 10/98)

DEPARTMENT OF CORRECTIONS

DISTRIBUTION:
WHITE   CENTRAL FILE          CANARY      WARDEN
BLUE    INMATE (2ND COPY)     PINK HEALTH CARE MGR
GREEN   ASU                   GOLDENROD   INMATE (1ST COPY)

| INMATES NAME | CDC-NUMBER |
|---|---|
| ZARATE, MANUAL | C-75553 |

## REASON(S) FOR PLACEMENT (*PART A*)

[X] PRESENTS AN IMMEDIATE THREAT TO THE SAFETY OF SELF OR OTHERS
[ ] JEOPARDIZES INTEGRITY OF AN INVESTIGATION OF ALLEGED SERIOUS MISCONDUCT OR CRIMINAL ACTIVITY
[X] ENDANGERS INSTITUTION SECURITY      [ ] UPON RELEASE FROM SEGREGATION, NO BED AVAILABLE IN GENERAL POPULATION

DESCRIPTION OF CIRCUMSTANCES WHICH SUPPORT THE REASON(S) FOR PLACEMENT

You are currently housed in SHU on an Indeterminate SHU term as a result of your validation as an Associate of the MEXICAN MAFIA (EME) prison gang. The information relied upon in your validation is documented on CDC 128B-2 dated 8-23-06, and a CDC 812-A updated by PBSP IGI on 5-29-07. Based upon the aforementioned you are deemed to represent a threat to the safety of others and institutional security if you were released to the General Population at this time. You are scheduled to appear before Committee for a 114D Annual review. Confidential information was previously disclosed via CDC 1030s.

| [ ] CONTINUED ON ATTACHED PAGE (CHECK IF ADDITIONAL) | IF CONFIDENTIAL INFORMATION USED, DATE OF DISCLOSURE: | See above |
|---|---|---|

| DATE OF ASU PLACEMENT | SEGREGATION AUTHORITY'S PRINTED NAME | SIGNATURE | TITLE |
|---|---|---|---|
| | R. TUPY | | Lieutenant |

| DATE NOTICE SERVED | TIME SERVED | PRINTED NAME OF STAFF SERVING ASU PLACEMENT NOTICE | SIGNATURE | STAFF'S TITLE |
|---|---|---|---|---|
| 6-1-C | 0930 | W. BARNTS | | CCI |

[ ] INMATE REFUSED TO SIGN      INMATE SIGNATURE      CDC NUMBER

## ADMINISTRATIVE REVIEW (*PART B*)

*The following to be completed during the initial administrative review by Captain or higher by the first working day following placement*

| STAFF ASSISTANT (SA) | | | INVESTIGATIVE EMPLOYEE (IE) | |
|---|---|---|---|---|
| STAFF ASSISTANT NAME N/A | TITLE | | INVESTIGATIVE EMPLOYEES NAME N/A | TITLE |

IS THIS INMATE:

| | | | | | |
|---|---|---|---|---|---|
| LITERATE? | [X] YES | [ ] NO | EVIDENCE COLLECTION BY IE UNNECESSARY | [X] YES | [ ] NO |
| FLUENT IN ENGLISH? | [X] YES | [ ] NO | DECLINED ANY INVESTIGATIVE EMPLOYEE | [ ] YES | [ ] NO |
| ABLE TO COMPREHEND ISSUES? | [X] YES | [ ] NO | ASU PLACEMENT IS FOR DISCIPLINARY REASONS | [ ] YES | [ ] NO |
| FREE OF MENTAL HEALTH SERVICES DELIVERY SYSTEM NEEDS? | [X] YES | [ ] NO | DECLINED 1ST INVESTIGATIVE EMPLOYEE ASSIGNED | [ ] YES | [ ] NO |
| DECLINING FIRST STAFF ASSISTANT ASSIGNED? | [ ] YES | [ ] NO | | | |

Any "NO" requires SA assignment          Any "NO" may require IE assignment

[X] NOT ASSIGNED                    [X] NOT ASSIGNED

## INMATE WAIVERS

[ ] INMATE WAIVES OR DECLINES INTERVIEW WITH ADMINISTRATIVE REVIEWER      [ ] INMATE WAIVES RIGHT TO 72 HOURS PREPARATION TIME

[ ] NO WITNESSES REQUESTED BY INMATE      INMATE SIGNATURE      DATE

## WITNESSES REQUESTED FOR HEARING

| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC UMBER |
|---|---|---|---|
| WITNESS' NAME | TITLE/CDC NUMBER | WITNESS' NAME | TITLE/CDC NUMBER |

DECISION:  [ ] RELEASE TO UNIT/FACILITY      [ ] RETAIN PENDING ICC REVIEW      [ ] DOUBLE CELL      [ ] SINGLE CELL PENDING ICC

