UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL ZARATE, | No. C 08-3896 SI (pr) |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| JAMES TILTON, et al., | |
| Defendants. | |

On February 9, 2009, the court issued an Order Dismissing Federal Claims And Remanding Case To State Court (the "dismissal order"). The case file was sent to state court the next day. On February 23, 2009, Zarate moved for reconsideration of the dismissal order. Docket # 14. Due to an oversight at the courthouse – possibly a result of the case having been remanded to state court -- the motion was not marked as a document in need of a decision. The court became aware of the existence of the undecided motion due to a recent notice of change of address filed by Zarate in this long-closed case.

In his motion for reconsideration, Zarate argues that he should have been given leave to amend his complaint. He states that he could have filed a "curative amendment" that would have "stated that new regulations extended SHU release reviews from one year to six years." Docket # 4, p. 2. He urges that the change means that he will be subjected to an atypical hardship in that the new regulations will result in more time between inactivity reviews, and that this will adversely affect his eligibility for parole and prolong his incarceration, thereby violating his rights under the Ex Post Facto Clause. *See id.*

Zarate's arguments are unpersuasive. As explained at pages 5-6 of the dismissal order, there was no imposition of a restraint that imposed an atypical and significant hardship as required by *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Zarate's proposed amendment doesn't alter that conclusion. And, regardless of the alleged change in frequency of the inactivity reviews, the impact that a disciplinary decision or an administrative decision in prison will have on an inmate's parole consideration does not establish an inevitable effect on the duration of the inmate's sentence. *See id.* at 487. The alleged increase in the number of years between inactivity reviews also does not affect the Ex Post Facto analysis at page 7 of the dismissal order.

The deficiencies in the complaint that the court identified in the dismissal order were of the sort that could not be cured by amendment. The court need not grant leave to amend a pleading when it would be futile. Plaintiff's motion for reconsideration of the dismissal order therefore is DENIED. (Docket # 14.)

IT IS SO ORDERED.

Dated: October 19, 2012

_____
SUSAN ILLSTON
United States District Judge

2