REASON FOR DECISION:

| ADMINISTRATIVE REVIEWER'S PRINTED NAME | TITLE | DATE OF REVIEW | TIME | ADMINISTRATIVE REVIEWER'S SIGNATURE |
|---|---|---|---|---|
| CORRECTIONAL ADMINISTRATOR'S PRINTED NAME | | CORRECTIONAL ADMINISTRATOR'S CO-SIGNATURE | | DATE OF REVIEW |

See Chronological Classification Review document (CDC 128-G) for specific hearing information

STATE OF CALIFORNIA                                                      DEPARTMENT OF CORRECTIONS

# NOTICE OF CRITICAL INFORMATION - PRISON GANG IDENTIFICATION
CDC 812-A (9/92)

This non-confidential form is used to identify primary source documents in the central file which establish and inmate/parolee's current status relative to prison gang activity/association. The identification process is initiated by completing a form CDC 812 and forwarding it to the Gang Coordinator/Investigator. The Gang Coordinator/Investigator will then complete or supervise the completion of form CDC 812-A and signify to its accuracy by printing name and signing. A CDC 128-B which delineates gang activity/association shall be completed per the CDC operations Manual

## SUPPORTING INFORMATION

Documents shall be identified by date and type such as memorandum, probation report, parole report, incident report, police report, chrono

| | | | |
|---|---|---|---|
| A. | SELF ADMISSION | B. TATTOOS AND SYMBOLS | CDC 128B dated 9-8-05 ✓ |
| C. | WRITTEN MATERIAL  CM dated 6-2-03 ✓ | D. PHOTOGRAPHS | |
| E. | STAFF INFORMATION | F. OTHER AGENCIES | |
| G. | ASSOCIATION | H. INFORMANTS (REASON FOR RELIABILITY MUST BE SPECIFIED)  CMs dated 10-13-87, 8-15-89, and 9-30-92 ✓ | |
| I. | OFFENSES(GANG RELATED) | | |
| J. | LEGAL DOCUMENTS | | |
| K. | VISITORS | | |
| L. | COMMUNICATIONS (MAIL/NOTES) | | |
| M. | DEBRIEFING REPORTS | | |

ADDITIONAL DOCUMENTS AND COMMENTS

## GANG COORDINATOR/INVESTIGATOR

| PRINT NAME OF PRISON GANG AND CURRENT STATUS: MEMBER/ASSOCIATE/ DROPOUT/ NONE OR SAFETY CONCERNS | PRINT NAME AND SIGN | TITLE | INSTITUTION/ REGION | DATE |
|---|---|---|---|---|
| MEXICAN MAFIA (EME)  Associate | G. Stewart | IGI(A) | PBSP | 6-15-06 |
| Mexican Mafia (EME)  Associate | D. Rakestraw | Corr. Lt (A)  IGI (A) | PBSP | 5-29-07 |
| | | | | |
| | | | | |

| CDC NUMBER  C-75553 | INMATE/PAROLEE'S NAME  ZARATE, Manuel | | PAGE 1 OF 1 |
|---|---|---|---|

# CIVIL COVER SHEET ORIGINAL

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS
Manuel Zarate

## DEFENDANTS
James Tilton, et al.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Del Norte
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
In Pro Per
Pelican Bay State Prison, P.O. Box 7500, Crescent City, CA 95532

ATTORNEYS (IF KNOWN)
Michael J. Quinn
Deputy Attorney General, 455 Golden Gate Ave, Suite 11000, San Francisco, CA
94118, 415-703-5726

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties in
Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR  PLAINTIFF
(For diversity cases only)                AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transfered from
Another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from Magistrate
Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl Veteran)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury Med Malpractice<br>☐ 365 Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br><br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth In Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 620 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 690 Other Statutory Actions |
| | | | **LABOR** | **SOCIAL SECURITY** | |
| | | | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt Relations<br>☐ 730 Labor/Mgmt Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl.Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 Amer w/ disab - Empl<br>☒ 446 Amer w/ disab - Other | ☐ 510 Motion to Vacate Sentence Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☒ 550 Civil Rights<br>☐ 555 Prison Condition | | ☐ 870 Taxes (US Plaintiff or Defendant<br>☐ 871 IRS - Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Plaintiff, an inmate at Pelican Bay State Prison, alleges violations of the First, Eighth, and Fourteenth Amendments to the U.S. Constitution. Among other things, Plaintiff challenges his revalidation as an Associate in the Mexican Mafia prison gang.

## VII. REQUESTED IN COMPLAINT:   ☐ CHECK IF THIS IS A CLASS ACTION     DEMAND $     CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23                                      JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S)   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
IF ANY                   "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)         ☒ SAN FRANCISCO/OAKLAND         ☐ SAN JOSE

| DATE | SIGNATURE OF ATTORNEY OF RECORD | |
|---|---|---|
| 8/13/08 | | LexisNexis® Automated California Federal District Court Form |